**Jonathan Silver**
*Attorney at Law*

*of Counsel*
Stephen J. Fein
Jennifer Beinert
Paul C. Kerson

*Crossroad Tower*
80-02 Kew Gardens Road, Suite #316, Kew Gardens, NY. 11415
(718) 520-1010
Fax No. (718) 575-9842
juanplata@aol.com

April 5, 2019

Magistrate Judge Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: **Gursewak Singh v Lintech Electric Inc., et al**
          United States District Court EDNY Index No: 18-5780

Dear Magistrate Gold:

    This letter is being filed at the direction of the Court concerning unresolved discovery disputes in the above matter.

    At our initial Court appearance, Counsel for the defendant related that the defendant was not really plaintiff's employer but was fronting for another company as that other company was not authorized to do business with the NYCHA.

    Plaintiff presented in his Initial Disclosure copies of W2s for 2015-2017 with gross wages totaling approximately $94,000.00 issued by defendants. See Attachment A.

    Including some 300 pages of records sent by counsel to this office by email yesterday as a supplemental disclosure, defendant has only provided a multitude of payroll records all showing that plaintiff worked at various NYCHA projects for defendants. However, defendants have only provided 2 wage stubs for the plaintiff (Attachment B), did not produce a single check issued to plaintiff (plaintiff claims he was only paid in cash), and did not provide copies of Federal 941 and NYS 45 forms which should show plaintiff's income as reported by defendants to the tax authorities.

As defendants claimed some other parties were plaintiff's actual employer, plaintiff requested defendants to provide documents and communications with the other parties with whom it conducted NYCHA business to evidence this arrangement, to also provide defendant's contractual agreements concerning NYCHA work.

Initially, it was represented by defendants that they had only worked at 4 NYCHA projects and those are the only locations where the plaintiff worked. However, a review of the records provided last night confirm that plaintiff worked at no less that 18 different NYCHA projects. Attachment C is a series of payroll records, one from each project (placed in alphabetical order by project site) each showing defendant as plaintiff's employer.

Plaintiff in this lawsuit alleged that he worked for defendants "...from approximately late October/early November 2014 until middle of September 2018." Complaint, paragraph 8.

Even though defendants produced payroll records from 2018 (Attachment D), they have not produced any W2 or 941 or NYS45 for 2018. Plaintiff advises that he never received a W2 for 2018.

Not a single document has been provided by the defendants to produce documents evidencing what work they did for NYCHA whether that be established a contract, any correspondence, email, etc.

It is as if defendants have worked at these projects and do not have a single document other than payroll records.

The defendant's claimed "arrangement" to front as plaintiff's employer for another company, ignoring all the documents demonstrating otherwise, has not been supported by any documents or communications at all.

As the Court will be reminded, an issue was raised as to whether plaintiff should add other parties to the action based on statements made concerning the "arrangement."

It would be guesswork at this time on the part of the plaintiff to just add other parties having been provided with no supporting documentation to establish any basis to claim them to be plaintiff's employers.

Most importantly, defendants' compliance with the discovery requests made so far are wholly inadequate.

Having been given several opportunities to supplement the discovery provided, and considering the continued failure of the defendants to comply with the requests made, it is apparent that defendants have been acting in a wilful manner to attempt to hide and prevent effective discovery from occurring.

Plaintiff seeks from the Court a directive granting sanctions against the defendants including a directive that their answer be stricken and that plaintiff be granted an Inquest on damages or, as an alternative, that defendants be precluded from using for any purpose whether now or at the time of trial any document or other evidence they have not provided so far.

As an alternative, plaintiff seeks leave as necessary to make a motion to seek the above relief or other relief as the Court will deem just and proper.

Respectfully submitted,

JONATHAN SILVER

JS/eb
attachments