# LEVIN-EPSTEIN & ASSOCIATES, P.C.
_____

One Penn Plaza • Suite 2527 • New York, NY 10119
T: 212.792-0046
E: Joshua@levinepstein.com

April 12, 2019

<u>*Via Electronic Filing*</u>
The Honorable Magistrate Judge Steven M. Gold
U.S. District Court Eastern District of New York
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Singh v. Lintech Electric, Inc. et al*
            **Case No.: 1:18-cv-05780-FB-SMGJO**

Dear Honorable Magistrate Judge Gold:

      This law firm represents Defendants Lintech Electric, Inc. (the "**Company**"), and Linden J. Tudor (together, the "**Defendants**") in the above-referenced action.

      Pursuant to Rule 1(A) of Your Honor's Individual Motion Practices and Local Civil Rule 37.3(c), this letter respectfully serves as a response to Plaintiff's April 5, 2019 letter.

      Respectfully, Plaintiff's April 5, 2019 letter is replete with replete with inaccuracies that require attention.

      By way of background, this case presents a troubling fact pattern involving an individual who claims to have worked eleven-hours per day days, six-to-seven days per week, for nearly four years. *See* Compl. at ¶ 8. What is more troubling, Plaintiff alleges that he was paid "in cash" and worked "Saturdays and on Sundays" throughout the relevant period. *Id*.

      As discussed in the January 30, 2019 initial case conference before Your Honor, Plaintiff's allegations are simply not credible, and are refuted by substantial evidence. During the relevant period, Plaintiff signed weekly time records, acknowledging his: (i) regular hours worked; and (ii) overtime hours worked; and was issued paystubs containing information regarding his: (iii) regular hourly rate; (iv) overtime rate; (v) weekly hours; (vi) withholdings; (vii) net wages; and (viii) pay period. The records show that Plaintiff worked for Defendants on a part-time basis, two-to-three days per week (at most), for which he was adequately compensated. These records contradict Plaintiff's allegations that Defendants were Plaintiff's actual alleged employer.

      On January 30, 2019, Your Honor directed "Defendants [to] promptly produce information about the entity they contend was plaintiff's actual employer, together with any documents readily available that corroborate that contention."

      These documents were made available to Plaintiff's counsel at the outset of the litigation, and were supplemented over the course of fact discovery. To date, Defendants have produced over 330 documents to provide Plaintiff with sufficient information to amend his Complaint, and plead the necessary parties in this action. The payroll and time records show that Plaintiff's engagement with Defendants was limited to part-time services performed in connection with NYCHA projects. Defendants explained that Plaintiff's actual employer was a bridge contracting company – Talico Contracting Inc. – who serves as a subcontractor alongside Lintech Electric Inc. for any non-NYCHA projects.

      Plaintiff's counsel was made aware, multiple times, that Defendants are not in possession of any further responsive documents.

      In light of the foregoing, Defendant respectfully requests that Plaintiff's Motion to Compel be denied, with prejudice.

Lastly, Defendants respectfully turn to the Court to compel Plaintiff to remedy certain deficiencies contained in his responses & objections to Defendants' discovery requests.

### **Plaintiff's Failure to Verify Responses to Defendants First Set of Interrogatories**

Defendants respectfully request that this Court compel Plaintiff verify his response to Defendants' First Set of Interrogatories, dated December 20, 2018.

Plaintiff's responses to Defendants' First Set of Interrogatories (annexed hereto as Exhibit "A") is incomplete as it is not verified. Fed. R. Civ. P. 33(b)(5) requires that answers to interrogatories be signed by "the person who makes the answers." *Allstate Ins. Co. v. A & F Med. P. C.*, 2017 WL 2445185, at *2 (E.D.N.Y. 2017). Plaintiff must therefore verify the accuracy of his interrogatory responses.

### **Plaintiff's General Objections are Patently Improper and Must be Stricken**

As this Court is no doubt aware, under Fed. R. Civ. P. 34 it is patently improper to assert general objections to discovery demands. By incorporating each of his general objections into the response of each of Defendants' specific requests, Plaintiff has violated both Fed. R. Civ. P. 34(b)(2)(B) and 34(b)(2)(C). *See Fischer v. Forrest*, 2017 WL 773694, at *3 (S.D.N.Y. 2017); *see also Carl v. Edwards*, 2017 WL 4271443, at *4 (E.D.N.Y. 2017). *See* Exhibit "A", *see also* Plaintiff's Responses & Objections to Defendants' Document Requests annexed hereto as Exhibit "B". By applying general objections to each of Defendants' specific requests, Plaintiff has violated Fed. R. Civ. P. 24, and his objections may be deemed to be waived. *See Carl v. Edwards*, at *4.

Notwithstanding the foregoing, Plaintiff's general objection on the basis that Defendants' request violates a privilege is patently improper. Pursuant to Fed. R. Civ. P. 26(b)(5)(A), when a party withholds discoverable information by the assertion of privilege, the party must "describe the nature of the documents, communications, or tangible things not produced or disclosed, and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." This process, is most commonly known as the creation of "privilege log." Likewise, Local Rule 26.2 directs that parties asserting privilege shall disclose the type of document, general subject matter of the document, date, and any other information "sufficient to identify the document for a subpoena duces tecum, including ... the author of the document, the addressees of the document ... and the relationship of the author, addressees, and recipients to each other." Local Civil Rule 26.2. *Lopez v. City of New York*, 2007 WL 869590, at *3 (E.D.N.Y. 2007). Plaintiff has failed to meet his obligations under Fed. R. Civ. P. 26(b)(5)(A) and Local Civil Rule 26.2, and as a result, once again violates the Federal Discovery Rules.

In light of the foregoing, Defendants respectfully request that Plaintiff be compelled to remedy the deficiencies outlined above, and requests that Plaintiff's Motion to Compel be denied, with prejudice.

Thank you, in advance, for your time and attention.

              Respectfully submitted,

              LEVIN-EPSTEIN & ASSOCIATES, P.C.

           By: /s/ Jason Mizrahi
              Jason Mizrahi
              1 Penn Plaza, Suite 2527
              New York, New York 10119
              Tel. No.:  (212) 792-0048
              Email: Jason@levinepstein.com
              *Attorneys for Defendants*