*Jonathan Silver*
*Attorney at Law*

of Counsel
Stephen J. Fein
Jennifer Beinert
Paul C. Kerson

*Crossroad Tower*
*80-02 Kew Gardens Road, Suite #316, Kew Gardens, N.Y. 11415*
*(718) 520-1010*
*Fax No. (718) 575-9842*
*juanplata@aol.com*

April 18, 2019

Magistrate Judge Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: **Gursewak Singh v Lintech Electric Inc., et al**
           United States District Court EDNY Index No: 18-5780

Dear Magistrate Gold:

This letter will respond to the letter from defendants' counsel dated April 12, 2019.

Despite the claim of defendants that they were merely fronting as plaintiff's employer, they issued to him W2s totaling more than $94,000.00. In disclosure defendants have only produced two (2) wage stubs, no checks, no 941 or NYS-45 forms.

The question is whether defendants are withholding documents that would evidence claimed payments made to plaintiff and/or have issued false and misleading W2s and presumably filed same with the tax authorities.

Assuming arguendo that there was some "arrangement" between the defendant and Talico Contracting Inc. for defendants to "front" as employer and to issue false W2s one would think that there exists at least some documents or communications evidencing this "arrangement" but not one single document has been produced by defendants although demanded.

As defendants dispute the plaintiff's claims that he was paid in cash you would think defendants could produce documents evidencing at least some payments made to him otherwise. Again, two wage stubs (one in 2018 during a year no W2 was issued to plaintiff by defendants) are all that has been provided. Not one single check issued, not one single check cashed.

Not one single document or communication has been produced to evidence any contract etc. under which defendants or Talico has been doing work for NYCHA.

Frankly, this office cannot rely on mere representations of defendants or their counsel that Talico is a proper party.

In one of our more recent conversations counsel has asked me to send to him a settlement demand so that he could "…share it with other parties who will have to contribute to any settlement" which can only make me wonder what "arrangement" actually existed.

It is apparent that the defendants failure to provide disclosure as requested is deliberate and intended to thwart plaintiff's effective prosecution of his claims and that should not be accepted or be acceptable.

As to defendants' counsel request that the Response to Interrogatories be verified, that will be done and sent to counsel long before the May 16 appearance.

Since counsel does not identify any particular discovery request that he claims has not been responded to that should have been responded to but simply complains that general objections were

raised, there are no substantive disputes he has presented that can be responded to or resolved.

Finally, defendants' counsel has never made any effort to contact the undersigned to meet or to confer on whatever concerns he may have about the discovery responses received from plaintiff. That is in violation of Local Rules. Plaintiff is left only to guess what disputes or concerns defendants claim are at issue.

Copies of defendants responses to plaintiffs Interrogatories and two separate Requests for Documents are annexed as Attachment A. The court should note the repetitive and boilerplate general objections to each item.

Respectfully submitted,

JONATHAN SILVER

JS/eb