**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

GURSEWAK SINGH                                         Case No.: 1:18-cv-05780

                              Plaintiff,

        -against-

LINTECH ELECTRIC, INC., LINDEN J. TUDOR

                              Defendants.

------------------------------------------------------------X

## DEFENDANTS RESPONSES AND OBJECTIONS TO PLAINTIFF'S
## FIRST SET OF INTERROGATORIES

Defendants LINTECH ELECTRIC, INC. and LINDEN J. TUDOR (together, the

"**Defendants**"), by and through its undersigned attorneys, as and for his responses to Plaintiff

Gursewak Singh's (the "**Plaintiff**") First Set of Interrogatories, respond as follows:

These responses are made solely in relation to the above-captioned action, and are

proffered only for the purpose of responding to the Plaintiff's Request. All responses are subject

to the objections noted below. Defendants reserve the right to object on any ground to 1) the

admissibility or use of any information provided herein in any subsequent stage or proceeding in

this or any other action; and 2) any other discovery procedure relating to the subject matter of this

Request. Additionally, these responses are given without prejudice to Defendants' right to produce

at a later date and/or rely at trial upon information that is subsequently discovered or inadvertently

omitted.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1:**       Identify any properties owned, managed
and/or operated by the NEW YORK CITY HOUSING AUTHORITY (NYCHA) where
you performed any work, labor or services during the period of time October 1, 2014 to
date.

**RESPONSE:**  The "Bland Houses" development project, the "Atlantic Terminal"
development project, the "Shelton Houses" development project, and the "Breukelin

Houses" development project. Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within their possession, custody, or control and capable of being ascertained with reasonable diligence.

**INTERROGATORY NO. 2:**      Identify which of the following documents and records you either prepared or received from any other party or entity concerning such work, labor or services:

A.  sign in or sign out sheets;
B.  payroll reports or payroll records whether certified or otherwise.
C.  Affidavits of Subcontractor or Material Vendor;
D.  Certificates of Subcontractor Under Section 220-A of Labor Law
E.  Monthly Equal Opportunity Contractor Reports

**RESPONSE**: Defendants refer Plaintiff to documents produced simultaneously herewith.

**INTERROGATORY NO. 3:**      Was the plaintiff ever employed by the defendants and if so then describe the periods of time since October 1, 2014 during which such employment occurred and describe the type and manner of work he performed and at what location(s).

**RESPONSE**: No.

**INTERROGATORY NO. 4:**      Attached hereto are W2 statements indicating plaintiff was employed by the defendants during calendar years 2015, 2016 and 2017. Was plaintiff employed by defendants during calendar years 2015, 2016 and 2017? If so, for that period of time indicate at what locations he worked, what work he performed, what his title or job classification was, what was his rates of pay, what was his work days, what hours during each of those work days he worked, what was the name of the party or entity that hired you to work at that locations, what was the name of the party or entity that owned those locations.

**RESPONSE**: No.

**INTERROGATORY NO. 5:**      As to any other period of time since October 1, 2016 to date other than the calendar years 2015, 2016 and 2017, provide the same information requested in Interrogatory 5 above.

**RESPONSE**: See response to Interrogatory No. 4.

**INTERROGATORY NO. 6:**      When payments were made to plaintiff for any work he performed for defendants which of the following items of information was be provided with: the dates he worked, the rate or rates of his pay and basis thereof, whether he was being paid by the hour, shift, day, week, salary, piece, commission, or otherwise,

his regular hourly rate or rates of pay; his overtime rate or rates of pay; the number of regular hours he worked, the number of overtime hours he worked. If he was provided any of that information identify how and by what means he was provided that information and identify any documents prepared that provided that information

**RESPONSE**: He was given oral notices and written payroll records. Defendants refer Plaintiff to documents produced simultaneously herewith.

     **INTERROGATORY NO. 7:**     Identify any witnesses you know of or who you will call at the time of trial who have information about what work plaintiff performed, where he performed such work and/or his work schedule.

