# LEVIN-EPSTEIN & ASSOCIATES, P.C.
_____
420 Lexington Ave. • Suite 2525 • New York, NY 10170
T: 212.792-0048 • F: 212.561.7108
E: Jason@levinepstein.com

December 20, 2019

*<u>Via Electronic Filing</u>*
The Honorable Magistrate Judge Steven M. Gold
U.S. District Court Eastern District of New York
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Singh v. Lintech Electric, Inc. et al*
             <u>Case No.: 1:18-cv-05780-FB-SMGJO</u>

Dear Honorable Magistrate Judge Gold:

      This law firm represents Defendants Lintech Electric, Inc. (the "**Company**"), Linden J. Tudor and Holly Tudor (collectively, the "**Defendants**") in the above-referenced action.

      Pursuant to Your Honor's Individual Motion Practices, this letter respectfully serves to: (i) request a briefing schedule for Defendants' anticipated Motion to Dismiss the State Court Action and Cancel the Notice of Pendency; and (ii) extend the deadline to complete fact discovery. Two prior requests to extend the deadline to complete fact discovery were previously made and granted. [*See* Dckt. Nos. 24, 28]. Plaintiff's counsel did not consent to either request.

      The basis of this request is that Defendants anticipate filing a Motion to Dismiss the State Court Action and Cancel the Notice of Pendency (the "**Motion**"). By way of background, Plaintiff commenced an action against Defendants Linden J. Tudor and Holly Tudor on December 9, 2019 in the Supreme Court of the State of New York, County of Queens, captioned *Singh v. Holly Tudor* (Index No.: 720551-2019) (the "**State Court Action**"). [*See* Dckt. No. 32-A]. Plaintiff filed a Notice of Pendency against Mr. and Mrs. Tudor's residential home on December 10, 2019. [*See* Dckt. No. 32-B].

      On December 16, 2019, Defendants filed a Notice of Removal, removing the State Court Action to be consolidated with the above-referenced action in the United States District Court of the Eastern District of New York [*See* Dckt. No. 32]. Removal is proper based on the existence of a federal question pursuant to 28 U.S.C. § 1331. *To wit*, the subject matter of the State Court Action arose out of Defendants' alleged violation of a federal statute, the FLSA. [*See* Dckt. No. 32-A at ¶ 9]. Courts in this Circuit have removed cases from state court to federal court under similar circumstances. *See Girotto v. First LLC et al* [Case No.: 19-cv-00919] (S.D.N.Y. 2019) [Dckt. No. 19].

      Defendant seeks a declaratory judgment that Mr. and Mrs. Tudor's residential home was fraudulently conveyed in March 2003 – ***eleven years*** before Plaintiff alleges to have started working for the Company, and ***fifteen years*** before Plaintiff filed the instant FLSA action [*See* Dckt. No. 32-A at ¶¶, 3, 7, 9, 10; Compl. at ¶ 8 ("[P]laintiff was employed…from late October/early November 2014…"). Plaintiff's claims are entirely without legal or factual justification. *See Sorenson v. 257/117 Realty, LLC*, 62 A.D.3d 618, 619 (1st Dept. 2009) (notice of pendency properly canceled once court determined Plaintiff's fraudulent conveyance claims were baseless and without merit).

      Indeed, Plaintiff has a history of engaging in this sort of highly questionable conduct. On June 27, 2019 Your Honor ordered the Parties to appear for a Settlement Conference on September 19, 2019, which was subsequently adjourned to November 5, 2019. [See Dckt. No. 23, Sept. 24, 2019 Dckt. Entry]. Plaintiff inexplicably and unjustifiably failed to appear for the November 5, 2019 Settlement Conference, despite having notice for nearly five months.

Accordingly, Defendants propose the following schedule for the Motion:

Defendants' Memoranda of Law in Support of the Motion to be submitted on or before **January 17, 2020**.

Plaintiffs' Memoranda of Law in Opposition to the Motion to be submitted on or before **January 31, 2020**.

Defendants' Reply Memoranda of Law in Further Support of the Motion to be submitted on or before **February 14, 2020**.

Separately, the undersigned's law firm is moving offices beginning on December 23, 2019, which necessitates an additional extension of time complete fact discovery [*See* Dckt. Nos. 31, 33].

In light of the foregoing, Defendants' request an extension of the fact discovery completion deadline of December 23, 2019 to, through and including, **February 28, 2020**. This extension, if granted, would affect the following deadlines:

1. Plaintiff's deadline to serve his pretrial order by January 10, 2020;

2. Defendants' deadline to serve their portion by January 24, 2020;

3. Plaintiff's deadline to file the joint pretrial order by January 31, 2020; and

4. The Status Conference scheduled for February 6, 2020.

Defendants request that the above-referenced deadlines and appearance be extended and adjourned to **three weeks** following the suggested fact discovery deadline of February 28, 2029.

Accordingly, Defendants respectfully request that Your Honor: (i) adopt the suggested briefing schedule for Defendants' anticipated Motion to Cancel the Notice of Pendency; (ii) extend the fact discovery deadline from December 23, 2019 to, through and including, February 28, 2020; and (iii) extend the joint pretrial order filing deadlines and adjourn the February 6, 2020 Status Conference beginning three weeks following the suggested fact discovery deadline of February 28, 2020.

Thank you, in advance, for your time and attention.

Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Jason Mizrahi*
Jason Mizrahi
420 Lexington Ave., Suite 2525
New York, NY 10170
Tel.: (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for Defendants*

To:   All Counsel of Record (via ECF)