*Jonathan Silver*
*Attorney at Law*

*of Counsel*
*Stephen J. Fein*
*Jennifer Beinert*
*Paul C. Kerson*

*Crossroad Tower*
*80-02 Kew Gardens Road, Suite #316, Kew Gardens, N.Y. 11415*
*(718) 520-1010*
*Fax No. (718) 575-9842*
*juanplata@aol.com*

December 23, 2019

Magistrate Judge Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      **Re:** **Gursewak Singh v Lintech Electric Inc., et al**
           United States District Court EDNY Index No: 18-5780

Dear Magistrate Gold:

    I am writing as the attorney for the plaintiff.

    The deadline for fact discovery was December 23, 2019 and the only outstanding matter was the second deposition requested by defendants of the plaintiff to ask him more questions because defendants claimed they had "newly found" more records about the plaintiff's employment.

    The parties agreed to December 11, 2019. Plaintiff was ready but defendant's counsel advised the day before that he could not proceed, he wrote he had something else to do. So, we agreed to proceed on December 23, 2019. Defendant's counsel refused to proceed on that day as well and in this application defendants still offers no excuse for not having done so. Defendants having wilfully failed to proceed, fact discovery should remain closed.

    We are now scheduled to prepare a pre-trial order under deadlines previously imposed by the Court. Again, plaintiff is ready to proceed.

    Defendants claim that as there is a state action filed by my client against defendant LINDEN TUDOR and others making allegations of fraudulent conveyance as to certain real property and that action was removed to this Court, somehow fact discovery on the wage case should be extended and remain open. Again, defendant has

never provided to this Court or to plaintiff an excuse for failing to proceed with the deposition set for today.

The two cases have nothing to do with each other, Each is based on entirely independent issues of fact and law. The "operative facts" of each case are not the same. This is apparent by the observation that the trial of the wage case will not be effected by determining the facts or law applicable to the fraud claim. In addition, the result in the fraud case will not effect in the slightest the process of finding liability or assessing damages in the wage claims

Defendants state that they will be making a motion to dismiss but do not indicate on what grounds. Regardless, any motion to dismiss even if heard and granted leaves the wage claim exactly where it is now, ready for the parties to prepare a pre-trial Order as previously directed by the Court,

## WAGE CLAIMS LAWSUIT

The only issues before this Court will be whether or not plaintiff was paid by defendants what he was due and if he was not then it must be decided what sums plaintiff is due.

Whether or not defendant LINDEN TUDOR has engaged in a fraudulent conveyance in violation of the plaintiff's rights as potential future creditor as alleged in the state claim is an inquiry into an entirely different set of facts. Deciding the wage claim issues will not be effected by whether or not that fraud has occurred. The trial of the wage claim can and will proceed on the same proof with the same witnesses and documents applying the same law to those same fact, That is so even if that defendant committed fraud.

If and when plaintiff prevails in the wage claim, the fraudulent conveyance allegations could effect the potential source of assets that may be available to pay plaintiff what he is owed. On the other hand, if plaintiff does not succeed in the wage claim then

he is no longer a potential creditor and the fraudulent conveyance claim would be dismissed as moot.

## REMOVAL AND REMAND

The state claim having been removed, plaintiff seeks leave to move to have it remanded.

For the claims to be removed "... the federal claim and state claim must stem from the same common nucleus of operative fact; in other words, they must be such that the plaintiff would ordinarily be expected to try them all in one judicial proceeding." Thomas v. Eony LLC, No. 13-CV-8512, 2015 U.S. Dist. LEXIS 52290, 2015 WL 1809085, at *4 (S.D.N.Y. Apr. 21, 2015) (quotations omitted). Salim Shahriar v. Smith & Wollensky Rest. Group, Inc., 659 F.3d 234. The exercise of supplemental jurisdiction was proper only where plaintiff's state and federal claims arose "out of approximately the same set of events"

The state claim and the pending wage claim do not share any of the same operative facts. One can be tried without other. Whether or not defendant committed fraud will not change his liability in the wage claim. Even if he did or did not commit fraud, that does not make him liable in the wage case. Again, two entirely separate set of operative facts in each case.

Defendants request for an extension should be denied. Discovery should remain closed. The parties should be directed to proceed as per the existing schedule.

As the removal has occurred without basis and remand is proper, plaintiff seeks leave to file a motion to seek remand of the state claim and a briefing schedule.

Respectfully submitted,

JONATHAN SILVER

JS/eb