*Jonathan Silver*
*Attorney at Law*

*of Counsel*
*Stephen J. Fein*
*Jennifer Beinert*
*Paul C. Kerson*

*Crossroad Tower*
*80-02 Kew Gardens Road, Suite #316, Kew Gardens, N.Y. 11415*
*(718) 520-1010*
*Fax No. (718) 575-9842*
*juanplata@aol.com*

January 27, 2020

Magistrate Judge Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  **Gursewak Singh v Lintech Electric Inc., et al**
            United States District Court EDNY 18 CV5780

Dear Magistrate Gold:

The plaintiff is submitting this letter to make application to extend the time of discovery and other relief.

A little history first. The parties had a conference before Your Honor on June 27, 2019 and defendants were directed to "...produce all documents in their custody, possession, or control by July 10, 2019, and be precluded from relying in any way in this litigation on any documents, other than those obtained from others and promptly produced to plaintiff, not produced by that date."

The defendant produced documents but that did not include any wage check alleged to have been issued to the plaintiff.

Defendant Tudor was deposed on September 23, 2019. As of that date, defendants had still not produced any wage check.

On October 7, 2019 I received an email from defendant's counsel with more documents from defendants. 175 wage stubs were for the first time being provided and a 3 page summary from defendants accountant titled "employee detail for LINTECH ELECTRIC INC." listing various payments to plaintiff during 2016-2017. Attachment 1

I wrote to defendant's counsel as his disclosure was made after the deadline imposed by the Court and to confirm that still not a

single check was provided. A follow up letter on October 31, 2019 to confirmed no checks have been provided. Attachments 2 and 3

  Counsel next appeared in Court on November 5, 2019 and defendants now wanted to again depose plaintiff based on the additional records defendant had "newly located" and exchanged and the Court granted that request.

  As defendants had still not produced a single check, there was then no need to conduct a further deposition of Mr. Tudor as my client when questioned denied that he had signed any of the time sheets or received any of the wage stubs produced by defendants.

  Later, another email was received from defendant's counsel on December 23, 2019. with a Dropbox link containing "Defendants' supplemented document production." Attachment 4.

  A screen shot was taken which is Attachment 5. You can see 7 images of categories of documents. There were no checks among the documents provided even though one category is defined as "Cashed checks." All that was contained was the accountant's summary.

  A telephone conference was held on January 15, 2020. The Court was advised that I had still had not received any checks although counsel for defendant said that he had produced them by his email of December 23, 2019.

  Later that day, I received an email from defendant's counsel, again with a Dropbox link and I reviewed what had been provided. This time the screen shot taken shows 8 images. Attachment 6.

  Now, among the documents produced were copies of checks, both sides, with dates in 2016-2017, in the name of the plaintiff with the initials "G. S." on the reverse side. Only one of those checks had any markings indicating that it had been deposited or cashed or what bank that had occurred. See Attachment 7 with

examples. A single check provided that was payable to plaintiff was signed and deposited by "Gurpreet Singh." Attachment 8

My client was presented by this office with the checks written to his name and denies he received or initialed the checks on the reverse side.

Assuming arguendo that the checks were not actually given to my client and not endorsed by him, it is now essential to learn what the banking records of the defendants show as to how and when those checks were actually drawn, when they were actually cashed, by whom and what the bank records of the defendants show to reflect if those checks were actually paid and when. There is an essential conflict between what the plaintiff and defendants claim and obtaining the bank records will help uncover the actual facts. Counsel for plaintiff was asked to consent to have his client produce the complete bank records and for Mr. Tudor to appear for further deposition but has refused to give consent.

Plaintiff seeks an extension of time to complete discovery and to compel discovery as follows:

1) An Order that defendants produce all banking record including account statements and other records for the period of employment alleged including the period that the checks produced are alleged to have been being written, endorsed or cashed;

2) that if any of those records are not provided that plaintiff be given time to subpoena the bank records directly;

3) that defendant then be subject to further deposition at defendants' cost.

Respectfully submitted,

JONATHAN SILVER

JS/eb