# LEVIN-EPSTEIN & ASSOCIATES, P.C.
_____
420 Lexington Ave. • Suite 2525 • New York, NY 10170
T: 212.792-0048 • F: 212.561.7108
E: Jason@levinepstein.com

February 3, 2020

<u>*Via Electronic Filing*</u>
The Honorable Senior Judge Frederic Block
U.S. District Court Eastern District of New York
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *Singh v. Lintech Electric, Inc. et al*
      <u>**Case No.: 1:18-cv-05780-FB-SMGJO**</u>

Dear Honorable Senior Judge Block:

  This law firm represents Defendants Lintech Electric, Inc. (the "**Company**") and Linden Tudor in the above-referenced action.

  This law firm also represents Defendants Holly Tudor, Linden Tudor and Tudor Enterprise Family Limited Partnership in the state court actions captioned *Singh v. Holly Tudor et al* (Index No. 720551-2019) (the "**First State Court Action**") and *Singh v. Tudor Entr. Family Ltd Partnership et al* (Index No.: 526826-2019) (the "**Second State Court Action**", and together, the "**State Court Actions**").

  Pursuant to this Court's January 21, 2020 Electronic Order, and Your Honor's Individual Motion Practice Rules 1(A) and 2(A), this letter respectfully serves to request a pre-motion conference concerning Defendants' anticipated motion to dismiss the State Court Actions

  **I. Factual Background**

 **A.  The First State Court Action**

  On December 9, 2019, Plaintiff Gursewak Singh (the "**Plaintiff**") commenced the First State Court Action in the Supreme Court of the State of New York, County of Queens. [*See* Dckt. No. 32-A]. Plaintiff filed a Notice of Pendency against Mr. and Mrs. Tudor's residential home (the "**Residential Property**") on December 10, 2019. [*See* Dckt. No. 32-B].

  In the First State Court Action, Plaintiff seeks a declaratory judgment under NY DCL § 276 that "upon information and belief" Mr. Tudor fraudulently conveyed the Residential Property in March 2003 – *eleven years* before Plaintiff alleges to have started working for the Company, and *fifteen years* before Plaintiff filed the instant FLSA action [*See* Dckt. No. 32-A at ¶¶, 3, 7, 9, 10; Dckt. No. 1 at ¶ 8 ("[P]laintiff was employed…from late October/early November 2014…").

  On December 16, 2019, Defendants filed a Notice of Removal, removing the First State Court Action to be consolidated with the above-referenced action in the United States District Court of the Eastern District of New York [*See* Dckt. No. 32].

### B. The Second State Court Action

On December 10, 2019, Plaintiff commenced the Second State Court Action in the Supreme Court of the State of New York, County of Queens. [*See* Dckt. No. 39-1]. Plaintiff filed a Notice of Pendency against the commercial property located at 3006 Tilden Avenue, Brooklyn, New York 11226 (the "**Commercial Property**") on December 10, 2019. [*See* Dckt. No. 39-2].

In the Second State Court Action, Plaintiff seeks a declaratory judgment under NY DCL § 276 that "upon information and belief" Mr. Tudor fraudulently conveyed the Commercial Property in September 2007 – *seven* years before Plaintiff alleges to have started working for the Company, and *eleven years* before Plaintiff filed the instant FLSA action [*See* Dckt. No. 39-1 at ¶¶, 4, 7, 9, 10; Dckt. No. 1 at ¶ 8 ("[P]laintiff was employed…from late October/early November 2014…").

On January 15, 2020, Defendants filed a Notice of Removal, removing the Second State Court Action to be consolidated with the above-referenced action in the United States District Court of the Eastern District of New York [*See* Dckt. No. 39].

### II.  The State Court Actions are Time Barred

The State Court Actions must be dismissed because they are time barred in that they were brought more than six years after the alleged "2003" and "2007" conveyances were made.

A cause of action based on actual fraud pursuant to DCL § 276 must be brought within six years of the date that the fraud or conveyance occurs or within two years of the date that the fraud should have been discovered. *Wall Street Assocs. v. Brodsky*; *Leone v. Sabbatino*, 235 A.D.2d 460 (2d Dept. 1997); *Ghandour v. Shearson Lehman Bros., Inc.*, 213 A.D.2d 304 (1st Dept. 1995).

