# LEVIN-EPSTEIN & ASSOCIATES, P.C.

420 Lexington Avenue • Suite 2525 • New York, New York 10170
T: 212.792-0048 • E: Jason@levinepstein.com

March 31, 2020

**_Via Electronic Filing_**
The Honorable Magistrate Judge Steven M. Gold
U.S. District Court Eastern District of New York
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    **Re:** *Singh v. Lintech Electric, Inc. et al*
       <u>**Case No.: 1:18-cv-05780-FB-SMGJO**</u>

Dear Honorable Magistrate Judge Gold:

  This law firm represents Defendants Lintech Electric, Inc. (the "**Company**"), and Linden J. Tudor ("**Mr. Tudor**", and together with the Company, the "**Defendants**") in the above-referenced action.

  This law firm also represents Defendants Holly Tudor, Linden Tudor and Tudor Enterprise Family Limited Partnership in the state court actions captioned *Singh v. Holly Tudor et al* (Index No. 720551-2019) (the "**First State Court Action**") and *Singh v. Tudor Entr. Family Ltd Partnership et al* (Index No.: 526826-2019) (the "**Second State Court Action**", and together, the "**State Court Actions**").

  Pursuant to Your Honor's Individual Motion Practice Rules 1(A) and 2(A), this letter respectfully serves as a response to Plaintiff's March 31, 2020 letter [Dckt. No. 55].

  As an initial matter, Plaintiff failed to follow Local Civil Rule 37.3 pursuant to Your Honor's Individual Motion Practice Rule 2(A) prior to filing his motion. LCR 37.3 ("Good-Faith Effort to Resolve") obligates Plaintiff's counsel to "confer in good faith in person or by telephone in an effort to resolve the dispute" prior to making his application. As noted in Plaintiff's recent letter, Plaintiff's counsel did not make a good faith effort to resolve the dispute.

  Defendants regret having to burden the Court with easily avoidable discovery issues during these extraordinary times.

  As noted in my March 30, 2020 email to Plaintiff's counsel, the undersigned is in the process of gathering the responsive bank statements in Defendant's possession. Prior to disclosing these records, Defendants respectfully request that the Court enter the proposed protective order annexed hereto as Exhibit "A", to ensure the confidentiality of the financial information to be exchanged at this stage of the proceeding.

  This request and the scope of the proposed protective order are consistent with the applicable Federal Rules and established precedent from this District. Federal Rule of Civil Procedure 26(c) provides for the issuance of protective orders governing discovery. The Court may, among other things, prescribe methods for discovery, forbid inquiry into certain matters, and require a deposition to be sealed or that other information be maintained as confidential or revealed

only in a specified way. Fed. R. Civ. P. 26(c)(1). The party that seeks a protective order bears the burden of establishing good cause for issuance of that order. *Koch v. Greenberg*, 2012 WL 1449186 (S.D.N.Y., 2012). Where a court has entered a global protective order governing general categories of documents, the "good cause showing is temporarily postponed until a party…challenges the continued confidential treatment of certain particular documents…at which point the burden of establishing the good cause then lies with the party seeking to prevent the disclosure." *Id.*

The basis for the request is that the Defendants need to disclose certain confidential financial information, in response to the Court's March 2, 2020 Order.

A secondary, independent, basis also supports the entry of an order ensuring the confidentiality of the financial records. By way of background, Defendant is briefing their motion to dismiss the State Court Actions on the basis that, *inter alia*, they are time barred, and Plaintiff's conclusory allegations are made merely upon "information and belief". [*See* Dckt. No. 48].

A protective order is necessary to ensure that any financial records disclosed as part of the FLSA action are not used in any manner in the State Court Actions.

Thus, Defendants respectfully request that the Court enter the proposed protective order to ensure the confidentiality of financial information to be exchanged at this stage of the proceeding

We wish Your Honor and the Court the best during these extraordinary times.

Thank you, in advance, for your time and consideration.

    Respectfully submitted,

    LEVIN-EPSTEIN & ASSOCIATES, P.C.

    By: */s/ Jason Mizrahi*
       Jason Mizrahi
       420 Lexington Avenue, Suite 2525
       New York, NY 10170
       Tel. No.:  (212) 792-0048
       Email: Jason@levinepstein.com
       *Attorneys for Defendants*

VIA ECF: All Counsel