*Jonathan Silver*
*Attorney at Law*

*of Counsel*
*Stephen J. Fein*
*Jennifer Beinert*
*Paul C. Kerson*

*Crossroad Tower*
*80-02 Kew Gardens Road, Suite #316, Kew Gardens, N.Y. 11415*
*(718) 520-1010*
*Fax No. (718) 575-9842*

April 7, 2020

Hon. Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>Gursewak Singh v Lintech Electric Inc., et al</u>
United States District Court EDNY 18 CV5780

Dear Judge Block:

The plaintiff submits this motion under FRCP Rule 60 to seek a reconsideration of the April 7, 2020 Order issued providing new deadlines for the briefing schedule for the defendants' intended motion to dismiss.

The basis for this motion are the material misrepresentations made by defendant's counsel.

The fraudulent conveyance lawsuits filed by plaintiff that will be the subject of the motion to dismiss are not in a vacuum but were filed in connection with plaintiff's underlying claim under the FLSA now the subject of ongoing discovery supervised by Magistrate Judge Steven Gold.

A conference call is scheduled with Magistrate Judge Gold for this Friday. Among the topics to be discussed is the continuing failure of the defendants to provide " banking statements for the period of plaintiff's alleged employment for any account defendant issued checks payable to the plaintiff. " The March 2, 2020 Order of Magistrate Judge Gold directed that occur by March 17, 2020. When defendants did not provide those records the plaintiff then made requested for the Friday telephone conference.

Defendants attorney then sent to me a draft of a Protective Order by which he wanted to prevent the use of those banking records for any reason in prosecuting the

fraudulent conveyance actions now before the Court. See Paragraph 2 of the Exhibit attached.

In an email response, I indicated to counsel as follows:

> I have the following concerns:
>
> a) your client has not produced banking records which are overdue. In fact, they should have been produced when received as per my original discovery demands and still you do not indicte how long that will take;
> b) I see no reason why your clients' bank records should be subject to a protective order at all;
>
> c) **I have read your proposed protective order and you are excluding the idea that those bank records can be used in connection with the pending fraudulent conveyance claims. I find no reason to do that.** On Friday we are to talk to Magistrate Gold about a-c;
>
> d) <u>**as to more time for you to file motion papers, I want an agreement now that we will ask Judge Block to hold off on the motion so that I receive those banking records before I need to submit opposition papers on your motion to dismiss**</u>;
>
> e) assuming a protective order is directed, attached are my changes to what you already drafted. Please incorporate them in your agreement and if you do not wish to do that please advise me what you will not change and why
>
> **if you contact the Court to make any request to extend your time to move then please cut and paste the above response together with a copy of the proposed protective order which is attached and submit all to the court together with whatever you submit.**

(**Emphasis add**) A copy of the email attached email as an Exhibit

Why defendant thinks plaintiff should not be able to use the banking records in the fraudulent conveyance action is a mystery.

But, where there is smoke maybe there is fire. Surely defendant must have some reason to think that disclosure of the banking records is of some relevance to the motion else why complain.

What defendant is achieving by its delaying and denying such discovery is preventing plaintiff from obtaining such records in a timely manner so the records cannot be used to oppose the motion to dismiss.

Had defendant's counsel not misrepresented my response to his request for a revised briefing schedule, this Court would have been presented the plaintiff's request to delay the briefing schedule until after such time as the plaintiff has been provided those records and the Magistrate has ruled on any demand that a protective order deny plaintiff's use of those records in responding to the motion to dismiss.

It is requested that the Court on reconsideration issue an Order delaying the briefing schedule until after such time as the plaintiff has been provided those records and the Magistrate has ruled on any demand that a protective order deny plaintiff's use of those records in the case before the Court including responding to the motion to dismiss.

Respectfully submitted,

JONATHAN SILVER

JS/mm