# LEVIN-EPSTEIN & ASSOCIATES, P.C.

420 Lexington Avenue • Suite 2525 • New York, New York 10170
T: 212.792-0048 • E: Jason@levinepstein.com

April 7, 2020

***Via Electronic Filing***
The Honorable Senior Judge Frederic Block
U.S. District Court Eastern District of New York
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** *Singh v. Lintech Electric, Inc. et al*
**Case No.: 1:18-cv-05780-FB-SMGJO**

Dear Honorable Senior Judge Block:

This law firm represents Defendants Lintech Electric, Inc. and Linden Tudor in the above-referenced action.

This law firm also represents Defendants Holly Tudor, Linden Tudor and Tudor Enterprise Family Limited Partnership in the state court actions captioned *Singh v. Holly Tudor et al* (Index No. 720551-2019) (the "**First State Court Action**") and *Singh v. Tudor Entr. Family Ltd Partnership et al* (Index No.: 526826-2019) (the "**Second State Court Action**", and together, the "**State Court Actions**").

Pursuant to Your Honor's Individual Motion Practice Rule 1(A) this letter respectfully serves as a response to Plaintiff Gursewak Singh's (the "**Plaintiff**") April 7, 2020 letter motion for reconsideration [Dckt. No. 58] (the "**Motion for Reconsideration**").

As set forth more fully below, Plaintiff's Motion for Reconsideration should be denied on the ground that Plaintiff cannot meet the heightened pleading requirements of CPLR § 3016(b) to sustain the instant action, that is pled entirely on "information and belief."

**I.    Plaintiff's Counsel has Violated This Honorable Court's Individual Motion Practice Rules**

As an initial matter, Plaintiff's Motion for Reconsideration violates the directive contained in Your Honor's Individual Motion Practice Rule 1(A), which states:

"Copies of correspondence between counsel shall not be sent to the Court."

Annexed as an Exhibit to the Motion for Reconsideration is an electronic communication between counsel dated April 6, 2020. [*See* Dckt. No. 58-1].

Plaintiff's failure to comply this Court's Individual Motion Practice Rules is sufficient grounds in and of itself to deny the Motion for Reconsideration. *See Rosen v N. Shore Towers Apartments, Inc.,* 2011 WL 839505, at *3 (E.D.N.Y 2011).

## II. Plaintiff's Counsel is Deliberately Misrepresenting the Facts Concerning the Initial Filing of the State Court Actions

Plaintiff's Motion for Reconsideration avers that:

"The fraudulent conveyance lawsuits filed by plaintiff…were filed in connection with plaintiff's underlying claim under the FLSA…"

[*See* Dckt. No. 58 at ¶ 3].

Plaintiff's counsel's characterization is revisionist history. In his December 23, 2019 letter to the Court, requesting leave to file a motion to remand to state court [Dckt. No. 36], Plaintiff's counsel submitted that:

"the two cases have nothing to do with each other, Each [sic] is based on entirely independent issues of fact and law. The "operative facts" of each case are not the same."

"the state claim and the pending wage claim do not share any of the same operative facts. Once can be tried without other."

"Again, two entirely separate set of operative facts in each case"

[*Id* at pp. 2, 3].

Thus, Plaintiff's counsel's representation that the State Court Actions were intentionally filed in connection with the FLSA action is a false representation, and is unsupported by the actual record.

## III. Plaintiff's Motion for Reconsideration Ignores Well-Settled Rules of Federal Procedure

It is a bedrock rule of federal civil procedure that, in deciding a motion to dismiss, the Court is limited to the factual allegations in the complaint and the documents attached thereto or referenced therein. *See, e.g., Campbell v Freshbev LLC,* 322 F Supp 3d 330, 341 n.4 (E.D.N.Y 2018) ("for the purpose of 12(b)(6), the Court can only consider the four corners of the complaint."); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010); *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (courts "normally required to look only at the allegations on the face of the complaint"). "[N]ew facts and allegations, first raised in a Plaintiff's opposition papers, may not be considered" in deciding a motion to dismiss. *Universal Trading & Inv. Co., Inc. v. Tymoshenko*, 2012 WL 6186471, at *1 (S.D.N.Y. 2012) (internal quotation omitted) (granting motion to dismiss.)

It is well-settled that a plaintiff cannot amend his complaint his complaint "merely by raising new facts and theories in [his] opposition papers." *Roberts v. Weight Watchers Intl., Inc.*, 217 F. Supp. 3d 742, 753 (S.D.N.Y. 2016), *aff'd*, No. 16-3865, 2017 WL 4994471 (2d Cir Nov. 2, 2017) (granting motion to dismiss); *Guo v. IBM 401(k) Plus Plan*, 95 F. Supp. 3d 512, 526-27 (S.D.N.Y. 2015) (same); *Rodman v. Stryker Sales Corp.*, 2014 WL 5002095, at *2 (S.D.N.Y.

2014), aff'd, 604 Fed. App'x 81 (2d Cir. 2015) (same); *K.D. ex rel. Duncan v. White Plains School Dist.*, 921 F. Supp. 2d 197, 209 (S.D.N.Y. 2013) (same).

Plaintiff's Motion for Reconsideration is an improper attempt to supplement facially defective pleadings in the Complaint, **which are made entirely upon "information and belief"**.

Under New York Law, when a complaint consists of "bare bones allegations that track the statutory language of the DCL" made on "information and belief", it fails to adequately plead fraudulent transfer. *Safety-Kleen Sys., Inc. v. Silogram Lubricants Corp.*, 2013 WL 6795963, at *9 (E.D.N.Y. 2013); *see also, Geo-Grp. Commc'ns, Inc. v. Chopra*, 2016 WL 390089, at *6 (S.D.N.Y. 2016) (dismissing fraudulent conveyance claims under the DCL where the complaint "contains no more than a bare recitation of the elements of fraudulent transfer..."); *RTN Networks, LLC v. Telco Group, Inc.*, 126 A.D.3d 477 (1st Dept. 2015) (dismissing cause of action under DCL § 276 because "key allegations regarding the allegedly fraudulent conveyance are based on information and belief, and as they fail to reveal the source of that information, they are inadequate under CPLR 3016(b)"); *Ray v. Ray*, 108 A.D.3d 449 (1st Dept. 2013) (affirming dismissal of claims under DCL § 276 because "[g]eneral statements" by plaintiff "fail to support a cause of action for actual intent to defraud, even giving the plaintiff the benefit of every possible doubt").

Here, the State Court Actions consist, in their entirety, of allegations made on "information and belief" which merely parrot the statutory language of DCL § 276 and conclusions of law. [See Dckt. Nos. 32-A, 39-1]. Such barebones pleadings are fatal defects.

Plaintiff's Motion for Reconsideration, which fails to cite *a single* case, should be denied in its entirety.

### IV.     Conclusion

For the foregoing reasons, Plaintiff's Motion for Reconsideration should be denied in its entirety, as it is demonstrative of Plaintiff's failure to meet the heightened pleading requirements of CPLR § 3016(b).

Thank you, in advance, for your time and consideration.

> Respectfully submitted,
>
> LEVIN-EPSTEIN & ASSOCIATES, P.C.
>
> By:  */s/ Jason Mizrahi*
> Jason Mizrahi
> 420 Lexington Avenue, Suite 2525
> New York, NY 10170
> Tel. No.:  (212) 792-0048
> Email: Jason@levinepstein.com
> *Attorneys for Defendants*

VIA ECF: All Counsel