UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GURSEWAK SINGH

                    Plaintiff,

      -against-

LINTECH ELECTRIC, INC., LINDEN J. TUDOR

                  Defendants.
-----------------------------------------------------------------X

Case No.: 1:18-cv-05780

**PROTECTIVE ORDER**

MAGISTRATE JUDGE STEVEN M. GOLD, United States Magistrate Judge:

The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order, it is hereby ORDERED that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms:

1.      Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action, including but not limited to documents and deposition transcripts) which the producing party claims contains "Confidential Information" pursuant to the terms of this Order shall not disclose such Confidential Information to anyone else except as expressly permitted hereunder.

2.      Confidential Information produced or disclosed in connection with this action shall be used solely for the prosecution or the defense of either (a) the ~~above-captioned~~ *pending federal Action (2)* ~~FLSA action~~ (including any appeal therefrom).

3.      For avoidance of doubt, Confidential Information produced or disclosed in connection with this action shall not be used in any manner whatsoever in either of the state court actions captioned *Singh v. Holly Tudor et al* (Index No. 720551-2019) (the "**First State Court**

Case 1:18-cv-05780-FB-SMG Document 60-1 Filed 03/31/20 Page 3 of 7 PageID #: 296

such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility.

7.      Portions of deposition testimony may be designated as Confidential either on the record during the deposition ~~or within thirty (30) days of receipt of the transcript~~ only to the extent that such testimony qualifies as Confidential under paragraph 3 above. ~~Until such time period expires without designation having been made, the entire deposition transcript shall be treated as Confidential unless otherwise specified in writing or on the record of the deposition by the disclosing person.~~ If the disclosing person designates any portion of deposition testimony as Confidential, that portion of the deposition testimony contained in the final transcript shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

8.      If at any time prior to the trial of this action, a party believes that some portion(s) of Discovery Material that any person previously produced without limitation should be designated as Confidential, it may so designate by notifying all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. In addition, the party *who shall believes* shall provide ~~each other party and the producing person~~ *to all other parties* with replacement versions of such Discovery Material that bears the "Confidential" designation within two (2) business days of providing such notice.

9.      To the extent that any party to this action wishes to challenge the designation of any Discovery Material as Confidential, that party shall so advise the producing party in writing. If the producing party does not agree to withdraw the Confidential designation, the ~~challenging~~ *producing* party may challenge the designation by seeking Court intervention. For the avoidance of doubt, this paragraph is subject to the requirements of Local Rule 37.3, which requires parties to attempt

Case 1:18-cv-05780-FB-SMG Document 60-1 Filed 06/31/20 Page 2 of 7 PageID #: 295

Action") or Singh *v. Tudor Entr. Family Ltd Partnership et al* (Index No.: 526826-2019) (the "**Second State Court Action**", and together, the "**State Court Actions**").

4.      A person producing Discovery Material may designate as "Confidential Information" Discovery Material that consists of or contains:

(a) financial information not previously disclosed to the public;

(b) material not previously disclosed to the public relating to ownership or control of any non-public company;

(c) confidential or proprietary business information or communications, or other confidential research, development, or commercial information or communications;

(d) communications to or from any regulators made with a written request for confidential treatment or with an understanding that the communication would be treated confidentially;

(e) information for which applicable law requires confidential treatment; or

(f) any other category of information hereinafter given confidential status by the Court.

5.      Regardless of whether a document or other material is designated Confidential, and in addition to the restrictions on use of Confidential Information contained in this Order, all parties shall comply with all applicable laws and regulations related to the protection of Social Security numbers, financial institution account numbers and records, as defined by applicable laws or regulations.

6.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate

Case 1:18-cv-05780-FB-SMG   Document 60-1   Filed 04/08/20   Page 4 of 7 PageID #: 297

to confer in good faith in an effort to resolve disputes prior to seeking judicial resolution of a discovery dispute.

10.    No person subject to this Order other than the producing person shall disclose any Confidential Information to any other person whomsoever, except to individuals described in the below subparagraphs.:

(a) the parties to this action;

(b) the outside counsel participating in the prosecution and defense of this matter, including any paralegal, clerical or other assistant employed by such counsel and involved in these matters;

(c) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action;

(d) with respect to Confidential Information that was produced by a non-party, also to such non-party;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition;

(g) stenographers engaged to transcribe depositions;

(h) independent photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

(i) Court and support personnel; and

(j) any other person whom the producing person, or other person designating the Discovery Material Confidential, agrees in writing may have access to such Discovery Material.

11.    All Confidential Information filed with the Court, and all portions of or exhibits to pleadings, motions or other papers filed with the Court that disclose such Confidential Information, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing.

12.    If, in connection with this litigation, a producing [any] person claims that it has inadvertently produced Discovery Material that is subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

13.    If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five (5) business days of the claim, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

14.    The receiving [Producing] party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact of the inadvertent production.

15.    The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

Case 1:18-cv-05780-FB-SMG Document 60 Filed 04/08/20 Page 6 of 7 PageID #: 299

16.     In the event a non-party produces information in response to a subpoena or request from a party, the party receiving such information from the non-party shall ensure that all other parties receive copies of the non-party's production within five (5) business days of the receiving party's receipt of such production.

17.     A non-party from whom the parties seek discovery may designate Discovery Material as "Confidential" consistent with the terms of this Order. In such circumstances, Discovery Material designated Confidential by a non-party shall be assigned the same protection as Discovery Material so designated by a party, and all duties applicable to a party under this Order shall apply to a nonparty designating Discovery Material as Confidential. All obligations applicable under this Order to parties receiving Discovery Material shall apply to any party receiving Discovery Material from such non-party. Any party who serves a subpoena on a non-party shall provide such non-party with a copy of this Order.

18.     If, at any time, any Confidential Information governed by this Order is subpoenaed or requested by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena or request is directed, to the extent permitted by law, shall promptly give written notice to the producing person and include with such notice a copy of the subpoena or request. The person to whom the subpoena or request is directed also shall make all reasonable good faith efforts to provide to the producing person, a reasonable period of time in which to seek to quash, limit or object to the subpoena or request, or to move for any protection for the Confidential Information, before the person to whom the subpoena or request is directed takes any action to comply with the subpoena or request. In no event shall such Confidential Information subject to this Order be

produced by a person receiving a subpoena or request without providing the producing person an opportunity to quash, limit or object, absent a Court order to do so or as otherwise required by law.

19.     This Protective Order shall survive the termination of the litigation. Within sixty (60) calendar days after the final conclusion of all aspects of this action, by judgment not subject to further appeal or by settlement, the parties shall ensure that all Confidential Information and all copies thereof, shall be returned or destroyed, and the disclosing party, upon request, shall be provided with a certification stating that the disclosing party's Confidential Information has been destroyed. As to those materials containing Confidential Information that constitute counsel's work product, or that were served in this action, filed with the Court and/or marked as trial exhibits, counsel may retain such documents if such counsel otherwise comply with this Order with respect to such retained material.

20.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.


IT IS SO ORDERED.
DATED: _____

                                        _____
                                        THE HONORABLE STEVEN M. GOLD
                                        UNITED STATES MAGISTRATE JUDGE