*Jonathan Silver*
*Attorney at Law*

of Counsel
Stephen J. Fein
Jennifer Beinert
Paul G. Kerson

*Crossroad Tower*
*80-02 Kew Gardens Road, Suite #316, Kew Gardens, N.Y. 11415*
*(718) 520-1010*
*Fax No. (718) 575-9842*

April 22, 2020

Magistrate Judge Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  <u>Gursewak Singh v Lintech Electric Inc., et al</u>
      United States District Court EDNY 18CV5780

Dear Magistrate Judge Gold:

The defendants' counsel has represented to the Court a second proposed Protective Order (Docket 56.1)that fails to incorporate the critical changes made to the defendant's initial draft. Plaintiff objects to the second proposed protective order for the reasons below.

As the Court will recall, a conference call was conducted on April 13 and the Court among other things ruled that the language in paragraphs 2 and 19 of defendant's first proposed protective order were to be changed to incorporate the changes made by plaintiff's counsel in the marked up copy of the defendants' first proposed Protective Order (Docket 60.1) .

Specifically:

Actions    paragraph 2 was to read  "...defense of either of the pending Federal
            (2)."

>paragraph 19 ( now paragraph 18 in the defendants second proposed Order) was to be changed to "...all aspects of this action, by satisfaction of any judgment..."

When counsel's letter and proposed second Proposed Order was reviewed this morning I was, frankly, in shock. The entire thrust of the oral argument and resulting changes made to paragraph 2 was to assure that the records and documents could be used by plaintiff in prosecuting the fraudulent conveyance claims too.

Has defendants' counsel intentionally ignored the court's rulings? Or was the language he chose an attempt to limit the use of the documents etc.

I wrote to counsel by email today asking the following:

>I have reviewed your proposed protective Order and you have failed to make the critical changes addressed by the Court:
>
>paragraph 2 is to read "...defense of either of the pending Federal Actions (2)."
>
>paragraph 19 (in your proposed Order now paragraph 18) was to be changed to "...all aspects of this action, by satisfaction of any judgment..."
>
>Frankly, in view of my strong opposition to your attempt to block use of the records in the fraudulent conveyance actions and then the oral argument held and the Judge's rulings I am deeply disturbed that I find out that you have intentionally ignored the Court's directives
>
>unless I hear from you by noon today to confirm that you will make the changes described above I will make application to the Court and seek Rule 11 sanctions too.

Counsel's response was the following:

>Jonathan,
>
>1. Your requested language was rejected by the Court. There is only one (1) pending federal action. The State Court Actions are incorporated by reference. We stuck the entirety of paragraph 3 of the initial proposed protective order. There is no confusion here.
>
>2. This requested language was also rejected by the Court.

>Before you make any unnecessary applications, I'd look back at the Court transcript.

The second proposed protective order should be modified as to paragraphs 2 and 19. so that there should be no doubt that the protective order allows use of the documents in connection with both the FLSA case and the fraudulent conveyances claims.

As to whether or not counsel has intentionally misstated the Court's directive I will leave that to Your Honor to decide.

Respectfully submitted

JONATHAN SILVER

JS/mm