SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
GURSEWAK SINGH

                        Plaintiffs,         AMENDED COMPLAINT

    -against-

                                                      526826/19

HOLLY TUDOR;
LINDEN TUDOR;
TUDOR ENTERPRISE FAMILY LIMITED PARTNERSHIP.

                        Defendants.
------------------------------------------------------------------X

    Plaintiff, as and for his amended complaint against defendants, allege as follows:

    1. Plaintiff is a resident of the County of Queens, State of New York.

    2. Defendants HOLLY TUDOR and LINDEN TUDOR have continuously lived at 109-70 133rd Street S Ozone Park New York as husband and wife for thirty something years.

    3. On November 6, 1998 defendants HOLLY TUDOR and LINDEN TUDOR purchased those premises as husband and wife.

    4. At the time of the purchase, defendants HOLLY TUDOR and LINDEN TUDOR executed a note in the sum of $102,750.00 that was secured by a mortgage on those premises

    5. On March 26, 2003 the defendants HOLLY TUDOR and LINDEN TUDOR executed a further deed transferring ownership of those premises solely to defendant HOLLY TUDOR.

    6. The defendants HOLLY TUDOR and LINDEN TUDOR reported the full sales price to be $203,000.00 on transfer documents filed in connection with the 2003 transfer.

7. At the time of the execution of the March 26, 2003 deed, the defendant HOLLY TUDOR executed a note in the sum of $203,00.00 that was secured by a mortgage on those premises.

8. On May 29, 1996 defendant LINDEN TUDOR became the owner of commercial premises located at 1609 Nostrand Avenue/3006 Tilden Avenue in Brooklyn New York.

9. On March 6, 1998, defendant LINDEN TUDOR executed a deed transferring ownership of those premises to himself and to his wife, defendant HOLLY TUDOR.

10. There is no reported consideration for that transfer.

11. On August 9, 2005 defendants LINDEN TUDOR and HOLLY TUDOR executed a deed transferring ownership of those premises to defendant LINDEN TUDOR.

12. The consideration reported on transfer documents for that transfer was zero.

13. Some four months later, on December 20, 2005, the defendant LINDEN TUDOR obtained a loan of $1,150,000.00 executing a note in that sum that was secured by a mortgage on those premises.

14. On September 24, 2007 defendant LINDEN TUDOR executed a deed transferring ownership of those premises to defendant TUDOR ENTERPRISE FAMILY LIMITED PARTNERSHIP.

15. The consideration for that 2007 transfer was reported on transfer documents by defendant LINDEN TUDOR to be $320,000.00.

16. A conflicting and different transfer document executed by defendant LINDEN TUDOR also reported that the consideration for that 2007 transfer was $108, 378.00.

17. That 2007 transfer was described by defendant LINDEN TUDOR as "A sale between related companies or partners in business."

18. Defendant LINDEN TUDOR executed documents in that September 2007 transfer as both transferor and transferee.

19. The above described transfers were either without consideration or without fair consideration.

20. The defendant LINDEN TUDOR is a named defendant in a pending lawsuit filed by the plaintiff captioned <u>Gursewak Singh v Lintech Electric, Inc. et al</u> EDNY Case No.: 1:18-cv-05780 seeking on his behalf an award of monetary damages against the defendant LINDEN TUDOR for unpaid wages, unpaid overtime, unpaid prevailing wages, liquidated damages, interest and attorneys fees and other claims all due him pursuant to applicable law and regulation.

21. Defendant LINDEN TUDOR is the sole owner and stockholder of LINTECH ELECTRIC INC. (LINTECH) which has been in business since 1995 providing electricians to work at construction sites mostly at public work sites of the NEW YORK CITY HOUSING AUTHORITY (NYCHA)

22. LINTECH is also a defendant named in the pending wage claim lawsuit described above.

23. Defendant LINDEN TUDOR and LINTECH employed the plaintiff during the approximate period late October/early November 2014 until middle of September 2018.

24. Plaintiff worked as an electrician.

25. But, he was not a member of any union nor was he a licensed electrician.

26. He was told by LINDEN TUDOR that he would get plaintiff into the union if he continued to work for him.

27. Defendant LINDEN TUDOR and LINTECH set the terms and conditions of plaintiffs work including hours, wages and days and those terms and conditions were in violation of statutes, rules and regulations applicable to his work as an electrician and his work as an electrician on public construction projects.

28. Plaintiff while he worked for LINDEN TUDOR and LINTECH should have receiving union wages or prevailing wages for most of his work but was not paid at such rates and was otherwise not paid what he should have been paid all as described in the pending lawsuit.

29. It is believed that this pattern of deceit and disregard of the rights of those working for LINDEN TUDOR and LINTECH has been occurring since the time those parties started conducting business since 1995.

30. LINDEN TUDOR and LINTECH have no records that demonstrate they actually paid plaintiff a single check; have no records that they paid him the amounts of money they reported to have paid him on the W2 statements they provided to the plaintiff; do not have a single sign in sheet signed by him.

31. The deceit and misrepresentations made to plaintiff if similarly done to others would establish pattern of making promises to workers to get them into the union while denying them their due wages.

32. All of the above property transfers occurred during the time plaintiff (and others) worked for LINDEN TUDOR and LINTECH.

33. Those conveyances were made with the intent to dispose of LINDEN TUDOR's assets, to hide his assets, to hinder and prevent persons such as the plaintiff from collecting and enforcing any judgment entered in his favor against said defendant, has resulted in that defendant having no or insufficient assets to make payment on his obligations to persons including the plaintiff and said conveyance was otherwise fraudulent.

34. The above transfers were done with the specific and actual intent to hinder, delay and/or defraud persons such as plaintiff as creditors or future creditors as defined under New York Debtor and Creditor Law Section 276.

35. The defendants conspired with each other to accomplish the above.

36. The plaintiff has no adequate remedy at law.

37. The plaintiff has been otherwise damaged as a result of the acts/omissions of the defendants, their agents, servants and assigns others working with his knowledge, consent and/or permission.

WHEREFORE, plaintiff demands judgment declaring the rights of the parties in and to the subject premises and otherwise; declaring the conveyance to be fraudulent; setting aside that conveyance; granting the plaintiff monetary damages as against the defendants; granting the plaintiff such other and further relief as is just and proper under the facts and circumstances of this claim together with reasonable attorneys fees, applicable interest, costs and disbursements.

Dated: Kew Gardens, New York
      May 13, 2020

Yours, etc.,

_____
JONATHAN SILVER, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road
Kew Gardens, NY 11415
(718) 520-1010
juanplata@aol.com