# LEVIN-EPSTEIN & ASSOCIATES, P.C.

420 Lexington Avenue • Suite 2525 • New York, New York 10170
T: 212.792-0048 • E: Jason@levinepstein.com

May 14, 2020

***Via Electronic Filing***
The Honorable Magistrate Judge Steven M. Gold
U.S. District Court Eastern District of New York
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      **Re:**    *Singh v. Lintech Electric, Inc. et al*
             **Case No.: 1:18-cv-05780-FB-SMGJO**

Dear Honorable Magistrate Judge Gold:

This law firm represents Defendants Lintech Electric, Inc. and Linden Tudor in the above-referenced action.

This law firm also represents Defendants Holly Tudor, Linden Tudor and Tudor Enterprise Family Limited Partnership in the since removed state court actions captioned *Singh v. Holly Tudor et al* (Index No. 720551-2019) (the "**First State Court Action**") and *Singh v. Tudor Entr. Family Ltd Partnership et al* (Index No.: 526826-2019) (the "**Second State Court Action**", and together, the "**State Court Actions**").

Pursuant to Your Honor's Individual Motion Practice Rule 1(A) this letter respectfully serves as an objection to Plaintiff's misguided attempt to amend each of the complaints in the State Court Actions as of right pursuant to Rule 15 of the Federal Rules of Civil Procedure.

Yesterday, on May 13, 2020, Plaintiff filed two amended complaints, [*see* Dckt. Nos. 68, 69] (together, the "**Amended Complaints**"), in response to Defendants' Holly Tudor, Linden Tudor and Tudor Enterprise Family Limited Partnership Motion to (i) Dismiss Plaintiff's State Court Actions, (ii) Cancel the *Lis Pendens*, and (iii) Award Defendants' Attorneys Fees and Costs, and (iv) Sanctions, which was duly served on April 24, 2020 ("**Defendants' Motion**"), as memorialized in the letter to Chambers filed that same day [*see* Dckt. No. 67]. Plaintiff's Amended Complaints are in violation of controlling New York State law, which prohibits amendments to complaints that have been filed together with *lis pendens*, and this Court's Order that required an actual response in its So-Ordered briefing schedule. [Dckt. No. 63]

By way of procedural background, on April 13, 2020, Your Honor entered a briefing schedule for Defendants' contemplated motion, which provided that the motion be served by April 24, 2020, and Plaintiff's "**opposition**" to be served by May 15, 2020. [*See* Dckt. No. 63] (emphasis added). The undersigned duly served Defendants' Motion on April 24, 2020. [*See* Dckt. No. 67]. Rather than filing an actual opposition, Plaintiff has apparently filed the Amended Complaints to serve as a response to the four separate bases of relief contained in Defendants' Motion. This is in violation of the controlling law.

Simply put, the controlling New York law does not permit the amendment of a complaint where, as here, the complainant has also filed a *lis pendens* in connection with the underlying action. *See Bunnell v. Haghighi*, 183 F. Supp. 3d 364, 368 (E.D.N.Y. 2016) ("Claims affecting real property must be asserted at the time the *lis pendens* is commenced, and **subsequent submissions cannot cure defects present at the time of filing**.") (*citing 5303 Realty Corp. v. O & Y Equity Corp.*, 64 N.Y.2d 313, 319–20 (1984)) (emphasis added).

But this is not the legal standard urged on this Court by Plaintiff.  Therefore, we respectfully request that Your Honor order Plaintiff to file a response – not amended complaints – and strike Plaintiff's Amended Complaints, in their entirety, for the reasons set forth below.

In reviewing the validity of a notice of pendency, "the court's scope of review is circumscribed. In conjunction with this concept, **the complaint filed with the notice of pendency must be adequate unto itself; a subsequent, amended complaint cannot be used to justify an earlier notice of pendency**." *5303 Realty Corp.* 64 N.Y.2d at 320 (emphasis added); *see also Ostad v. Nehmadi,* 31 Misc. 3d 1211(A), 929 N.Y.S.2d 201 (N.Y. Sup. Ct. 2011); *Cty. of Suffolk v. Toussie,* 2007 WL 7616775, at *2 (E.D.N.Y. 2007). The law is clear.

