# LEVIN-EPSTEIN & ASSOCIATES, P.C.

420 Lexington Avenue • Suite 2525 • New York, New York 10170
T: 212.792-0048 • E: Jason@levinepstein.com

May 18, 2020

**_Via Electronic Filing_**
The Honorable Magistrate Judge Steven M. Gold
U.S. District Court Eastern District of New York
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      **Re:**    *Singh v. Lintech Electric, Inc. et al*
              <u>**Case No.: 1:18-cv-05780-FB-SMGJO**</u>

Dear Honorable Magistrate Judge Gold:

      This law firm represents Defendants Lintech Electric, Inc. and Linden Tudor in the above-referenced action.

      This law firm also represents Defendants Holly Tudor, Linden Tudor and Tudor Enterprise Family Limited Partnership in the since removed state court actions captioned *Singh v. Holly Tudor et al* (Index No. 720551-2019) (the "**First State Court Action**") and *Singh v. Tudor Entr. Family Ltd Partnership et al* (Index No.: 526826-2019) (the "**Second State Court Action**", and together, the "**State Court Actions**").

      Pursuant to Your Honor's Individual Motion Practice Rule 1(A) this letter respectfully serves to inform the Court of recent developments following the submission of Defendants' motion to strike filed May 14, 2020 [Dckt. No. 70] (the "**Motion to Strike**") Plaintiff's two improperly filed amended complaints [*see* Dckt. Nos. 68, 69] (together, the "**Amended Complaints**").

      By way of relevant procedural background, the undersigned served Defendants' Motion to Dismiss the State Court Actions on April 24, 2020, requesting to: (i) Dismiss Plaintiff's State Court Actions, (ii) Cancel the *Lis Pendens*, and (iii) Award Defendants' Attorneys' Fees and Costs, and (iv) Sanctions ("**Defendants' Motion to Dismiss**").

      Following service of the Motion to Dismiss, on May 13, 2020 [Dckt. Nos. 68, 69], Plaintiff filed two amended complaints in connection with the State Court Actions. On the same date, the undersigned filed its Motion to Strike on the basis that the controlling New York law does not permit the amendment of a complaint as of right, or with leave of the Court; where, as here, the complainant has also filed a *lis pendens* in connection with the underlying action. *See Bunnell v. Haghighi*, 183 F. Supp. 3d 364, 368 (E.D.N.Y. 2016) ("Claims affecting real property must be asserted at the time the lis pendens is commenced, and subsequent submissions cannot cure defects present at the time of filing.") (*citing 5303 Realty Corp. v. O & Y Equity Corp.*, 64 N.Y.2d 313, 319–20 (1984)) (emphasis added).

      Presumably because of the Motion to Strike, on May 15, 2020, at 4:48 p.m., Plaintiff's counsel served the undersigned with Plaintiff's opposition to Defendants' Motion to Dismiss ("**Plaintiff's Opposition**"). Plaintiff's counsel has created a procedural quagmire by filing Plaintiff's Opposition to Defendants' Motion to Dismiss *<u>and</u>* filing the Amended Complaints.

1

Defendants anticipate filing a reply to Plaintiff's Opposition in accordance with the So-Ordered Briefing schedule.  However, out of an abundance of caution, this letter respectfully requests a pre-motion conference pursuant to Your Honor's Individual Rule 2(A) in order to brief the Motion to Strike.

Thank you, in advance, for your time and consideration.

> Respectfully submitted,
>
> LEVIN-EPSTEIN & ASSOCIATES, P.C.
>
> By: */s/ Jason Mizrahi*
> Jason Mizrahi
> 420 Lexington Avenue, Suite 2525
> New York, NY 10170
> Tel. No.:  (212) 792-0048
> Email: Jason@levinepstein.com
> *Attorneys for Defendants*

VIA ECF: All Counsel