**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

GURSEWAK SINGH

                                                *Plaintiff,*

                                  -against-

LINTECH ELECTRIC, INC., LINDEN J. TUDOR,

                                                *Defendants.*
-----------------------------------------------------------------X

GURSEWAK SINGH,

                                                *Plaintiff,*

                                  -against-

HOLLY TUDOR, LINDEN TUDOR,

                                                *Defendants.*
-----------------------------------------------------------------X

GURSEWAK SINGH,

                                                *Plaintiff,*

                                  -against-

HOLLY  TUDOR,  LINDEN  TUDOR,  TUDOR
ENTERPRISE FAMILY LIMITED PARTNERSHIP,

                                                *Defendants.*
-----------------------------------------------------------------X

Case No.: 1:18-cv-05780

Assigned Judge:

Hon. Senior District Judge Frederic
Block

Index No.: 720551-2019

Index No.: 526826-2019


### MEMORANDUM OF LAW IN SUPPORT OF
### DEFENDANTS' MOTION TO (I) DISMISS PLAINTIFF'S STATE COURT
### COMPLAINTS, (II) CANCEL THE *LIS PENDENS*, (III) AWARD
### DEFENDANTS' ATTORNEYS FEES AND COSTS AND (IV) FOR SANCTIONS

                              LEVIN-EPSTEIN & ASSOCIATES, P.C.
                              Jason Mizrahi, Esq.
                              Joshua Levin-Epstein, Esq.
                              420 Lexington Avenue, Suite 2525
                              New York, NY  10170
                              *Attorney for Defendants*

Dated:  New York, New York
           April 24, 2020

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ....................................................................................... iv

PRELIMINARY STATEMENT ................................................................................. 1

RELEVANT FACTS ..................................................................................................... 3

    A.  The Instant Federal Court Action ................................................................ 3

    B.  The First State Court Action ......................................................................... 3

        i. Plaintiff Files a Notice of Pendency for the Residential Property ............... 4

        ii. Defendants' Removal of the First State Court Action .................................. 4

    C.  The Second State Court Action ..................................................................... 4

        i. Plaintiff Files a Notice of Pendency for the Commercial Property ............. 5

        ii. Defendants' Removal of the Second State Court Action .............................. 6

LEGAL STANDARD ON A MOTION TO DISMISS UNDER FED.R.CIV.P. 12(B)(6) ...... 6

ARGUMENT ................................................................................................................ 6

I.    The State Court Complaints Fail to State a Claim Under Fed.R.Civ.P. 12(b)(6) Because the Fraudulent Conveyance Claims Under NY DCL § 276 Are Barred by the Six-Year Statute of Limitations ............................................................................... 6

II.   The State Court Complaints Fail to State a Claim Under Fed.R.Civ.P. 12(b)(6) Because the Causes of Action Under NY DCL § 276 are Insufficiently Pled ................................. 7

    A.  Pleadings Made "Upon Information and Belief" in NY DCL § 276 Actions are Insufficient to State a Claim Under Fed. R. Civ P (9)(b) and 12(b)(6) ......................... 9

    B.  Formulaic Recitation of the Elements of NY DCL § 276 Render the Pleadings Insufficient to State a Claim Under Fed. R. Civ. P 12(b)(6) ........................................... 11

III.  The Notices of Pendency Must be Cancelled Pursuant to CPLR §§ 6514(a) and (b) ....... 11

    A.  The Notices of Pendency Must be Cancelled Pursuant to both CPLR §§ 6514(a) and (b) Because Plaintiff's NY DCL § 276 Claims are Meritless ......................................... 13

ii

B. The Notices of Pendency Must be Cancelled Pursuant to CPLR §§ 6514(a) and (b) Because the State Court Complaints Do Not Affect Title to Real Property as Required by CPLR § 6501 .......................................................................................................... 14

　i. The Notices of Pendency Are Not Proper Because They Do Not Constitute a Direct, Pre-Existing Claim on Real Property ............................................................ 16

IV. Defendants Should Be Awarded Attorneys' Fees and Costs Pursuant to CPLR § 6514(c) ........................................................................................................... 17

A. Plaintiff's Counsel Ignored Multiple Warning Concerning the Impropriety of the *Lis Pendens* ................................................................................................................. 18

V. Defendants are Also Entitled to Sanctions Under 28 U.S.C. § 1927 and the Court's Inherent Authority .................................................................................................... 19

A. The Filing and Prosecution of the NY DCL § 276 Fraud Claims Lacked a Colorable Basis ........................................................................................................................ 20

B. The Filing of the Notices of Pendency Lacked a Colorable Basis ............................... 21

C. Plaintiff's Counsel's Bad-Faith is Clear ................................................................... 22

　i. Malicious and Abusive Pleadings ....................................................................... 22

　ii. Collateral and Improper Purpose ........................................................................ 23

　iii. Multiplying Litigation Unreasonably and Vexatiously .......................................... 23

VI. Discovery Should be Stayed Pending Determination of Defendants' Motion to Dismiss .................................................................................................................... 24

**CONCLUSION** .................................................................................................... **24**

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Alexander Condominium, by its Bd. of Managers v. E. 49th St. Dev. II, LLC,*
    60 Misc 3d 1232(A) (Sup. Ct., N.Y. Co. 2018)................................................................ 10

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)................................................................................................ 6

*Backer v. USD 30 Billion MTN Programme,*
    2017 WL 6387732 (S.D.N.Y. 2017)................................................................ 24

*Bell At. Corp. v. Twombly,*
    550 U.S. 544 (2007)......................................................................................... 6, 11

*Braunston v. Anchorage Woods, Inc.,*
    10 N.Y.2d 302 (1961) ..................................................................................... 16

*Bunnell v. Haghighi,*
    183 F. Supp. 3d 364 (E.D.N.Y. 2016) ................................................... *passim*

*Cargo Partner AG v. Albatrans Inc.,* 207
    F. Supp. 2d 86 (S.D.N.Y. 2002)................................................................ 9

*Carlyle, LLC v. Quik Park 1633 Garage LLC,*
    160 A.D.3d 476 (1st Dept. 2018)................................................................ 10

*Chapin Home for the Aging v. McKimm,*
    2014 WL 12883697 (E.D.N.Y. 2014)................................................... 10, 11

*Delidimitropoulos v. Karantinidis,*
    142 A.D.3d 1038 (2d Dept. 2016) ............................................................... 21

*Diaz v. Paterson,*
    547 F.3d 88 (2d Cir. 2008)..................................................................... 2, 16, 17

*Done v. Wells Fargo,*
    2013 U.S. Dist. LEXIS 100650 (E.D.N.Y. 2013).......................................... 11

*Drake v. Lab. Corp. of Am. Holdings,*
    2009 WL 2867901 (E.D.N.Y. 2009)............................................................... 6

*Eisemann v. Greene*,
204 F.3d 393 (2d Cir. 2000)....................................................................... 20

*Facebook Inc. v. DLA Piper, LLP [US]*,
134 A.D.3d 610 (1st Dept. 2015)................................................................ 10

*First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*,
385 F.3d 159 (2d Cir. 2004)......................................................................... 8

*Freidus v. Sardelli*,
192 A.D.2d 578 (2d Dept. 1993) ........................................................... 12, 13

*Geo-Grp. Commc'ns, Inc. v. Chopra*,
2016 WL 390089 (S.D.N.Y. 2016)...................................................... 10, 11, 20

*Gindi v. Silvershein*,
1995 WL 347397 (S.D.N.Y. 1995)................................................................ 9

*Guberman v. Rudder*,
85 A.D.3d 683 (1st Dept. 2011)............................................................ 13, 21

*Homespring, LLC v. Lee*,
866 N.Y.S. 2d 212 (2d Dept. 2008) .............................................................. 21