**RESPONSE**:  Linden J. Tudor.
             Dion "Doe"
             Gursewak Singh

     **INTERROGATORY NO. 8:**     Describe and identify the method and manner you used and any records or other documents you prepared and/or submitted to the NYCHA or any other entity on its behalf evidencing the name, dates of work, hours of work, job title or description of any person who worked at any properties owned, managed and/or operated by the NEW YORK CITY HOUSING AUTHORITY (NYCHA) where you performed any work, labor or services during the period of time March 2012 until the end of August 2015.

**RESPONSE**: Defendants maintained contractor daily sign-in sheets for NYCHA projects. Defendants also maintained US DOL WHD Payroll records. Defendants refer Plaintiff to documents produced simultaneously herewith.

     **INTERROGATORY NO. 9:**     Identify all individuals, including the name, last known address and last known employment position, who participated in the process of calculating and or paying plaintiff for work he performed.

**RESPONSE**:   Linden J. Tudor.
             Attn: Levin-Epstein & Associates
             1 Penn Plaza, Suite 2527
             New York, New York 10119

     **INTERROGATORY NO. 10:**     Describe the defendants' methods of keeping employee records of work dates, work hours and pay.

**RESPONSE**: Defendants maintained contractor daily sign-in sheets. Defendants also maintained US DOL WHD Payroll records. Defendants refer Plaintiff to documents produced simultaneously herewith.

**INTERROGATORY NO. 11:**     Identify the name and address of any person who performed any bookkeeping or accounting activity for you during the period of time October 1, 2014 to date including but not limited to preparing and maintaining books and records, employee records, tax returns, withholding of taxes, filings with New York State or the IRS. For each such individual describe what that person or entity did and during what period of time.

**RESPONSE**: Defendants objects to this Interrogatory on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Interrogatory on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

**INTERROGATORY NO. 12:**     Describe what records you prepared and what records you have maintained with respect to the employment of the plaintiff including but not limited to the following: payroll records, IRS forms W-9, time records or sheets including time or "punch" cards, W-2 forms, employment applications, including Forms N.S.-45 and Form 941, IRS withholding declarations and/or any other employee records required to be prepared, filed or maintained by law and/or in fact prepared, filed or maintained.

**RESPONSE**: Defendants maintained contractor daily sign-in sheets. Defendants also maintained US DOL WHD Payroll records. Defendants refer Plaintiff to documents produced simultaneously herewith.

**INTERROGATORY NO. 13:**     What were the procedures used by which you recorded or determined the beginning and end of plaintiff's work hours?

**RESPONSE**: Defendants maintained contractor daily sign-in sheets. Defendants also maintained US DOL WHD Payroll records. Defendants refer Plaintiff to documents produced simultaneously herewith.

**INTERROGATORY NO. 14:**     Were you required to make payment of wages at prevailing rates for your employees who worked at NYCHA locations during the period October 1, 29014?

**RESPONSE**: Defendants object to this Interrogatory on the ground that the term "required to make payment" is vague and ambiguous.

**INTERROGATORY NO. 15:**      If so, was plaintiff ever paid prevailing wages for his work? If the answer is yes, indicate what work he performed, what locations, what days and what hours he worked, what his title or job description was, whether he was paid supplemental benefits or any other fringe benefits, what his rate of pay was for such work. Identify any documents that evidence any of that information or any of those payments.

**RESPONSE**: Defendants refer to the response Interrogatory No. 14.

**INTERROGATORY NO. 16:**      Was plaintiff ever paid in cash and if so, when were such payments made, by whom, for what work at what location and during what period of time. Identify any documents that evidence any of that information or any of those payment.

**RESPONSE**: No.

**INTERROGATORY NO. 17:**      Identify by name, position, address and phone number all witnesses you propose to call to trial.

**RESPONSE**:  Linden J. Tudor.
            Dion "Doe"
            Gursewak Singh

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within their possession, custody, or control and capable of being ascertained with reasonable diligence.

**INTERROGATORY NO. 18:**      Identify all exhibits you propose to introduce at trial and describe for what purpose each will be offered.