Here, Plaintiff alleges that the Residential Property was transferred in March 2003 (Dckt. No. 32-A at ¶ 2), and that the Commercial Property was transferred in September 2007 (Dckt. No. 39-1 at ¶ 4). Based on these facts, as alleged, the six-year statute of limitations for the DCL 276 claim in the State Court Actions expired in or around March 2009, and September 2013, respectively.

Assuming *arguendo*, that Plaintiff relies on the two-year-from-discovery rule, no facts are pleaded to explain why the transfers could not have been discovered at the time they were made, let alone at some later date that would render this action timely. *See Lim v. Kolk*, 122 AD3d 547 (1st Dept. 2014) ("the fraud cause of action, brought more than two years from the date the alleged fraud could have been discovered and more than six years from the date the cause of action accrued, is time-barred").

### III.  The DCL § 276 Claims Fail to Meet the Heightened Pleading Requirements of CPLR 3016(b)

In addition to being time barred, Plaintiff's DCL § 276 claims are further defective because Plaintiff's conclusory allegations are made merely upon "information and belief".

In order to state a claim for relief under DCL § 276, a plaintiff must satisfy the heightened pleading standard of CPLR 3016(b). *See, e.g., Galgano v Galgano,* 287 AD2d 687 (2d Dept 2001); *Board of Mgrs. of the Park Slope Views Condominium v. Park Slope Views, LLC*, 39 Misc. 3d 1221(A) (Sup. Ct. Kings County 2013). CPLR 3016(b) provides that "[w]here a cause of action or defense is based upon misrepresentation, fraud, mistake, willful default, breach of trust or undue influence, the circumstances constituting the wrong shall be stated in detail."

Thus, DCL § 276 requires proof of the transferor's intent to hinder, delay or defraud present or future creditors to be pleaded with particularity.

Under New York Law, when a complaint consists of "bare bones allegations that track the statutory language of the DCL" made on "information and belief", it fails to adequately plead fraudulent transfer. *Safety-Kleen Sys., Inc. v. Silogram Lubricants Corp.*, 2013 WL 6795963, at *9 (E.D.N.Y. 2013); *see also, Geo-Grp. Commc'ns, Inc. v. Chopra*, 2016 WL 390089, at *6 (S.D.N.Y. 2016) (dismissing fraudulent conveyance claims under the DCL where the complaint "contains no more than a bare recitation of the elements of fraudulent transfer..."); *RTN Networks, LLC v. Telco Group, Inc.*, 126 A.D.3d 477 (1st Dept. 2015) (dismissing cause of action under DCL § 276 because "key allegations regarding the allegedly fraudulent conveyance are based on information and belief, and as they fail to reveal the source of that information, they are inadequate under CPLR 3016(b)"); *Ray v. Ray*, 108 A.D.3d 449 (1st Dept. 2013) (affirming dismissal of claims under DCL § 276 because "[g]eneral statements" by plaintiff "fail to support a cause of action for actual intent to defraud, even giving the plaintiff the benefit of every possible doubt").

Here, the State Court Actions consist, in their entirety, of allegations made on "information and belief" which merely parrot the statutory language of DCL § 276 and conclusions of law. [*See* Dckt. Nos. 32-A, 39-1]. Such barebones pleadings are not sufficiently particularized.

Further, the State Court Actions fail to include any material factual allegations that: (i) the transferor retained control of assets after they have been transferred (*i.e.* that the assets are being temporarily moved, with the debtor having the right to get them back); or (ii) that any conveyance was made that would undermine Defendants' ability to pay any debt to Plaintiff.. These are fatal omissions. *See Gala Enters., Inc. v. Hewlett Packard Co.*, 989 F.Supp. 525, 531 (S.D.N.Y. 1998); *Syllman v Calleo Dev. Corp.*, 2002 WL 10165 (1st Dept. 2002) (plaintiff failed to state any basis for claim such as transfers rendering defendants judgment proof).

These conclusory allegations fail to satisfy the basic pleading requirements of CPLR 3013, let alone the heightened particularity requirements set forth under CPLR 3016(b).

For these reasons, Defendants respectfully request that the Court schedule a pre-motion conference.

Thank you, in advance, for your time and attention.

                Respectfully submitted,

                LEVIN-EPSTEIN & ASSOCIATES, P.C.

                By:  */s/ Jason Mizrahi*
                      Jason Mizrahi
                      420 Lexington Ave., Suite 2525
                      New York, NY 10170
                      Tel.:  (212) 792-0048
                      Email: Jason@levinepstein.com
                      *Attorneys for Defendants*

To:     All Counsel of Record (via ECF)