In *5303 Realty Corp.*, for example, the plaintiff filed its complaint and immediately filed a notice of pendency against the property owned by defendant. *5303 Realty Corp.* 64 N.Y.2d at 317. The defendant moved to cancel the notice of pendency. *Id*. While the motion was pending, the plaintiff filed an amended complaint. *Id*. The trial court denied the motion, **without considering the effect of the amended complaint**, on the ground that the original complaint was sufficient to sustain the notice of pendency. *Id*. The trial court's denial was affirmed on appeal. *Id*. In reversing the lower courts' denial of the motion to cancel, the Court of Appeals held that the validity of a notice of pendency must be determined based on a review of the original complaint. *Id*. at 320-21.

Thus, the Amended Complaints are not relevant to a determination of the validity of the *lis pendens*, or the request for fees, costs, and sanctions in connection therewith, and this Court is respectfully circumscribed to the allegations set out in Plaintiff's original state court complaints. This is not a typical case where Plaintiff is permitted to amend as of right or, for that matter, with leave of the Court.  Given that Plaintiff has filed *two lis pendens* against residential and commercial property, the serious consequences of the filing of the *lis pendens* circumscribes the general rule that permits amendment as of right or with the leave of the court. Such is the case here.

It has been nearly *five months* since the original state court complaints and *lis pendens* were filed. [*See* Dckt. Nos. 32-A, 32-B, 39-1, 39-2]. On December 16, 2019, Defendants filed a Notice of Removal, consolidating the First State Court Action with the instant Federal Court Action. [*See* Dckt. No. 32]. On December 23, 2020, Plaintiff filed a pre-motion conference letter in contemplation of a motion to remand the First State Court Action. [*See* Dckt. No. 36]. At the January 15, 2020 pre-motion conference, the Honorable Magistrate Judge Gold ordered Plaintiff, as follows:

> (1) Plaintiff will consider whether he will press his application for a promotion conference in anticipation of moving to remand. Plaintiff will either withdraw his

>premotion conference application or, after conferring with counsel for defendant, propose a briefing schedule by letter filed on or before January 21, 2020.

[Dckt. No. 40]. By letter dated January 21, 2020, Plaintiff withdrew his request for a pre-motion conference and stated that he "will not be making an application for remand at this time." [Dckt. No. 42]. On the same day, Plaintiff's counsel initially requested a *three-week* period to provide "**opposition**" to a motion in response to the *lis pendens* filing. [Dckt. No. 42] (emphasis added). The Court So-Ordered this *three-week* period on April 13, 2020, when Your Honor set a filing deadline for May 15, 2020. [Dckt. No. 63]. Thus, Plaintiff is also in violation of this Court's Order to provide an actual "opposition", rather than an amendment.

In the case at bar, Plaintiff has wrongfully been clouding title to two properties for ***nearly five months*** in an impermissible procedural maneuver to attach a source of funds on account of a contingent claim. Thus, Plaintiff is not really claiming some "interest…in the land…which might be lost under the recording acts in the event of a transfer of the subject property during the litigation." *Richard J. Zitz, Inc. v. Pereira*, 965 F. Supp. 350, 355 (E.D.N.Y. 1997). The Court of Appeals for the Second Circuit has instructed that a "[*lis pendens*] in New York is available only to secure claims of **existing interests in the realty at issue**." *Diaz v. Paterson*, 547 F.3d 88, 100 (2d Cir 2008) (emphasis added). It is axiomatic that CPLR § 6501 is to be given a "narrow application to **pre-existing claims affecting the property**." *Id.* at 101 (emphasis added). Here, the *lis pendens* have been filed for an impermissible purpose and under CPLR § 6501, and Defendants are entitled to fees and costs for the such a questionable maneuver.

For the foregoing reasons, Defendants respectfully request an order: (i) compelling Plaintiff to submit opposition to Defendants' Motion by tomorrow, May 15, 2020, and (ii) striking the Amended Complaints in their entirety.

Alternatively, should the Court permit Plaintiff's Amended Complaints, Defendants respectfully request that the Court still order Plaintiff to submit opposition, by tomorrow, on the bases for relief contained in Defendants' Motion for the cancellation of the *lis pendens* and the request for fees, costs, and sanctions arising out of the impermissibly filed *lis pendens* that were filed together with the original state court complaints.

Thank you, in advance, for your time and consideration.

>Respectfully submitted,
>
>LEVIN-EPSTEIN & ASSOCIATES, P.C.
>
>By: */s/ Jason Mizrahi*
>Jason Mizrahi
>420 Lexington Avenue, Suite 2525
>New York, NY 10170
>Tel. No.: (212) 792-0048
>Email: Jason@levinepstein.com
>*Attorneys for Defendants*

3

VIA ECF: All Counsel

4