*Hulko v. Connell*,
1990 WL 139022 (S.D.N.Y. 1990)................................................................ 17

*In re American Motor Club, Inc.*,
109 B.R. 595 (Bankr. E.D.N.Y..1990)............................................................ 2

*In re Currency Conversion Fee Antitrust Litigation*,
2002 WL 88278 (S.D.N.Y. 2002)................................................................ 24

*In re Gormally*,
550 B.R. 27 (Bankr. S.D.N.Y. 2016)............................................................. 21

*In re Khan*,
2014 WL 10474969 (E.D.N.Y. 2014)............................................................. 7

*In re Sharp Intern. Corp.*,
403 F.3d 43 (2d Cir 2005)..................................................................... 7, 8, 9

*Israelson v. Bradley,*
    308 N.Y. 511 (1955) ................................................................. 21

*Jericho Group Ltd. v. Midtown Dev., L.P.,*
    67 A.D.3d 431 (1st Dept 2009)................................................. 13

*Josefsson v. Keller,*
    141 A.D.2d 700 (2d Dept. 1988) ................................... 17, 18, 22

*Lazar v. Maragold Group, Ltd.,*
    150 A.D.2d 645 (2d Dept. 1989) .......................................... 18, 22

*Leone v. Sabbatino,*
    235 A.D.2d 460 (2d Dept. 1997) ............................................... 7

*Lessard Architectural Grp., Inc., P.C. v. X & Y Dev. Grp., LLC,*
    930 N.Y.S.2d 652 (2d Dept. 2011) ......................................... 18

*Lippe v. Bairnco Corp.,*
    249 F. Supp. 2d 357 (S.D.N.Y. 2003)..................................... 8

*Long Is. City Sav. and Loan Ass'n v. Gottlieb,*
    90 A.D.2d 766 (2d Dept. 1982) ............................................. 18

*Nastasi v. Nastasi,*
    26 A.D.3d 32 (2d Dept 2005) ................................................. 12

*Oliveri v. Thompson,*
    803 F.2d 1265 (2d Cir. 1986).................................................. 22

*Ostad v. Nehmadi,*
    31 Misc 3d 1211(A) (Sup. Ct., N.Y. Co. 2011).............. 14, 16, 17

*Phillip v. Zanani,*
    2008 NY Slip Op. 52285U (Sup. Ct., N.Y. Co. 2008) .................. 21

*Picard v. Merkin (In re Bernard L. Madoff Inv. Secs., LLC),*
    440 B.R. 243 (Bankr. S.D.N.Y. 2010) ..................................... 8

*Ray v. Ray,*
    2020 WL 374556 (2d Cir. 2020)................................... 7, 8, 14

*Ray v. Ray*,
   108 A.D.3d 449 (1st Dept. 2013) .................................................................. 21

*Richard J. Zitz, Inc. v. Pereira*,
   965 F Supp 350 (E.D.N.Y. 1997) ........................................................... *passim*

*Roe v. Johnson*,
   334 F. Supp. 2d 415 (S.D.N.Y. 2004) ........................................................... 15

*RTN Networks, LLC v. Telco Group, Inc.*,
   126 A.D.3d 477 (1st Dept. 2015) .................................................. 8, 10, 14, 20

*Savasta v. Duffy*,
   257 A.D.3d 435 (1st Dept. 1999) .................................................................. 17

*Schlaifer Nance & Co., Inc. v. Estate of Warhol*,
   194 F3d 323 (2d Cir 1999) ...................................................................... 20, 22

*Schneider v. Barnard*,
   508 B.R. 533 (E.D.N.Y. 2014) ....................................................................... 7

*See Safety-Kleen Sys., Inc. v. Silogram Lubricants Corp.*,
   2013 WL 6795963 (E.D.N.Y. 2013) ........................................................ 10, 11

*Somma v. Wehrle*,
   666 N.Y.S.2d 17 (2d Dept. 1997) ......................................................... 13, 19, 22

*Sorenson v. 257/117 Realty, LLC*,
   62 A.D.3d 618 (1st Dept 2009) .................................................................... 13

*Telesca v. Long Island Hous. P'ship, Inc.*,
   2006 WL 1120636 (E.D.N.Y. 2006) ............................................................. 24

*Tropeano v. Tropeano*,
   827 N.Y.S.2d 161 (2d Dept. 2006) ............................................................... 19

*Ulysses I & Co., Inc. v. Feldstein*,
   2002 WL 1813851 (S.D.N.Y 2002) .............................................................. 12

*United States v. Kramer*,
   2006 WL 3545026 (E.D.N.Y. 2006) ........................................................ 16, 21

vii

*Voiceone Commc'ns, LLC v. Google Inc.*,
  2014 WL 10936546 (S.D.N.Y. 2014) ................................................................ 6

*Yenom Corp., v. 155 Wooster Street Inc.*,
  818 N.Y.S.2d 210 (1st Dept. 2006) ........................................................... 19, 21

*Yonaty v. Glauber*,
  40 A.D.3d 1193 (3d Dept. 2007) ...................................................................... 14

**Statutes**

CPLR § 6501 .................................................................................. 12, 14, 16

CPLR § 6514(a) .......................................................................................... 12

CPLR § 6514(b) .......................................................................................... 13

CPLR § 6514(c) .......................................................................................... 17

Fed.R.Civ.P. 64 .......................................................................................... 12

Fed.R.Civ.P. 9(b) ......................................................................................... 7

NY DCL § 276 ............................................................................................. 7

Defendants Linden Tudor ("**Mr. Tudor**"), Holly Tudor ("**Ms. Tudor**"), Tudor Enterprise Family Limited Partnership (the "**Family Limited Partnership**", and together with Mr. Tudor and Ms. Tudor, the "**Defendants**"), by and through the undersigned counsel, respectfully submit this Memorandum of Law, together with the Affirmation of Jason Mizrahi, Esq. (the "**Mizrahi Aff.**"), and the exhibits annexed thereto, in support of Defendants' motion (the "**Motion**") seeking, *inter alia*, the dismissal, with prejudice, of Plaintiff Gursewak Singh's (the "**Plaintiff**") state court complaints dated December 9, 2019 (the "**First State Court Complaint**"), and dated December 10, 2019 (the "**Second State Court Complaint**", and together with the First State Court Complaint, the "**State Court Complaints**"), pursuant to Federal Rules of Civil Procedure ("**Fed.R.Civ.P.**") 9(b) and 12(b)(6). Defendants further move this Court to cancel the *lis pendens* filed against Defendants' residential and commercial real estate properties, pursuant to CPLR §§ 6514(a) and (b), and for an award of attorneys' fees, costs, and sanctions pursuant to CPLR § 6514 (c), 28 U.S.C. § 1927 and the Court's inherent authority, and as grounds thereto respectfully state as follows:

## PRELIMINARY STATEMENT

Over one year following the commencement of the instant action, Plaintiff filed two separate fraudulent conveyance actions in New York State Supreme Court, which Defendants subsequently removed to this Court. Plaintiff's commencement of two separate actions under § 276 of New York's Debtor Creditor Law ("**NY DCL**") to set aside conveyances of a residential property and commercial property made over a decade before Plaintiff even alleged to have started working for Mr. Tudor are clearly time barred by the applicable six (6) years statute of limitations. Even assuming, *arguendo*, the State Court Complaints are timely filed, the pleadings are devoid of any specific factual allegations sufficient to meet Plaintiff's heightened burden to plead fraud with particularity under Fed.R.Civ.P. 9(b), as each of the four (4) page complaints are merely

formulaic recitations of the statutory elements of NY DCL § 276, wherein nine (9) of the thirteen (13) paragraphs in each of the complaints are all impermissibly pled "upon information and belief." Accordingly, the State Court Complaints are patently devoid of merit, frivolous, and should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

Further aggravating matters, Plaintiff filed two separate notices of pendency[1] on Defendants' respective residential and commercial properties based upon the fundamentally inartfully pled State Court Complaints.  The notices of pendency are patently improper, wrongful, and deficient because Plaintiff has not pleaded well-grounded claims to sustain causes of action for NY DCL § 276 fraudulent conveyance, as required by CPLR § 6501. The State Court Complaints fail to allege a direct, "pre-existing" relationship to the subject real property as required by the controlling Second Circuit precedent articulated in *Diaz v. Paterson*.[2]  Where, as here, the complaints underlying the notices of pendency have been dismissed for failure to state a claim, courts have cancelled the notices of pendency pursuant to CPLR § 6501(a) and CPLR § 6501(b). Accordingly, the notices of pendency should be cancelled pursuant to the mandatory and discretionary provisions of CPLR §§ 6501(a) and (b).