**RESPONSE**: Defendants refer Plaintiff to documents produced simultaneously herewith.

Dated: New York, New York
       February 28, 2019

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: /s/ Joshua Levin-Epstein,
     Joshua D. Levin-Epstein
     1 Penn Plaza, Suite 2527
     New York, New York 10119
     Tel.:  (212) 792-0046
     Fax No.:  (212) 561-7108
     Email: Joshua@levinepstein.com
     *Attorneys for Defendants*

To:     JONATHAN SILVER ESQ
          80-02 Kew Gardens Road, Suite 316
          Kew Gardens, New York 11415
          (718) 520-101
          *Attorney for Plaintiff*

## VERIFICATION

**STATE OF NEW YORK**     )
                             ) ss:
**COUNTY OF** _Kings_ )

     I, _Linden J. Tudor_ being duly sworn, depose and say that I am the _President_ of Lintech Electric Inc.., the Defendant in the above-captioned action, I have read the foregoing Responses and Objections to Plaintiff's First Set of Interrogatories herein, and all the contents thereof are true to my knowledge, except matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

Sworn to before me this
_April_ day of March, 2019

_____
Notary Public

CHRISTINE [illegible]
Notary Public, State of [illegible]
No. 01HO51[illegible]
Qualified in Kings [illegible]
Term Expires May 4 [illegible]
06/00/2019

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

   GURSEWAK SINGH                                    Case No.: 1:18-cv-05780
                 Plaintiff,

      -against-

LINTECH ELECTRIC, INC., LINDEN J. TUDOR

             Defendants.
-------------------------------------------------------------------X

### DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S
### FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

     Defendants LINTECH ELECTRIC, INC. and LINDEN J. TUDOR (together, the
**"Defendants"**), by and through its undersigned attorneys, as and for his responses to Plaintiff
Gursewak Singh's (the **"Plaintiff"**) First Request for the Production of Documents, respond as
follows:

     These responses are made solely in relation to the above-captioned action, and are
proffered only for the purpose of responding to the Plaintiff's Request. All responses are subject
to the objections noted below. Defendants reserve the right to object on any ground to (1) the
admissibility or use of any information provided herein in any subsequent stage or proceeding in
this or any other action; and (2) any other discovery procedure relating to the subject matter of this
Request. Additionally, these responses are given without prejudice to Defendants' right to produce
at a later date and/or rely at trial upon information that is subsequently discovered or inadvertently
omitted.

### RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

    **DOCUMENT REQUEST NO. 1:**    Any documents evidencing payment by any party
other than you during the period October 1, 2014 to date to either plaintiff or to any third party
on his behalf of wages.

**RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 2:**   W2 or 1099 statements prepared or issued with regard to any wages or other payments made by any party other than you to plaintiff during the period October 1, 2014 to date.

**RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 3:**   Copies of any contracts, agreements or other documents setting forth the terms and conditions under which any COMPANY OR ENTITY THAT EMPLOYED THE PLAINTIFF during October 1, 2014 to October 1, 2018 at any of the following

NEW YORK CITY HOUSING AUTHORITY is referred in this request as: (NYCHA). locations:

2215 First Avenue
New York, NY

2205 First Avenue
New York, NY

2105 Second Avenue
New York, NY

205 East 112$^{III}$ Street
New York, NY


Thomas Jefferson Houses

(NYCHA) Smith Houses (NYCHA)

1844 Lexington Avenue
New York, NY

130 Lexington Avenue
New York, NY

1840 Lexington Avenue
New York, NY

1850 Lexington Avenue
New York, NY

130 East 115$^{III}$ Street
New York, NY

1591 Park Avenue
New York, NY

1581 Park Avenue
New York, NY

1565 Park Avenue
New York, NY

1830 Lexington Avenue
New York, NY

123 East 112$^{III}$ Street
New York, NY

1810 Lexington Avenue
New York, NY

1809 Lexington Avenue
New York, NY

165 East 112[lll] Street
New York, NY

2060 Third Avenue
New York, NY

2070 Third Avenue
New York, NY

1839 Lexington Avenue
New York, NY

1829 Lexington Avenue
New York, NY

64-66 Essex Street
New York, NY

Seward Park Extension (NYCHA)
New York, NY

45 Rutgers Street
New York, NY

55 Rutgers Street
New York, NY

LaGuardia Houses (NYCHA)