As a consequence of Plaintiff's overreaching in the filing of the State Court Complaints and the *lis pendens*, Defendants are entitled to an award of their attorneys' fees, expenses, and costs, pursuant to CPLR § 6514(c), as well as sanctions under 28 U.S.C. § 1927, and the Court's inherent authority, respectively.

---

[1] The terms "notice of pendency" and "*lis pendens*" are essentially interchangeable. *See In re American Motor Club, Inc*., 109 B.R. 595, 596 n. 1 (Bankr. E.D.N.Y. 1990) ("Although technically there are differences between the doctrine of *lis pendens* at common law and the statutory provisional remedy of notice of pendency, since the CPLR uses the phrase 'notice of pendency' and the bench and bar more often use[ ] the term '*lis pendens*,' this Court will use them interchangeably." (citation omitted)).

[2] 547 F.3d 88, 91 (2d Cir 2008).

## RELEVANT FACTS

### A.  The Instant Federal Court Action

On October 16, 2018, Plaintiff commenced the instant action (the "**Federal Court Action**") against Mr. Tudor and Lintech Electric, Inc. ("**Lintech**") to recover alleged unpaid minimum wages, unpaid overtime wages, unpaid prevailing wages, and unpaid supplemental benefits, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("**FLSA**") and the New York Labor Law § 190, *et seq*. ("**NYLL**").  In the Federal Court Action, Plaintiff alleges to have started working at Lintech in or around "**late October/early November 2014**." *Mizrahi* Aff. at ¶ 3 (emphasis added) [Ex. A at ¶ 8].  As set forth more fully below, Plaintiff, in the State Court Complaints, is seeking to set aside conveyances made years before Plaintiff even alleged to have begun working for Lintech and Mr. Tudor. *Id*.

### B.  The First State Court Action

On December 9, 2019, Plaintiff commenced an action in the Supreme Court of the State of New York, County of Queens, against Ms. Tudor and Mr. Tudor (the "**First State Court Action**") for an alleged fraudulent transfer of residential property located at 109-70 133rd Street, South Ozone Park, New York 11420 (the "**Residential Property**"). *Id*. at ¶ 4 [Ex. B at ¶ 2].  In the First State Court Action, Plaintiff seeks, *inter alia*, a declaratory judgment that the March 26, 2003 transfer of the Residential Property constitutes a fraudulent conveyance, pursuant to NY DCL § 276. *Id*. [Ex. B].

The First State Court Complaint is comprised of thirteen (13) separate paragraphs and four (4) pages. *Id* [Ex. B]. Of the thirteen (13) separate paragraphs, nine (9) paragraphs are pled "[u]pon information and belief." *See, e.g.*, *id*. [Ex. B at ¶¶ 2-6, 8-10, 12].  No other information is set forth in the First State Court Compliant. *See, e.g.*, *id*. The gravamen of the First State Court Action is that Mr. Tudor fraudulently conveyed the Residential Property to Ms. Tudor in **March 2003**; that

is, **eleven years** before Plaintiff alleges to have started working for Lintech, *Mizrahi* Aff. at ¶ 3, and **fifteen years** before Plaintiff filed the instant Federal Court Action. *Compare Id*. at ¶ 3 [Ex. A at ¶ 8] *with id*. at ¶ 4 [Ex. B at ¶ 3].

### i. Plaintiff Files a Notice of Pendency for the Residential Property

On December 10, 2019, Plaintiff filed that certain Notice of Pendency dated December 3, 2019 (the "**Residential Notice of Pendency**") as against the property located at 109-70 133rd Street, South Ozone Park, New York, *to wit:* the Residential Property. *Id*. at ¶ 5 [Ex. C].

### ii. Defendants' Removal of the First State Court Action

On December 16, 2019, Defendants filed a Notice of Removal, consolidating the First State Court Action with the instant Federal Court Action. *Id*. at ¶ 6 [Ex. D].  On December 23, 2020, Plaintiff filed a pre-motion conference letter in contemplation of a motion to remand the First State Court Action. *Id*. at ¶ 7 [Ex. E].  At the January 15, 2020 pre-motion conference, the Honorable Magistrate Judge Gold ordered Plaintiff, as follows:

> (1) Plaintiff will consider whether he will press his application for a premotion conference in anticipation of moving to remand. Plaintiff will either withdraw his premotion conference application or, after conferring with counsel for defendant, propose a briefing schedule by letter filed on or before January 21, 2020.

*Id*. at ¶ 8 [Ex. F]. By letter dated January 21, 2020, Plaintiff withdrew his request for a pre-motion conference and stated that he "will not be making an application for remand at this time." *Id*. at ¶ 9 [Ex. G].

### C. The Second State Court Action

On December 10, 2019, Plaintiff commenced a second action in the Supreme Court of the State of New York, County of Queens, against Ms. Tudor, Mr. Tudor, and the Tudor Enterprise Family Limited Partnership (the "**Second State Court Action**", and together with the First State Court action, the "**State Court Actions**") for an alleged fraudulent transfer of a commercial

property located at 1609 Nostrand Avenue/3006 Tilden Avenue in Brooklyn, New York 11226 (the "**Commercial Property**"). *Id*. at ¶ 10 [Ex. H at ¶ 2].   In the Second State Court Action, Plaintiff seeks, *inter alia*, a declaratory judgment that the transfers of the Commercial Property on March 6, 1998 and September 24, 2007, respectively, constitute a fraudulent conveyance and a judgment setting aside the conveyances, pursuant to NY DCL § 276. *Id.* [Ex. H].

As in the complaint in the First State Court Action, the complaint in the Second State Court Action is comprised of thirteen (13) separate paragraphs and four (4) pages. *Id*. [Ex. H].  Of the thirteen (13) separate paragraphs, nine (9) paragraphs are pled "[u]pon information and belief." *See, e.g.*, *id.* [Ex. H at ¶¶ 2-6, 8-10, 12].  No other information is provided. *See, e.g.*, *id.*  The gravamen of the Second State Court Action is that Mr. Tudor allegedly fraudulently conveyed the Commercial Property to himself and Ms. Tudor on **March 6, 1998**; and, subsequently, Mr. Tudor allegedly transferred the Commercial Property to the Tudor Enterprise Family Limited Partnership on **September 24, 2007**.  *Id*. [Ex. H at ¶¶ 3-4]. Plaintiff alleges that said conveyances are fraudulent under the NY DCL § 276 even though the latter occurred *seven years* before Plaintiff alleges to have started working for the Lintech, and *eleven years* before Plaintiff filed the instant FLSA action. *Compare id*. at ¶ 3 [Ex. A at ¶ 8] *with id*. at ¶ 10 [Ex. H at ¶¶ 3-4].

    **i.**    **Plaintiff Files a Notice of Pendency for the Commercial Property**

On December 10, 2019, Plaintiff that filed that certain Notice of Pendency dated December 3, 2019 (the "**Commercial Notice of Pendency**", and together with the Residential Notice of Pendency, the "**Notices of Pendency**") as against the property located at 1609 Nostrand Avenue/ 3006 Tilden Avenue, Brooklyn, New York, *to wit*, the Commercial Property. *Id*. at ¶ 11 [Ex. I].