250 Clinton Street
New York, NY

278 Clinton Street
New York, NY

280 Clinton Street
New York, NY

230 Clinton Street
New York, NY

250 Madison Street
New York, NY

LaGuardia Houses (NYCHA)

LaGuardia Houses Two Bridges

(NYCHA) James Weldon Johnson

(NYCHA)

Thomas Jefferson

Houses(NYCHA) Smith Houses

(NYCHA)

571 Wythe Avenue
Brooklyn, NY

70/74 Wythe Avenue
Brooklyn, NY

626/632 Wythe Avenue
Brooklyn, NY

Taylor Wythe Houses (NYCHA)

487 Atlantic Terminal
Brooklyn, New York

485 Atlantic Terminal
Brooklyn, New York

1480 Beech Channel Drive
Far Rockaway, New York

**RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

Subject to and without waiving these objections, Defendants refer Plaintiffs to the document production produced herewith.

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 4:** Wage reports, wage records, wage stubs, copies

of checks (both sides), receipts and any other document evidencing any payment made to

any party or entity other than you to the plaintiff for any work performed by the plaintiff during the period October 1, 2014 to date.

**RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 5:** Daily records, daily entries or daily work related reports for the periods of time plaintiff worked for any party or entity other than the defendants during the period October 1, 2014 to date.

**RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 6:** Payroll records, certified payroll records, sign-in sheets, sign out sheets, attendance records for the periods of time plaintiff worked for any person or entity other than the defendants during the period October 1, 2014 to date.

> **RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

> Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.

> Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 7:** Affidavits of Subcontractor or Material Vendor executed by any person or entity other than the defendants for the periods of time plaintiff worked during the period October 1, 2014 to date.

> **RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

> Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.

> Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 8:** Certificates of Subcontractor Under Section 220-A of Labor Law executed by any person or entity other than the defendants for the periods of time plaintiff worked during the period October 1, 2014 to date.

> **RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.
>
> Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.
>
> Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 9:** Resident Employment Program Hiring Summary documents executed by the defendants for the periods of time plaintiff worked for the defendants during the period October 1, 2014 to date.

> **RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.
>
> Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.
>
> Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 10:**        Monthly Equal Opportunity Contractor Reports executed by any person or entity other than by the defendants for the periods of time plaintiff worked during the period October 1, 2014 to date.

**RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 11:**        Any document or other writing prepared by any person or entity other than plaintiff or given by plaintiff any person or entity other than in which any such person or entity setting forth plaintiffs days of work, hours of work, start time, finish time, break time, lunch time, regular hours of work, overtime hours of work, rate of pay, title or job classification, cash expenditures for the periods of time plaintiff worked during the period October I, 2014 to date.

**RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

Subject to and without waiving these objections, Defendants are not in possession of any

responsive documents.

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 12:**       Any document or other writing prepared by any person or entity other than defendants given to defendants or received by defendants or given to any other person or entity or received by any other person or entity setting forth plaintiffs days of work, hours of work, start time, finish time, break time, lunch time, regular hours of work, overtime hours of work, rate of pay, title or job classification, supplemental benefits or other fringe benefits due and/or computed and/or paid, cash expenditures for the periods of time plaintiff worked during the period October 1, 2014 to date.

**RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 13:**       Any    document      evidencing    any computations made by the any person or entity other than the defendants as to any

supplemental benefits or other fringe benefits due the plaintiff for the periods of time

plaintiff worked during the period October 1, 2014 to date.

> **RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

> Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.

> Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 14:**       Any document evidencing any payment

by any person or entity other than the defendant that was made to the plaintiff or to any

third party on his behalf of any supplemental benefits or other fringe benefits due the

plaintiff for any work for the periods of time plaintiff worked during the period October

1, 2014 to date.

> **RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 15:**        Names and last known addresses of any

person who supervised the work of the plaintiff other than the defendant for the periods

of time plaintiff worked during the period October 1, 2014 to date.

**RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 16:**        Names and last known addresses of any

persons who made payments to the defendant for the work performed by plaintiff during

the period October 1, 2014 to date as well as copies of all documents evidencing such

payments.

**RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 17:**          Copies of any documents in the possession

of the defendant evidencing the terms and conditions under which plaintiff worked for

any other person or entity other than the defendant during the period of time October 1,

2014 to date.

**RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 18:**        Wage and payroll records for any work performed by the plaintiff during the period October 1, 2014 to date.

**RESPONSE**: Defendants refer Plaintiff to documents produced simultaneously herewith.

**DOCUMENT REQUEST NO. 19:**        Documents evidencing any payments made such as fringe benefits, annuity payments, additional payments other than wage payments made to plaintiff or to any third party on his behalf for any work performed by the plaintiff during the period October 1, 2014 to date.

**RESPONSE**: No such documents exist.

**DOCUMENT REQUEST NO. 20:**        Any documents evidencing any communication by and between the defendants and any other person or entity that employed the plaintiff during the period of time October 1, 2014 to date including but not limited to text messages, emails, any other form of electronic communications.

**RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 21:**      Photographs   depicting   the   plaintiff working   during   the period of time October 1, 2014 to date.

**RESPONSE**: Defendants are not in possession of any responsive documents.

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 22:**      Documents   indicating   the   title   or   job classification   of   work   performed   by the plaintiff   during   the   period   of   time   October   1, 2014 to date.

**RESPONSE**: Defendants refer Plaintiff to documents produced simultaneously herewith.

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 23:**      NYS-45   or Federal 941 documents for the periods   of time plaintiff   worked   during   the period October 1, 2014   to date.

**RESPONSE**: Defendants object to this Request on the ground that the terms "NYS-45" and "Federal 941" are vague and ambiguous.

Subject to and without waiving these objections, Defendants state that it is not in possession of any responsive documents to this Request.

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 24:**      Documents whether Log book entries or otherwise showing the process and procedure with which plaintiffs reported hours were recorded any work performed by the plaintiff during the period October 1, 2014 to date

> **RESPONSE**: Defendants refer Plaintiff to documents produced simultaneously herewith. Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 27:** The name and last known address of any person or entity other than the defendants that prepared NYS-45 or Federal 941 documents for the defendants during the period October 1, 2014 to date as well as copies of those documents.

> **RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.
>
> Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.
>
> Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 28:**      Documents evidencing information about pay, deductions, withholdings or any other information concerning wages paid to plaintiff by any person or entity since October 1, 2014 to date.

> **RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is

overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 29:**      Payroll   and   transaction   detail   report

prepared by any person or entity other than the defendant evidencing information about pay,

deductions, withholdings or any other information for work performed by the plaintiff during

the period October 1, 2014 to date

**RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

Dated: New York, New York
       February 28, 2019

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By:  /s/ Joshua Levin-Epstein,
     Joshua D. Levin-Epstein
     1 Penn Plaza, Suite 2527
     New York, New York 10119
     Tel.:  (212) 792-0046
     Fax No.:  (212) 561-7108
     Email: Joshua@levinepstein.com
     *Attorneys for Defendants*

To:   JONATHAN SILVER ESQ
      80-02 Kew Gardens Road, Suite 316
      Kew Gardens, New York 11415
      (718) 520-101
      *Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
  GURSEWAK SINGH                                Case No.: 1:18-cv-05780
                         Plaintiff,

       -against-

LINTECH ELECTRIC, INC., LINDEN J. TUDOR

                         Defendants.
-------------------------------------------------------------X

### DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants LINTECH ELECTRIC, INC. and LINDEN J. TUDOR (together, the **"Defendants"**), by and through its undersigned attorneys, as and for his responses to Plaintiff Gursewak Singh's (the **"Plaintiff"**) Second Request for the Production of Documents, respond as follows:

These responses are made solely in relation to the above-captioned action, and are proffered only for the purpose of responding to the Plaintiff's Request. All responses are subject to the objections noted below. Defendants reserve the right to object on any ground to (1) the admissibility or use of any information provided herein in any subsequent stage or proceeding in this or any other action; and (2) any other discovery procedure relating to the subject matter of this Request. Additionally, these responses are given without prejudice to Defendants' right to produce at a later date and/or rely at trial upon information that is subsequently discovered or inadvertently omitted.

### RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**    Any documents evidencing payment by any party other than you during the period October 1, 2014 to date to either plaintiff or to any third party on his behalf of wages.

**RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 2:**   W2 or 1099 statements prepared or issued with regard to any wages or other payments made by any party other than you to plaintiff during the period October 1, 2014 to date.

**RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 3:**   Copies of any contracts, agreements or other documents setting forth the terms and conditions under which any COMPANY OR ENTITY THAT EMPLOYED THE PLAINTIFF during October 1, 2014 to October 1, 2018 at any of the following

NEW YORK CITY HOUSING AUTHORITY is referred in this request as: (NYCHA). locations:

2215 First Avenue
New York, NY

2205 First Avenue
New York, NY

2105 Second Avenue
New York, NY

205 East 112$^{lll}$ Street
New York, NY

Thomas Jefferson Houses

(NYCHA) Smith Houses (NYCHA)

1844 Lexington Avenue
New York, NY

130 Lexington Avenue
New York, NY

1840 Lexington Avenue
New York, NY

1850 Lexington Avenue
New York, NY

130 East 115$^{lll}$ Street
New York, NY

1591 Park Avenue
New York, NY

1581 Park Avenue
New York, NY

1565 Park Avenue
New York, NY

1830 Lexington Avenue
New York, NY

123 East 112$^{lll}$ Street
New York, NY

1810 Lexington Avenue
New York, NY

1809 Lexington Avenue
New York, NY

165 East 112$^{[1]}$ Street
New York, NY

2060 Third Avenue
New York, NY

2070 Third Avenue
New York, NY

1839 Lexington Avenue
New York, NY

1829 Lexington Avenue
New York, NY

64-66 Essex Street
New York, NY

Seward Park Extension (NYCHA)
New York, NY

45 Rutgers Street
New York, NY

55 Rutgers Street
New York, NY

LaGuardia Houses (NYCHA)

250 Clinton Street
New York, NY

278 Clinton Street
New York, NY

280 Clinton Street
New York, NY

230 Clinton Street
New York, NY

250 Madison Street
New York, NY

LaGuardia Houses (NYCHA)

LaGuardia Houses Two Bridges

(NYCHA) James Weldon Johnson

(NYCHA)

Thomas Jefferson

Houses(NYCHA) Smith Houses

(NYCHA)

571 Wythe Avenue
Brooklyn, NY

70/74 Wythe Avenue
Brooklyn, NY

626/632 Wythe Avenue
Brooklyn, NY

Taylor Wythe Houses (NYCHA)

487 Atlantic Terminal
Brooklyn, New York

485 Atlantic Terminal
Brooklyn, New York

1480 Beech Channel Drive
Far Rockaway, New York

**RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

Subject to and without waiving these objections, Defendants refer Plaintiffs to the document production produced herewith.

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 4:** Wage reports, wage records, wage stubs, copies

of checks (both sides), receipts and any other document evidencing any payment made to

any party or entity other than you to the plaintiff for any work performed by the plaintiff during the period October 1, 2014 to date.

> **RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.
>
> Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.
>
> Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 5:** Daily records, daily entries or daily work related reports for the periods of time plaintiff worked for any party or entity other than the defendants during the period October 1, 2014 to date.

> **RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.
>
> Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.
>
> Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 6:** Payroll records, certified payroll records, sign-in sheets, sign out sheets, attendance records for the periods of time plaintiff worked for any person or entity other than the defendants during the period October 1, 2014 to date.

**RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 7:** Affidavits of Subcontractor or Material Vendor executed by any person or entity other than the defendants for the periods of time plaintiff worked during the period October 1, 2014 to date.

**RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 8:** Certificates of Subcontractor Under Section 220-A of Labor Law executed by any person or entity other than the defendants for the periods of time plaintiff worked during the period October 1, 2014 to date.

> **RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

> Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.

> Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 9:** Resident Employment Program Hiring Summary documents executed by the defendants for the periods of time plaintiff worked for the defendants during the period October 1, 2014 to date.

> **RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

> Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.

> Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 10:**     Monthly Equal Opportunity Contractor Reports executed by any person or entity other than by the defendants for the periods of time plaintiff worked during the period October 1, 2014 to date.

   **RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

   Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.

   Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 11:**     Any document or other writing prepared by any person or entity other than plaintiff or given by plaintiff any person or entity other than in which any such person or entity setting forth plaintiffs days of work, hours of work, start time, finish time, break time, lunch time, regular hours of work, overtime hours of work, rate of pay, title or job classification, cash expenditures for the periods of time plaintiff worked during the period October I, 2014 to date.

   **RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

   Subject to and without waiving these objections, Defendants are not in possession of any

responsive documents.

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 12:**        Any document  or other  writing  prepared

by any  person  or  entity  other  than  defendants  given  to  defendants  or  received  by

defendants or given to any other person or entity or received by any other person or entity

setting  forth plaintiffs days  of  work,  hours  of  work,  start  time,  finish  time,  break  time,

lunch  time,  regular  hours  of  work,  overtime  hours  of  work,  rate  of  pay,  title  or  job

classification, supplemental benefits  or  other  fringe  benefits  due  and/or  computed  and/or

paid,  cash  expenditures  for  the  periods  of  time  plaintiff  worked  during  the  period  October

1, 2014  to date.

**RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 13:**        Any       document       evidencing    any

computations  made  by  the  any  person  or  entity  other  than  the  defendants  as  to  any

supplemental benefits or other fringe benefits due the plaintiff for the periods of time

plaintiff worked during the period October 1, 2014 to date.

> **RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not
> proportional to the needs of the case because it seeks information that is immaterial to the
> claims in this litigation, and because the burden of responding is disproportionate to the
> needs of this case. Defendants further objects to this Request on the basis that it is
> overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of
> admissible evidence, in that it seeks individualized discovery concerning one or more
> persons who are not a named party in this action.

> Subject to and without waiving these objections, Defendants are not in possession of any
> responsive documents.

> Defendants reserve the right to supplement this response with any additional relevant,
> responsive, non-privileged information that is within its possession, custody, or control and
> capable of being ascertained with reasonable diligence.

> **DOCUMENT REQUEST NO. 14:**        Any document evidencing any payment

by any person or entity other than the defendant that was made to the plaintiff or to any

third party on his behalf of any supplemental benefits or other fringe benefits due the

plaintiff for any work for the periods of time plaintiffTworked during the period October

1, 2014 to date.

> **RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not
> proportional to the needs of the case because it seeks information that is immaterial to the
> claims in this litigation, and because the burden of responding is disproportionate to the
> needs of this case. Defendants further objects to this Request on the basis that it is
> overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of
> admissible evidence, in that it seeks individualized discovery concerning one or more
> persons who are not a named party in this action.

Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 15:**      Names and last known addresses of any person who supervised the work of the plaintiff other than the defendant for the'periods of time plaintiff worked during the period October 1, 2014 to date.

**RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 16:**      Names and last known addresses of any persons who made payments to the defendant for the work performed by plaintiff during the period October 1, 2014 to date as well as copies of all documents evidencing such payments.

**RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 17:**        Copies of any documents in the possession of the defendant evidencing the terms and conditions under which plaintiff worked for any other person or entity other than the defendant during the period of time October 1, 2014 to date.

**RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 18:**        Wage and payroll records for any work performed by the plaintiff during the period October 1, 2014 to date.

**RESPONSE**: Defendants refer Plaintiff to documents produced simultaneously herewith.

**DOCUMENT REQUEST NO. 19:**        Documents evidencing any payments made such as fringe benefits, annuity payments, additional payments other than wage payments made to plaintiff or to any third party on his behalf for any work performed by the plaintiff during the period October 1, 2014 to date.