### ii.      Defendants' Removal of the Second State Court Action

On January 15, 2019, Defendants filed a Notice of Removal, removing the Second State Court Action to be consolidated with the Federal Court Action. *Id*. at ¶ 6 [Ex. D].  As set forth above, Plaintiff filed a pre-motion conference letter, in contemplation of a motion to remand, which was subsequently withdrawn.  *Id*. at ¶¶ 7, 9 [Exs. E, G].

## LEGAL STANDARD ON A MOTION TO DISMISS UNDER FED.R.CIV.P. 12(B)(6)

While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court is "'not bound to accept as true a legal conclusion couched as a factual allegation,'" or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell At. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To overcome a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a plaintiff must provide the grounds of her entitlement to relief – not just labels and conclusions. *Twombly*, 550 U.S. at 545 (2007) (internal citations omitted). Courts will not assume that mere conclusions of law are true for the purpose of deciding a motion to dismiss. *Iqbal*, 556 U.S. at 678 .

## ARGUMENT

### I.      The State Court Complaints Fail to State a Claim Under Fed.R.Civ.P. 12(b)(6) Because the Fraudulent Conveyance Claims Under NY DCL § 276 Are Barred by the Six-Year Statute of Limitations

Fed.R.Civ.P. 12(b)(6) applies to a motion to dismiss based on the statute of limitations. *Drake v. Lab. Corp. of Am. Holdings*, 2009 WL 2867901, at *4 (E.D.N.Y. 2009), *adhered to on denial of reconsideration*,  2010 WL 743056 (E.D.N.Y. 2010), *aff'd*, 417 Fed. Appx. 84 (2d Cir. 2011); *Voiceone Commc'ns, LLC v. Google Inc.*, 2014 WL 10936546, at *7 (S.D.N.Y. 2014)

6

(citations omitted). A cause of action based on actual intent to defraud pursuant to NY DCL § 276[3] must be brought within six (6) years from the date of the transaction or within two (2) years of the date that the fraud should have been discovered. *Schneider v. Barnard*, 508 B.R. 533, 541 (E.D.N.Y. 2014); *Leone v. Sabbatino,* 235 A.D.2d 460, 461 (2d Dept. 1997).

In the case at bar, the Residential Property was allegedly conveyed on **March 26, 2003**, and the Commercial Property was allegedly conveyed twice, initially on **March 6, 1998** and subsequently on **September 24, 2007**. *Mizrahi* Aff. at ¶ 4 [Ex. B at ¶ 2]; *Id*. at ¶ 10 [Ex. H at ¶¶ 2-3]. In order to fall within the six (6) year statute of limitations, the First State Court Complaint, which challenges the conveyance of the Residential Property, should have been filed on or before **March 26, 2009**; and, the Second State Court Complaint should have been filed on or before **March 6, 2004** and **September 24, 2013**, respectively.  Based on these facts, as alleged, the six (6) year statute of limitations for the NY DCL § 276 claims in the State Court Actions expired years ago.  *Schneider*, 508 B.R. at 541; *Leone,* 235 A.D.2d at 461.

Accordingly, Plaintiff's claims for fraudulent conveyance are time barred and therefore the State Court Complaints are both devoid of merit and frivolous.

## II.    The State Court Complaints Fail to State a Claim Under Fed.R.Civ.P. 12(b)(6) Because the Causes of Action Under NY DCL § 276 are Insufficiently Pled

The heightened pleading standard of Fed.R.Civ.P. 9(b)[4] applies to claims of actual fraud under NY DCL § 276. *Ray v. Ray*, 2020 WL 374556, at *2 (2d Cir. 2020); *In re Sharp Intern. Corp.*, 403 F.3d 43, 56 (2d Cir 2005); *In re Khan*, 2014 WL 10474969, at *24 (E.D.N.Y. 2014);

---

[3] "Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." NY DCL § 276.

[4] "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b).

*Picard v. Merkin (In re Bernard L. Madoff Inv. Secs., LLC)*, 440 B.R. 243, 257 (Bankr. S.D.N.Y. 2010). To survive a motion to dismiss, the facts supporting a claim of actual fraud under NY DCL § 276 "must be pled with specificity." *Ray*, 2020 WL 374556 at *2; *In re Sharp Intern. Corp.*, 403 F.3d at 56; *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 179 (2d Cir. 2004) ("[T]he plaintiffs must allege facts that give rise to a *strong* inference of fraudulent intent...." (emphasis in original) (internal quotation marks omitted).

"Due to the difficulty of proving actual intent to hinder, delay, or defraud creditors, the pleader is allowed to rely on 'badges of fraud' to support his case, *i.e.,* circumstances so commonly associated with fraudulent transfers that their presence gives rise to an inference of intent." *In re Sharp Intern. Corp.*, 403 F.3d at 56 (quotations and citations omitted). These badges of fraud include:

(1) the lack or inadequacy of consideration;
(2) the family, friendship or close associate relationship between the parties;
(3) the retention of possession, benefit or use of the property in question;
(4) the financial condition of the party sought to be charged both before and after the transaction in question;
(5) the existence or cumulative effect of a pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors; and
(6) the general chronology of the events and transactions under inquiry.

*Id*. However, "[t]he existence of actual intent to defraud is never presumed, and intent to defraud cannot be found based merely on suspicion, conjecture, or doubtful inference." *Lippe v. Bairnco Corp.*, 249 F. Supp. 2d 357, 375 (S.D.N.Y. 2003) (finding that no reasonable jury could find any badges of fraud). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not support a claim under NY DCL § 276. *Ray*, 2020 WL 374556 at *1 (*citing Iqbal*, 556 U.S. at 678); *see also, RTN Networks, LLC v. Telco Group, Inc*., 126 A.D.3d 477 (1st Dept. 2015) ("The complaint also fails to plead with particularity defendants' intent to

hinder, delay or defraud present or future creditors, as required to properly assert a cause of action for intentional fraudulent conveyance."); *Cargo Partner AG v. Albatrans Inc.*, 207 F. Supp. 2d 86, 116 (S.D.N.Y. 2002), *aff'd*, 352 F.3d 41 (2d Cir. 2003) (conclusory allegations of scienter, if not supported by facts giving rise to fraudulent intent, fail to plead a § 276 claim). *Gindi v. Silvershein*, 1995 WL 347397, at *5 (S.D.N.Y. 1995) (dismissing fraudulent conveyance claim not pled with sufficient particularity).

In the case at bar, Plaintiff's State Court Complaints contain no detailed factual allegations of fraudulent intent, let alone any of the above-referenced badges of fraud. *Mizrahi Aff.* at ¶¶ 4, 10 [Exs. B, H]. In each of the State Court Complaints, the allegations contain merely boiler-plate recitations of NY DCL § 276. *See id.* Indeed, in each of the State Court Actions, the complaints consist of thirteen (13) paragraphs of which nine (9) are prefaced with "upon information and belief." *Mizrahi* Aff. at ¶¶ 4, 10 [Exs. B, H at ¶¶ 2-6, 8-10, 12]. No information is given with respect to the allegation that the conveyances were made "without consideration," *id.* [Exs. B, H at ¶ 4]; no information is given as to why the conveyances were "fraudulent,' *id.* [Exs. B, H at ¶¶ 8-9]; no information as to why "the plaintiff has no adequate remedy at law," *id.* [Exs. B, H at ¶ 12]; and no information is given about any of the factual bases of the other separately enumerated paragraphs in each of the State Court Complaints.

Therefore, the State Court Complaints are insufficiently pled under Fed.R.Civ.P. 9(b) and should respectfully be dismissed under Fed.R.Civ.P. 12(b)(6). *In re Sharp Intern. Corp.*, 403 F.3d at 56 (affirming dismissal of NY DCL § 276 claim for failure to adequately allege fraud).