**RESPONSE**: No such documents exist.

**DOCUMENT REQUEST NO. 20:**        Any documents evidencing any communication by and between the defendants and any other person or entity that employed the plaintiff during the period of time October 1, 2014 to date including but not limited to text messages, emails, any other form of electronic communications.

**RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 21:**       Photographs   depicting       the   plaintiff

working during the period of time October 1, 2014 to date.

**RESPONSE**: Defendants are not in possession of any responsive documents.

Defendants reserve the right to supplement this response with any additional relevant,
responsive, non-privileged information that is within its possession, custody, or control and
capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 22:**       Documents  indicating   the  title  or  job

classification of work  performed  by the plaintiff  during  the period  of time  October  1,

2014 to date.

**RESPONSE**: Defendants refer Plaintiff to documents produced simultaneously herewith.

Defendants reserve the right to supplement this response with any additional relevant,
responsive, non-privileged information that is within its possession, custody, or control and
capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 23:**       NYS-45 or Federal 941 documents for the

periods of time plaintiff worked during the period October 1, 2014 to date.

**RESPONSE**: Defendants object to this Request on the ground that the terms "NYS-45"
and "Federal 941" are vague and ambiguous.

Subject to and without waiving these objections, Defendants state that it is not in possession
of any responsive documents to this Request.

Defendants reserve the right to supplement this response with any additional relevant,
responsive, non-privileged information that is within its possession, custody, or control and
capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 24:**        Documents whether Log book entries or

otherwise showing the process and procedure with which plaintiffs reported hours were

recorded any work performed by the plaintiff during the period October 1, 2014 to date

> **RESPONSE**: Defendants refer Plaintiff to documents produced simultaneously herewith.
> Defendants reserve the right to supplement this response with any additional relevant,
> responsive, non-privileged information that is within its possession, custody, or control and
> capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 27:** The name and last known address of any person

or entity other than the defendants that prepared NYS-45 or Federal 941 documents for the

defendants during the period October 1, 2014 to date as well as copies of those documents.

> **RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not
> proportional to the needs of the case because it seeks information that is immaterial to the
> claims in this litigation, and because the burden of responding is disproportionate to the
> needs of this case. Defendants further objects to this Request on the basis that it is
> overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of
> admissible evidence, in that it seeks individualized discovery concerning one or more
> persons who are not a named party in this action.
>
> Subject to and without waiving these objections, Defendants are not in possession of any
> responsive documents.
>
> Defendants reserve the right to supplement this response with any additional relevant,
> responsive, non-privileged information that is within its possession, custody, or control and
> capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 28:**        Documents evidencing information about

pay, deductions, withholdings or any other information concerning wages paid to plaintiff by

any person or entity since October 1, 2014 to date.

> **RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not
> proportional to the needs of the case because it seeks information that is immaterial to the
> claims in this litigation, and because the burden of responding is disproportionate to the
> needs of this case. Defendants further objects to this Request on the basis that it is

overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**DOCUMENT REQUEST NO. 29:**      Payroll and transaction detail report prepared by any person or entity other than the defendant evidencing information about pay, deductions, withholdings or any other information for work performed by the plaintiff during the period October 1, 2014 to date

**RESPONSE**: Defendants objects to this Request on the basis that it is overbroad and not proportional to the needs of the case because it seeks information that is immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case. Defendants further objects to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning one or more persons who are not a named party in this action.

Subject to and without waiving these objections, Defendants are not in possession of any responsive documents.

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

Dated: New York, New York
       February 28, 2019

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: /s/ Joshua Levin-Epstein,
    Joshua D. Levin-Epstein
    1 Penn Plaza, Suite 2527
    New York, New York 10119
    Tel.:  (212) 792-0046
    Fax No.:  (212) 561-7108
    Email: Joshua@levinepstein.com
    *Attorneys for Defendants*

To:    JONATHAN SILVER ESQ
        80-02 Kew Gardens Road, Suite 316
        Kew Gardens, New York 11415
        (718) 520-101
        *Attorney for Plaintiff*