### A. Pleadings Made "Upon Information and Belief" in NY DCL § 276 Actions are Insufficient to State a Claim Under Fed. R. Civ. P (9)(b) and 12(b)(6)

Under New York law, statements made in pleadings upon 'information and belief' are generally not sufficient to sustain allegations of actual fraud under NY DCL §276. *Carlyle, LLC*

*v. Quik Park 1633 Garage LLC,* 160 A.D.3d 476, 477 (1st Dept. 2018) (NY DCL§ 276 action properly dismissed where key allegations were made "[u]pon information and belief"); *Alexander Condominium, by its Bd. of Managers v. E. 49th St. Dev. II, LLC*, 60 Misc. 3d 1232(A) (Sup. Ct., N.Y. Co. 2018) (affirming dismissal of fraudulent conveyance claims where "all of plaintiff's allegations were made upon information and belief"); *RTN Networks, LLC*, 126 A.D.3d 477 (NY DCL § 276 claims inadequately pled where key allegations are "based on information and belief").

The Eastern District is in accord. When a complaint consists of "bare bones allegations that track the statutory language of the NY DCL made on "information and belief", it fails to adequately plead fraudulent transfer. *See Safety-Kleen Sys., Inc. v. Silogram Lubricants Corp*., 2013 WL 6795963, at *9 (E.D.N.Y. 2013); *see also, Geo-Grp. Commc'ns, Inc. v. Chopra*, 2016 WL 390089, at *6 (S.D.N.Y. 2016) (dismissing fraudulent conveyance claims under NY DCL where the complaint "contains no more than a bare recitation of the elements set forth in DCL § 276"); *Chapin Home for the Aging v. McKimm*, 2014 WL 12883697, at *4 (E.D.N.Y. 2014), *report and recommendation adopted*, 2014 WL 4662401 (E.D.N.Y. 2014) (same).  This is exactly the case here.

In the case at bar, each of the four (4) page State Court Complaints consist of thirteen (13) paragraphs of which nine (9) are prefaced with the phrase "upon information and belief." *Mizrahi* Aff. at ¶¶ 4, 10 [Exs. B, H at ¶¶ 2-6, 8-10, 12].  This is a fatal pleading defect because the State Court Complaints merely parrot NY DCL § 276. *Supra*. at Section II.

Accordingly, Plaintiff's claims for fraudulent conveyance are insufficiently pled and, therefore, the State Court Complaints are devoid of merit and frivolous.

**B. Formulaic Recitation of the Elements of NY DCL § 276 Render the Pleadings Insufficient to State a Claim Under Fed. R. Civ. P 12(b)(6)**

The State Court Complaints' formulaic recitation of the statutory elements of NY DCL § 276 violate the pleading standard set forth in *Twombly.* 550 U.S. at 555. *Mizrahi* Aff. at ¶¶ 4, 10 [Exs. B, H]. This is another fatal pleading defect.

Where, as here, a plaintiff provides no factual detail to support a claim under NY DCL § 276 and instead merely recites the statutory elements, dismissal is warranted under Fed.R.Civ.P. 12(b)(6). *See Safety-Kleen Sys., Inc.*, 2013 WL 6795963 at *9; *see also, Geo-Grp. Commc'ns, Inc.*, 2016 WL 390089 at *6 (dismissing fraudulent conveyance claims under the DCL where the complaint "contains no more than a bare recitation of the elements set forth in DCL § 276"); *Chapin Home for the Aging*, 2014 WL 12883697 at *4, *report and recommendation adopted*, 2014 WL 4662401 (E.D.N.Y. 2014) (same).  This is exactly the case here. Accordingly, the State Court Complaints should respectfully be dismissed under Fed.R.Civ.P. 12(b)(6).

**III.    The Notices of Pendency Must be Cancelled Pursuant to CPLR §§ 6514(a) and (b)**

As an initial matter, this Court has the power to issue an order directing the Queens County Clerk to cancel the Notices of Pendency. *Done v. Wells Fargo*, 2013 U.S. Dist. LEXIS 100650, at *26 (E.D.N.Y. 2013) (issuing order directing Suffolk County Clerk to cancel notice of pendency); *Diaz*, 547 F.3d at 90. Fed.R.Civ.P. 64[5] provides that state law governs the matter of Plaintiff's filing two separate *lis pendens* as against the Residential Property and the Commercial Property

---

[5] "At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies." Fed.R.Civ.P. 64.

pursuant to CPLR § 6501[6]. *See* Fed.R.Civ.P. 64; *Ulysses I & Co., Inc. v. Feldstein*, 2002 WL 1813851 (S.D.N.Y 2002).

CPLR § 6501 provides mandatory and discretionary bases for cancellation. CPLR § 6514(a), which governs mandatory cancellation, provides in relevant part as follows:

> **Mandatory cancellation.** The court, upon motion of any person aggrieved and upon such notice as it may require, shall direct any county clerk to cancel a notice of pendency, if service of a summons has not been completed within the time limited by section 6512; **or if the action has been settled, discontinued or abated**; or if the time to appeal from a final judgment against the plaintiff has expired; or if enforcement of a final judgment against the plaintiff has not been stayed pursuant to section 5519.

(emphasis added) CPLR § 6514(a).  The term "abatement" is not defined in CPLR § 6514(a). *Nastasi v. Nastasi*, 26 A.D.3d 32, 40 (2d Dept. 2005).  Courts that have construed the meaning of the term "abatement" under CPLR § 6514(a) generally hold that the nullification of the underlying action on which the *lis pendens* is based constitutes "abatement." *Id*. Thus, the dismissal of an action constitutes "abatement." *Ulysses I & Co., Inc.*, 2002 WL 1813851;  *Richard J. Zitz, Inc. v. Pereira*, 965 F. Supp. 350, 357 (E.D.N.Y. 1997). Thus, the mandatory cancellation of a notice of pendency is warranted in the absence of a valid claim. *Freidus v. Sardelli*, 192 A.D.2d 578, 580 (2d Dept. 1993) ("[o]nce the cause of action for specific performance was discontinued, the notice of pendency was subject to **mandatory cancellation**.") (citing CPLR § 6514[a]) (emphasis added).

CPLR § 6514(b), in turn, which governs discretionary cancellation, provides:

> **Discretionary cancellation**. The court, upon motion of any person aggrieved and upon such notice as it may require, may direct any county clerk to cancel a notice of pendency, **if the plaintiff has not commenced or prosecuted the action in good faith**.

---

[6] A notice of pendency may be filed in any action in a court of the state or of the United States in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property, except in a summary proceeding brought to recover the possession of real property. CPLR § 6501.

CPLR § 6514(b) (emphasis added).  Under New York law, the decision to cancel a notice of pendency based on lack of good faith of party filing notice of pendency is addressed to the trial court's sound discretion. *Bunnell v. Haghighi*, 183 F. Supp. 3d 364 (E.D.N.Y. 2016).

As set forth more fully below, cancellation of the Notices of Pendency is warranted under both CPLR §§ 6514 (a) and (b).

### A. The Notices of Pendency Must be Cancelled Pursuant to both CPLR §§ 6514(a) and (b) Because Plaintiff's NY DCL § 276 Claims are Meritless

Plaintiff's baseless fraudulent conveyance claims, which are made entirely "upon information and belief," warrant cancellation of the Notices of Pendency pursuant to CPLR § 6514(a).  Because Plaintiff's State Court Complaints are flimsy, inartfully pled and cannot support the heightened pleading standard for a cause of action sounding in fraud under Fed.R.Civ.P. 9(b), each of CPLR § 6514's mandatory and discretionary bases for cancellation of the Notices of Pendency is appliable here.

A notice of pendency cannot be maintained in the absence of a valid claim. *Guberman v. Rudder*, 85 A.D.3d 683 (1st Dept. 2011). Once a complaint is dismissed, then the *lis pendens* must also be cancelled. *Id*. (affirming cancellation of notice of pendency following dismissal of complaint for failure to allege fraud); *Jericho Group Ltd. v. Midtown Dev., L.P.*, 67 A.D.3d 431, 432 (1st Dept. 2009) (motion to cancel notices of pendency properly granted where plaintiff's claims were dismissed); *Sorenson v. 257/117 Realty, LLC,* 62 A.D.3d 618, 619 (1st Dept. 2009) (notice of pendency properly cancelled once the court determined that "plaintiff's claims were baseless"); *Somma v. Wehrle*, 666 N.Y.S.2d 17, 18 (2d Dept. 1997) (affirming cancellation, and award of costs and sanctions where the underlying litigation was found to be without merit); *Freidus*, 192 A.D.2d at 580 ("[o]nce the cause of action for specific performance was discontinued, the notice of pendency was subject to **mandatory cancellation** (*see*, CPLR § 6514[a]), since any

judgment rendered upon the remaining causes of action and counterclaims would not directly "affect title to, or the possession, use or enjoyment of, real property" (CPLR § 6501) (emphasis added).

As explained in Section II, *supra*, the State Court Complaints are fatally deficient under Fed.R.Civ.P. 12(b)(6). Each of the State Court Complaints consist of thirteen (13) paragraphs of which nine (9) are prefaced with the phrase "upon information and belief." *Mizrahi Aff.* at ¶¶ 4, 10 [Exs. B, H at ¶¶ 2-6, 8-10, 12]. Not a single specific factual allegation is included. *See, e.g., id.* The State Court Complaints are classic examples of impermissible boiler-plate pleading. *Ray*, 2020 WL 374556 at *1 (*citing Iqbal*, 556 U.S. at 678); *see also, RTN Networks, LLC,* 126 A.D.3d 477.

Accordingly, Plaintiff's failure to properly plead claims fraudulent conveyance in the State Court Complaints mandates the cancellation of the Notices of Pendency, pursuant to CPLR §§ 6501(a) and (b).

**B. The Notices of Pendency Must be Cancelled Pursuant to CPLR §§ 6514(a) and (b) Because the State Court Complaints Do Not Affect Title to Real Property as Required by CPLR § 6501**

CPLR § 6501 provides that:

> "[a] notice of pendency may be filed in any action in a court of the state or of the United States in which **the judgment demanded would affect the title to, or the possession, use, or enjoyment of, real property**...."

CPLR § 6501 (emphasis added). On a motion to cancel a *lis pendens*, the court will look to the allegations of the complaint and the notice of pendency. *Zitz*, 965 F. Supp. at 355 (E.D.N.Y. 1997) (citations and quotations omitted). "But in reviewing the complaint, courts are not bound by the labels a plaintiff assigns to his claim or the relief sought." *Ostad v. Nehmadi*, 31 Misc. 3d 1211(A) (Sup. Ct., N.Y. Co. 2011); *Yonaty v. Glauber*, 40 A.D.3d 1193, 1195 (3d Dept. 2007). The subject litigation must be one where the relief requested is "directly related" to the title, possession, use or

enjoyment of the real property. *Zitz*, 965 F. Supp. at 355 (citations and quotations omitted). The plaintiff filing the notice of pendency must claim some "interest…in the land of a defendant which might be lost under the recording acts in the event of a transfer of the subject property" during the litigation. *Id.* (citations and quotations omitted) (emphasis added).

In the case at bar, Plaintiff is impermissibly using the Notice of Pendency as a form of attachment to secure a source of funds on account of a contingent claim in the Federal Court Action. *Id.*. Indeed, in each of the "WHEREFORE" clauses in the State Court Complaints, Plaintiff admittedly requests the relief of "money damages." *Mizrahi Aff.* at ¶¶ 4, 10 [Exs. B, H]. His State Court Complaints further reference and acknowledge the Federal Court Action. *Mizrahi Aff.* at ¶¶ 4, 10 [Exs. B, H at ¶ 7]. Paragraph 7 of each of the State Court Complaints[7] each state:

> "The defendant LINDEN TUDOR is a named defendant in a pending lawsuit filed by the plaintiff captioned <u>Gursewak Singh v Lintech Electric, Inc. et al</u> EDNY Case No.: 1:18-cv-05780 seeking on his behalf an award of **monetary damages** against the defendant LINDEN TUDOR for unpaid wages, unpaid overtime, unpaid prevailing wages, liquidated damages, interest and attorneys fees and other claims all due him pursuant to applicable law and regulation."

*Mizrahi Aff.* at ¶¶ 4, 10 [Exs. B, H at ¶ 7] (emphasis added). Furthermore, by letter dated April 7, 2020, Plaintiff's counsel admitted:

> "The fraudulent conveyance lawsuits filed by plaintiff that will be the subject of the motion to dismiss are not in a vacuum **but were filed in connection with plaintiff's underlying claim under the FLSA**…"

*Id.* at ¶ 12 [Ex. J] (emphasis added). Thus, Plaintiff is not really claiming some "**interest…in the land**…which might be lost under the recording acts in the event of a transfer of the subject property during the litigation." *Zitz,* 965 F.Supp. at 355 (citations and quotations omitted) (emphasis

---

[7] The Court may properly consider the complaint filed in the Federal Court Action because the pleading is a pubic court filing, subject to judicial notice. *Roe v. Johnson*, 334 F. Supp. 2d 415, 419-20 (S.D.N.Y. 2004) (recognizing that a court, pursuant to FRE Rule 201(b), may take notice of the public record, including complaints and court opinions).

added); *United States v. Kramer,* 2006 WL 3545026, at *9 (E.D.N.Y. 2006) ("where a plaintiff's claim is, in essence only a money claim, a notice of lis pendens is not proper at all").

### i.   The Notices of Pendency Are Not Proper Because They Do Not Constitute a Direct, Pre-Existing Claim on Real Property

Despite the broad language of CPLR § 6501, which allows for the filing of a notice of *lis pendens* where "judgment demanded would affect the title to, or the possession, use or enjoyment of, real property," the statute is interpreted narrowly by New York courts. CPLR § 6501; *Diaz*, 547 F.3d at 98; *Kramer*, 2006 WL 3545026 at *9  *citing* CPLR §6501. As this Court has instructed that, when determining the propriety of a notice of pendency, a court should not only look to the relief sought, but must also "examine the [pleading] in its entirety" to determine its true substance. *Haghighi*, 183 F. Supp. 3d at 370.

In order to file a notice of pendency, the plaintiff generally must have "**a direct, pre-existing claim to the property itself and not merely a transitory claim**." *Ostad*, 31 Misc. 3d 1211(A) (quotations and internal citations omitted) (emphasis added); *see also Braunston v. Anchorage Woods, Inc.,* 10 N.Y.2d 302 (1961) (holding that a notice of pendency may be filed only in actions implicating recording act principles, that is, in situations where plaintiff's right, title, or interest in defendant's land might be lost as a result of a transfer of the property to a purchaser for value who lacks notice of plaintiff's claim).  The Court of Appeals for the Second Circuit has instructed that a "[*lis pendens*] in New York is available only to secure claims of **existing interests in the realty at issue**." *Diaz*, 547 F.3d at 100 (emphasis added).  It is axiomatic that CPLR § 6501 is to be given a "narrow application to **pre-existing claims affecting the property**." *Id.* at 101 (emphasis added).

The basic test is whether the pleading on its face directly affects the necessary interest in the land – a *lis pendens* is improper if the relationship of action to realty is only indirect. *Ostad*,

31 Misc. 3d 1211(A) (citations omitted). Consequently, New York courts have confined the notice of pendency to cases in which a plaintiff claims a **direct interest** in the defendant's real property, and actions asserting an interest in personal property do not fall within the scope of CPLR § 6501. *See Savasta v. Duffy,* 257 A.D.3d 435 (1st Dept. 1999) (holding that notice of pendency is improper in an action arising from a dispute over ownership of stock in a cooperative apartment because such claim represented an interest in personal property); *5303 Realty Corp. v. O & Y Equity Corp.,* 64 N.Y.2d 313 (1984).

As set forth more fully above, the State Court Complaints do not even allege that Plaintiff holds a **pre-existing direct** interest in real property. *Diaz*, 547 F.3d at 100.  This is a fatal pleading defect under *Diaz*. *Id*. Because the State Court Complaints cannot be viewed in a vacuum without the Federal Court Complaint, *Haghighi*, 183 F. Supp. 3d 364, 370, the "true substance," *id*., of the State Court Complaints and the Notices of Pendency demonstrate that Plaintiff does not have a direct, pre-existing interest that "affect[s]" title to real property, as required by CPLR § 6501.

Accordingly, the Notices of Pendency should be cancelled pursuant to CPLR § 6514(b).

### IV. Defendants Should Be Awarded Attorneys' Fees and Costs Pursuant to CPLR § 6514(c)

CPLR § 6514(c) provides:

[t]he court, in an order cancelling the notice of pendency under this section, may direct the plaintiff to pay any costs and expenses occasioned by the filing and cancellation, in addition to any costs of the action.

CPLR § 6514(c); *see also Haghighi*, 183 F. Supp. 3d at 369 (citing CPLR 6514(b), (c)); *Josefsson* 141 A.D.2d at 701. The decision to award costs is addressed to the trial court's sound discretion. *Hulko v. Connell*, 1990 WL 139022, at *4 (S.D.N.Y. 1990).  The failure of a plaintiff's complaint to state a cause of action affecting real property constitutes the "failure to prosecute…in good faith" pursuant to CPLR § 6514(b).  *Haghighi*, 183 F. Supp. 3d at 369.

"Where a plaintiff is using the notice of pendency for an ulterior purpose, a finding of lack of good faith can be made." *Lessard Architectural Grp., Inc., P.C. v. X & Y Dev. Grp., LLC*, 930 N.Y.S.2d 652, 654 (2d Dept. 2011) (citation omitted). **Where the suit involves real property, but only in order to "secure a source of funds in the event that [plaintiff] ultimately prevails" – that is, the notice is being used as a form of attachment – a notice of pendency is improper**. *See Zitz*, 965 F. Supp. 350 (emphasis added); *5303 Realty Corp.*, 64 N.Y.2d at 324.

Where, as here, a notice of pendency is filed by a contingent creditor to secure a prospective money judgment, the filing of the notice of pendency is patently improper. *Zitz*, 965 F. Supp. 350 (finding that "plaintiff [was improperly] using the notice of pendency as a form of attachment to secure a source of funds"); *Lazar v. Maragold Group, Ltd*., 150 A.D.2d 645, 646 (2d Dept. 1989); *Josefsson*, 141 A.D.2d 700 (cancelling notice of pendency and awarding defendant property owners' costs and expenses, including attorneys' fees); *Long Is. City Sav. and Loan Ass'n v. Gottlieb,* 90 A.D.2d 766 (2d Dept. 1982), *mod*, 58 N.Y.2d 931 (1983) (complaint seeking declaratory judgment on ownership of subject property was essentially one for damages).

Accordingly, Defendants respectfully request that they be awarded their expenses (including attorneys' fees) and costs incurred in connection with the filing and prosecution of the Notices of Pendency.[8]

## A. Plaintiff's Counsel Ignored Multiple Warning Concerning the Impropriety of the *Lis Pendens*

This Court should respectfully be aware that, more than two (2) months prior to making the instant motion, the undersigned counsel advised Plaintiff's counsel that the Notices of Pendency were improperly filed, citing applicable case authorities, and requested removal of the

---

[8] Should the Court act favorably on this request, Defendants respectfully request an opportunity to submit a fee application for the Court's consideration.

notices of pendency in order to avoid motion practice. *Mizrahi Aff.* at ¶ 13 [Ex. K]. Plaintiff's counsel did not heed said warnings.  Defendants, therefore, had to resort to filing a pre-motion conference letter. *Id.* Plaintiff's counsel failed to submit a written response to Defendants' pre-motion conference letter. *See, generally* Dckt. Entries Feb. 3, 2020 through Feb. 28, 2020.

This Court has awarded attorneys' fees and costs in similar circumstances.  *See Haghighi*, 183 F. Supp. 3d 364 (fees and costs under CPLR § 6514(c) warranted where underlying claim did not affect tile to subject property, and plaintiff's counsel refused to consent to its withdrawal); *see also Tropeano v. Tropeano*, 827 N.Y.S.2d 161, 163 (2d Dept. 2006) (affirming sanctions where attorney filed notice of pendency against a residential property, after bringing an action to recover legal fees); *Yenom Corp., v. 155 Wooster Street Inc.*, 818 N.Y.S.2d 210, 212 (1st Dept. 2006) (affirming cancellation of notice of pendency and imposing sanctions where underlying action did not affect the title, use or employment of real property); *Somma*, 666 N.Y.S.2d at 18 (affirming award of costs and sanctions where notice of pendency was filed and where the underlying litigation was found to be without merit).

Accordingly, the award of attorneys' fees and costs is warranted in this case pursuant to CPLR § 6514(c).

## V.   Defendants are Also Entitled to Sanctions Under 28 U.S.C. § 1927 and the Court's Inherent Authority

Requests for sanctions under 28 U.S.C. § 1927 and pursuant to the court's inherent authority may be decided in a single inquiry. *United States v. Prevezon Holdings, Ltd.*, 305 F. Supp. 3d 468, 479 (S.D.N.Y. 2018) (internal quotation marks and citation omitted). The Second Circuit has held that "[t]o impose sanctions under either authority, a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith – that is, motivated by improper purposes such as harassment or delay." *Eisemann v.*

*Greene*, 204 F.3d 393, 396 (2d Cir. 2000) (internal quotation marks and citation omitted). This Court should respectfully award sanctions as against Plaintiff's counsel under each of the independent bases, 28 U.S.C. § 1927 and pursuant to the court's inherent authority.

**A. The Filing and Prosecution of the NY DCL § 276 Fraud Claims Lacked a Colorable Basis**

A claim is colorable when it reasonably might be successful, while a claim lacks a colorable basis when it is utterly devoid of a legal or factual basis. *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 337 (2d Cir. 1999). Here, sanctions are warranted under both bases. *See, e.g.*, *Haghighi*, 183 F. Supp. 3d at 370.

As explained in Section I, *supra*, the State Court Complaints are time barred. The First State Court Complaint was filed nearly **seventeen** years after the Residential Property was allegedly transferred in March 2003. The Second State Court Complaint was filed nearly **thirteen** years after the Commercial Property was allegedly transferred in September 2007. Therefore, the State Court Complaints are time barred by the six-year statute of limitations.

As explained in Section II, *supra*, the State Court Complaints are facially deficient. The allegations in the State Court Complaint, which are made entirely "upon information and belief", merely parrot the statutory language of NY DCL § 276 and fail to comply with the heightened pleading standards of Fed.R.Civ.P. 9(b). *Geo-Grp. Commc'ns, Inc.*, 2016 WL 390089 at *6 (dismissing fraudulent conveyance claims where the complaint "contains no more than a bare recitation of the elements set forth in DCL § 276..."); *RTN Networks, LLC.*, 126 A.D.3d at 477 (dismissing cause of action under DCL § 276 because "key allegations regarding the allegedly fraudulent conveyance are based on information and belief, and as they fail to reveal the source of that information, they are inadequate under CPLR § 3016(b)"); *Chapin Home for the Aging*, 2014 WL 12883697 at *4, *report and recommendation adopted*, 2014 WL 4662401 (E.D.N.Y. 2014)

(legal conclusions masked as factual assertions are insufficient to establish DCL § 276 claim); *Ray v. Ray*, 108 A.D.3d 449 (1st Dept. 2013) (affirming dismissal of claims under DCL § 276 because "[g]eneral [s]tatements" by plaintiff "fail to support a cause of action for actual intent to defraud, even giving the plaintiff the benefit of every possible doubt").

**B.  The Filing of the Notices of Pendency Lacked a Colorable Basis**

As explained in Section III, *supra*, by Plaintiff's own admissions, the Notices of Pendency were not commenced or prosecuted in good faith because Plaintiff's ultimate relief seeks monetary damages, and would not affect title to property.

The "extraordinary privilege" of filing a notice of pendency is improper where a creditor is merely trying to enforce and collect on a money judgment. *Israelson v. Bradley*, 308 N.Y. 511 (1955); *see also Haghighi*, 183 F. Supp. 3d at 370 (fees and costs under CPLR § 6514(c) warranted where underlying claim did not affect tile to subject property); *Delidimitropoulos v. Karantinidis*, 142 A.D.3d 1038, 1040 (2d Dept. 2016) (same); *In re Gormally*, 550 B.R. 27, 45 (Bankr. S.D.N.Y. 2016) ("[a]s New York state courts have recognized, it is simply improper to use a notice of pendency as a form of attachment"); *Guberman*, 85 A.D.3d at 684 (awarding sanctions where filing of the action was found to be "frivolous"); *Sorenson,* 62 A.D.3d at 619 (lack of merit to plaintiff's fraudulent conveyance action warranted the court's imposition of sanctions, costs and attorney's fees); *Phillip v. Zanani,* 2008 NY Slip Op. 52285U, at *4 (Sup. Ct., N.Y. Co. 2008) (affirming cancellation of notice of pendency filed by plaintiff in connection with an action for recovery of fees); *Homespring, LLC v. Lee,* 866 N.Y.S. 2d 212, 213 (2d Dept. 2008) (same); *Kramer*, 2006 WL 3545026 at *9 ("where a plaintiff's claim is, in essence only a money claim, a notice of lis pendens is not proper at all"); *Yenom Corp.*, 818 N.Y.S.2d at 212 (affirming cancellation of notice of pendency and imposing sanctions where underlying action did not affect

the title, use or employment of real property); *Zitz*, 965 F. Supp. 350 (finding that "plaintiff [was improperly] using the notice of pendency as a form of attachment to secure a source of funds"); *Somma*, 666 N.Y.S.2d at 18 (affirming award of costs and sanctions where notice of pendency was filed and where the underlying litigation was found to be without merit); *Lazar*, 150 A.D.2d at 646 (affirming finding of bad faith where plaintiff filed notice of pendency in attempt to recoup payments made under purchase contract); *Josefsson*, 141 A.D.2d 700   (cancelling notice of pendency and awarding defendant property owners costs and expenses, including attorneys' fees); *5303 Realty Corp*., 64 N.Y.2d 313 (complaint seeking declaratory judgment on ownership of subject property was essentially one for damages).

Where, as here, a plaintiff has not pled a cause of action that would affect title to real property, sanctions should be imposed under 28 U.S.C. § 1927 and pursuant to the court's inherent authority.

### C.  Plaintiff's Counsel's Bad-Faith is Clear

"Bad faith can be inferred when the actions taken are 'so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose.'" *Estate of Warhol*, 194 F.3d at 338 (*quoting People of the State of New York v. Operation Rescue Nat'l*, 80 F.3d 64, 72 (2d Cir. 1996)). Bad faith may be found in both "the actions that led to the lawsuit," as well as "in the conduct of the litigation." *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986) (quoting *Hall v. Cole*, 412 U.S. 1, 15 (1973)) (addressing inherent authority to sanction). Such is the case here.

### i.     Malicious and Abusive Pleadings

The State Court Complaints are classic examples of malicious and abusive pleadings, replete with speculative allegations against Defendants. As noted in Sections II and V(B), *supra*,

the allegations are made entirely "upon information and belief" and merely parrot the statutory language of NY DCL § 276.

The sheer willingness of Plaintiff's counsel to speciously accuse Defendants of fraudulent activity, and cloud title to *two* properties clearly warrants the imposition of sanctions. *See Haghighi*, 183 F. Supp. 3d 364 (imposing sanctions for bad faith *lis pendens* filing).

### ii.    Collateral and Improper Purpose

As explained in Section III, *supra*, by Plaintiff's own admission, the Notices of Pendency were improperly utilized to secure a source of funds in the event Plaintiff ultimately prevails in the FLSA action. The foregoing objective is plainly improper, and thus clearly sanctionable pursuant to this Court's inherent authority. *Id*. (imposing sanctions for bad faith *lis pendens* filing following a determination of improper purpose).

### iii.    Multiplying Litigation Unreasonably and Vexatiously

As noted in Section IV, *supra*, the aforementioned misconduct is fairly attributable to Plaintiff's attorney, and clearly amounts to "unreasonable" and "vexatious" conduct within the purview of 28 U.S.C. § 1927. *See Haghighi*, 183 F. Supp. 3d at 373 (sanctioning attorney for, *inter alia*, engaging in frivolous motion practice). Whether viewed separately or together, the "unreasonable" and "vexatious" conduct on the part of plaintiff's counsel is manifest, and clearly pertains to – (a) unreasonably advocating the merits of the State Court Complaints, without articulating any factual or legal basis; (b) opposing Defendants' request to remove the Complaints to Federal Court (*Mizrahi Aff.* at ¶ 7 [Ex. E]); (c) opposing Defendants' request for a protective order limiting discovery pending the outcome of the instant motion (*Mizrahi Aff.* at ¶ 14 [Ex. L]); (d) causing Defendants to prepare and appear for a pre-motion conference (*Mizrahi Aff.* at ¶ 13 [Ex. K]) and (e) causing Defendants to prepare and file a comprehensive dismissal motion.

## VI.     Discovery Should be Stayed Pending Determination of Defendants' Motion to Dismiss

Under Fed.R.Civ.P. 26(c), a district court may stay discovery during the pendency of a motion to dismiss for "good cause shown." *In re Currency Conversion Fee Antitrust Litigation*, 2002 WL 88278, at *1 (S.D.N.Y. 2002); *Telesca v. Long Island Hous. P'ship, Inc.*, 2006 WL 1120636, at *1 (E.D.N.Y. 2006). "Good cause requires a showing of facts militating in favor of the stay." *Id.* (quotations omitted). Factors that courts have considered when determining whether or not a stay is appropriate include: (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. *Id.*

As set forth more fully above, the instant action is "entirely without merit." *Backer v. USD 30 Billion MTN Programme,* 2017 WL 6387732, at *7 (S.D.N.Y. 2017) (concluding that "[b]ecause plaintiff's claims under the federal laws referenced in the Amended Complaint are "patently without merit," there is no federal question jurisdiction). Accordingly, the Court should respectfully stay discovery.

## <u>CONCLUSION</u>

For the reasons stated above, Defendants' Motion should be granted in its entirety, and an award of attorneys' fees, costs, and sanctions in an amount to be determined by the Court should be entered against Plaintiff's attorney.

Dated: New York, New York
        April 24, 2020

Respectfully Submitted,

LEVIN EPSTEIN & ASSOCIATES, P.C.

*/s Jason Mizrahi*
Jason Mizrahi, Esq.
Joshua Levin-Epstein, Esq.
420 Lexington Avenue, Suite 2525

New York, New York 10170
Tel No.: (212) 792-0048
*Attorneys for Defendants*