**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

GURSEWAK SINGH                                    Case No.: 1:18-cv-05780

  *Plaintiff*,

  *-against-*                                     Hon. Senior District Judge Frederic
                                                  Block

LINTECH ELECTRIC, INC., LINDEN J. TUDOR,

  *Defendants.*
-------------------------------------------------------------X

GURSEWAK SINGH,
                                                  Index No.: 720551-2019
  *Plaintiff*,

  *-against-*

HOLLY TUDOR, LINDEN TUDOR,

  *Defendants.*
-------------------------------------------------------------X

GURSEWAK SINGH,
                                                  Index No.: 526826-2019
  *Plaintiff*,

  *-against-*

HOLLY  TUDOR,  LINDEN  TUDOR,  TUDOR
ENTERPRISE FAMILY LIMITED PARTNERSHIP,

  *Defendants.*
-------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS' MOTION TO (I) DISMISS PLAINTIFF'S STATE COURT
COMPLAINTS, (II) CANCEL THE *LIS PENDENS*, (III) AWARD
DEFENDANTS' ATTORNEYS FEES AND COSTS AND (IV) FOR SANCTIONS**

**LEVIN-EPSTEIN & ASSOCIATES, P.C.**
Jason Mizrahi, Esq.
Joshua Levin-Epstein, Esq.
420 Lexington Avenue, Suite 2525
New York, NY  10170
*Attorney for Defendants*

Dated:  New York, New York
        May 29, 2020

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ iv

PRELIMINARY STATEMENT ......................................................................................... 1

ARGUMENT ....................................................................................................................... 3

I.   Plaintiff's Inexplicable Failure to Address Certain Arguments Results in Waiver and
     Abandonment ................................................................................................................ 3

II.  The Court Should Respectfully Decline to Consider the New Facts and Documents Improperly
     Submitted for the First Time in Opposition to this Motion ........................................... 4

     A.   Plaintiff's New Facts Should Not be Considered ................................................. 5

     B.   The Silver Aff., and the Exhibits Annexed Thereto Must be Stricken for Violation of this
          Court's Protective Order, as Plaintiff Failed to Make the Necessary Application .............. 5

     C.   The Improperly Filed Proposed Amended Complaints Must be Stricken ................ 7

III. Plaintiff Fails to Present Any Viable Argument to Contest Defendants' Claim that the Causes of
     Action Under NY DCL § 276 are Time Barred ............................................................. 8

     A.   Plaintiff's Reliance on Caselaw Relating to the "Two-Year from Discovery Rule" is
          Misplaced ......................................................................................................... 9

IV.  Plaintiff Fails to Present Any Viable Argument to Contest Defendants' Claim that the Causes of
     Action Under NY DCL § 276 are Insufficiently Pled ................................................. 11

     A.   The State Court Complaints Fail to Plead an Inference of Fraud Based on Lack of Fair
          Consideration ................................................................................................... 11

          i.    The State Court Complaints Fail to Plead the Transfers Were Not for Fair Equivalent
                Value ......................................................................................................... 12

          ii.   The State Court Complaints Fail to Plead a Lack of Good Faith for the Transfers .......... 13

     B.   The State Court Complaints Fail to Plead an Inference of Fraud Based on a Close
          Relationship ..................................................................................................... 13

          i.    Plaintiff's Reliance on Caselaw Relating to Intra-Family Transfers is Misplaced .......... 14

     C.   The State Court Complaints Fail to Plead an Inference of Fraud Based on the Retained
          Possession, Benefit or Use of the Properties in Question .......................................... 15

     D.   The State Court Complaints Fail to Plead an Inference of Fraud Based on Defendants'
          Financial Condition ........................................................................................... 16

E.  The State Court Complaints Fail to Plead an Inference of Fraud Based on Any Course of Conduct ................................................................................................................... 16

**CONCLUSION** ........................................................................................................................ **17**

# TABLE OF AUTHORITIES

## Cases

*5303 Realty Corp. v. O & Y Equity Corp.*,
    64 N.Y.2d 313 (1984) .................................................................................................. 7, 8

*Amusement Indus., Inc. v. Midland Ave. Assocs.*,
    820 F. Supp. 2d 510 (S.D.N.Y. 2011) .................................................................... 12

*Anti–Monopoly, Inc. v. Hasbro, Inc.*,
    958 F. Supp. 895 (S.D.N.Y. 1997) ........................................................................... 4

*Bleru Realty Corp. v. 158 East 23rd Street Rest. Corp.*,
    200 A.D.2d 547 (1st Dept. 1994) ............................................................................ 12

*Bonilla v. Smithfield Assocs. LLC*,
    2009 WL 4457304 (S.D.N.Y. 2009) ......................................................................... 4

*Bunnell v. Haghighi*,
    183 F. Supp. 3d 364 (E.D.N.Y. 2016) ...................................................................... 7

*Cargo Partner AG v. Albatrans Inc.*,
    207 F. Supp. 2d 86 (S.D.N.Y. 2002) ...................................................................... 17

*Cty. of Suffolk v. Toussie*,
    2007 WL 7616775 (E.D.N.Y. 2007) ......................................................................... 8

*Diaz v. Paterson*,
    547 F.3d 88 (2d Cir. 2008) ....................................................................................... 2

*DoubleLine Capital LP v. Odebrecht Fin., Ltd.*,
    323 F. Supp. 3d 393 (S.D.N.Y. 2018) ............................................................... 11, 16

*Drake v. Lab. Corp. of Am. Holdings*,
    2009 WL 2867901 (E.D.N.Y. 2009) ......................................................................... 8

*Essex Capital Corp. v. Garipalli*,
    2018 WL 6618388 (S.D.N.Y. 2018) ......................................................................... 9

*Guo v. IBM 401(k) Plus Plan*,
    95 F. Supp. 3d 512 (S.D.N.Y. 2015) ....................................................................... 5

*In re Chin*,
    492 B.R. 117 (Bankr. E.D.N.Y. 2013) ............................................................................ 14

*In re Old CarCo LLC*,
    509 Fed. Appx. 77 (2d Cir. 2013) ................................................................................ 12

*In re Saba Enterprises, Inc.,*
    421 B.R. 626 (Bankr. S.D.N.Y. 2009) .......................................................................... 17

*In re Sharp Int'l Corp.*,
    403 F.3d 43 (2d Cir. 2005)............................................................................................ 11

*In re Tribune Co.,*
    2017 WL 82391 (S.D.N.Y. 2017) ................................................................................. 16

*In re Vivaro Corp.*,
    524 B.R. 536 (Bankr. S.D.N.Y. 2015) ................................................................ 12, 13, 16

*Innovative Custom Brands, Inc. v. Minor,*
    2016 WL 308805 (S.D.N.Y. 2016)............................................................................... 13

*Jaliman v. D.H. Blair & Co., Inc.*,
    105 A.D.3d 646 (1st Dept. 2013)................................................................................. 12

*Javed v. Medgar Evers Coll. of the City Univ. of New York*,
    2017 WL 4357138 (E.D.N.Y. 2017).............................................................................. 3

*K.D. ex rel. Duncan v. White Plains School Dist.*,
    921 F. Supp. 2d 197 (S.D.N.Y. 2013)........................................................................... 5

*Kim v. Ji Sung Yoo*,
    311 F. Supp. 3d 598 (S.D.N.Y. 2018)............................................................... 11, 14, 16

*Laface v. E. Suffolk Boces*,
    349 F. Supp. 3d 126 (E.D.N.Y. 2018) ........................................................................... 3

*Lomonoco v. Saint Anne Inst.*,
    2018 WL 2324051 (N.D.N.Y. 2018) ............................................................................. 3

*Lorber v. Winston*,
    962 F. Supp. 2d 419, 445 (E.D.N.Y. 2013) ................................................................... 9

*Martinez v. Sanders*,
   2004 WL 1234041 (S.D.N.Y. 2004)........................................................................ 4

*OBG Tech. Services, Inc. v. Northrop Grumman Space & Mission Sys. Corp.*,
   503 F. Supp. 2d 490 (D. Conn. 2007)..................................................................... 9

*Ostad v. Nehmadi*,
   31 Misc. 3d 1211(A) (Sup. Ct., N.Y. Co. 2011)..................................................... 7

*Rajaratnam v. Motley Rice, LLC*,
   2020 WL 1476171 (E.D.N.Y. 2020)........................................................................ 8

*Roberts v. Weight Watchers Intl., Inc.*,
   217 F. Supp. 3d 742 (S.D.N.Y. 2016)..................................................................... 5

*Robinson v. Fischer*,
   2010 WL 5376204 (S.D.N.Y. 2010)........................................................................ 4

*Rodman v. Stryker Sales Corp.*,
   2014 WL 5002095 (S.D.N.Y. 2014)........................................................................ 5

*Rosa v. TCC Communications, Inc.*,
   2017 WL 980338 (S.D.N.Y. 2017)........................................................................ 17

*Roth v. Jennings*,
   489 F.3d 499 (2d Cir. 2007).................................................................................... 4

*RTN Networks, LLC v. Telco Grp., Inc.*,
   126 A.D.3d 477 (1st Dept. 2015).......................................................................... 12

*Safety-Kleen Systems, Inc. v. Silogram Lubricants Corp.*,
   2013 WL 6795963 E.D.N.Y. 2013)....................................................................... 12

*DiFolco v. MSNBC Cable L.L.C.*,
   622 F.3d 104 (2d Cir. 2010).................................................................................... 4

*Stinnett v. Delta Air Lines, Inc.*,
   278 F. Supp. 3d 599  (E.D.N.Y. 2017) .................................................................. 3

*Thomas v. Atl. Express Corp.*,
   2009 WL 856993 (S.D.N.Y. 2009)......................................................................... 4

vi

*Thomas v. City of New York*,
    2013 WL 3810217 (E.D.N.Y. 2013)............................................................................. 5

*United States v. McCombs,*
    30 F.3d 310 (2d Cir. 1994)........................................................................................... 14

*Universal Trading & Inv. Co., Inc. v. Tymoshenko*,
    2012 WL 6186471 (S.D.N.Y. 2012).............................................................................. 5

*Voiceone Commc'ns, LLC v. Google Inc.*,
    2014 WL 10936546 (S.D.N.Y. 2014)............................................................................ 8

*Waite v. Schoenbach*,
    2010 WL 4456955 (S.D.N.Y. 2010).............................................................................. 12

*Youmans v. Schiro*,
    2013 WL 6284422 (S.D.N.Y. 2013)............................................................................... 3

*Youssef v. Halcrow, Inc.*,
    504 Fed. Appx. 5 (2d Cir. 2012).................................................................................... 13

Defendants Linden Tudor ("**Mr. Tudor**"), Holly Tudor ("**Ms. Tudor**"), Tudor Enterprise Family Limited Partnership (the "**Family Limited Partnership**", and together with Mr. Tudor and Ms. Tudor, the "**Defendants**"), by and through the undersigned counsel, respectfully submit this reply memorandum of law (the "**Reply'**"), together with the Affirmation of Jason Mizrahi, Esq. (the "**Mizrahi Aff**."), and the exhibits annexed thereto, in further support of Defendants' motion (the "**Motion**") to, *inter alia*, dismiss Plaintiff Gursewak Singh's (the "**Plaintiff**") state court complaints dated December 9, 2019 (the "**First State Court Complaint**"), and dated December 10, 2019 (the "**Second State Court Complaint**", and together with the First State Court Complaint, the "**State Court Complaints**"). This Reply is also submitted in response to Plaintiff's May 15, 2020 opposition ("**Plaintiff's Opp.**") to Defendants' Motion, and as grounds thereto respectfully state as follows:

## PRELIMINARY STATEMENT

As a preliminary matter, Plaintiff's Opp. inexplicably fails to address the following arguments set forth in Defendants' underlying Motion:

- Dismissal of the State Court Complaints for failure to satisfy the heightened pleading standard for a cause of action sounding in fraud under Fed.R.Civ.P. 9(b) [Motion at pp. 7-11];

- Cancellation of the Notices of Pendency pursuant to CPLR §§ 6514(a) and (b) [*id.* at pp. 11-17];

- Award of attorneys' fees and costs pursuant to CPLR § 6514(c) [*id.* at 17-19];

- Sanctions under 28 U.S.C. § 1927 and the Court's inherent authority[*id.* at 19-23]; and

- Staying discovery pending determination of the Motion [*id.* at p. 24].

Thus, as a matter of law, Plaintiff has waived any objection to the foregoing claims for relief. *See* Section I, *infra*.  Plaintiff's procedural infirmities do not end there.

1

In blatant violation of the law pertaining to opposition memoranda, Plaintiff attaches eleven (11) brand new exhibits, which include two (2) improperly filed proposed amended complaints (the "**Proposed Amended Complaints**"), and adds four (4) pages of previously unpled facts. Where, as here, the plaintiff has filed notices of pendency together with a complaint, the controlling case law constrains prohibits the amendment of the initial pleading. Thus, Plaintiff's submission of the Proposed Amended Complaints and other documentary materials should, respectfully, not be considered by the Court.

Plaintiff's desperate ploy to rewrite his claims demonstrates that the allegations of the State Court Complaints are woefully insufficient to sustain a claim under § 276 of New York's Debtor Creditor Law ("**NY DCL**") and the two (2) notices of pendency on Defendants' respective residential and commercial properties (the "**Notices of Pendency**").

*First*, the alleged conveyances, were made over a decade before Plaintiff alleged to have started working for Mr. Tudor, and are clearly time barred by the applicable statute of limitations. *Second*, the State Court Complaints are devoid of any specific factual allegations sufficient to meet Plaintiff's heightened burden to plead fraud with particularity under Fed.R.Civ.P. 9(b). *Third*, the notices of pendency must be cancelled pursuant to CPLR § 6501(a) and CPLR § 6501(b) where, as here, the State Court Complaints fail to allege a direct, "pre-existing" relationship to the subject real property, as required by the controlling Second Circuit precedent articulated in *Diaz v. Paterson*[1]. Nothing in Plaintiff's Opp. cures these misapplications of the law.

As a consequence of Plaintiff's overreaching, Defendants are entitled to an award of their attorneys' fees, expenses, and costs, pursuant to CPLR § 6514(c), as well as sanctions under 28 U.S.C. § 1927, and the Court's inherent authority, respectively.

---

[1] *Diaz v. Paterson*, 547 F.3d 88, 91 (2d Cir. 2008).

Thus, Defendants' motion should be granted in its entirety, and the State Court Complaints should be dismissed with prejudice.

## ARGUMENT

### I.  Plaintiff's Inexplicable Failure to Address Certain Arguments Results in Waiver and Abandonment

Inexplicably,  Plaintiff did not respond to the arguments in Defendants' Motion concerning the following: (i) dismissal of the State Court Complaints for failure to satisfy the heightened pleading standard for a cause of action sounding in fraud under Fed.R.Civ.P. 9(b) [Motion at pp. 7-11]; (ii) cancellation of the Notices of Pendency pursuant to CPLR §§ 6514(a) and (b) [*id.* at pp. 11-17]; (iii) the award of attorneys' fees and costs pursuant to CPLR § 6514(c) [*id.* at 17-19]; (iv) sanctions under 28 U.S.C. § 1927 and the Court's inherent authority [*id.* at 19-23]; and (v) staying discovery pending determination of the Motion [*id.* at p. 24].

The law is clear. District courts in this Circuit have found that "[a] plaintiff's failure to respond to contentions raised in a motion to dismiss claims constitute an abandonment of those claims." *Youmans v. Schiro*, 2013 WL 6284422, at *5 (S.D.N.Y. 2013). *See*, *e.g.*, *Laface v. E. Suffolk Boces*, 349 F. Supp. 3d 126, 161 (E.D.N.Y. 2018), *reconsideration denied*, 2019 WL 1433095 (E.D.N.Y. 2019) (deeming Plaintiffs claims abandoned, where he did not respond, in any way, to Defendants' arguments in the motion to dismiss); *Lomonoco v. Saint Anne Inst.*, 2018 WL 2324051, at *12 (N.D.N.Y. 2018) ("[T]he Court may, and does, construe the failure to respond to an opposing party's arguments as an effective abandonment of the claim."); *Stinnett v. Delta Air Lines, Inc.*, 278 F. Supp. 3d 599, 614 (E.D.N.Y. 2017) ("A plaintiff abandons a claim where [he] raises it in the complaint but remains silent on the issue elsewhere in the record.") (citation omitted); *Javed v. Medgar Evers Coll. of the City Univ. of New York*, 2017 WL 4357138, at *4–5 (E.D.N.Y. 2017) (dismissing a series of claims for failure to respond to defendants' arguments),

*aff'd sub nom. Javed v. Medgar Evers Coll. of City Univ. of New York*, 724 F. Appx. 73 (2d Cir. 2018), *as amended* (June 12, 2018); *Robinson v. Fischer*, 2010 WL 5376204, at *10 (S.D.N.Y. 2010) ("Federal courts have the discretion to deem a claim abandoned when a defendant moves to dismiss that claim and the plaintiff fails to address in their opposition papers defendants' arguments for dismissing such a claim.") *citing Lipton v. Cty. of Orange*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004) ("This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed."); *Bonilla v. Smithfield Assocs. LLC*, 2009 WL 4457304, at *4 (S.D.N.Y. 2009) (dismissing certain claims where the plaintiff failed to respond to the defendant's arguments); *Thomas v. Atl. Express Corp.*, 2009 WL 856993, at *2 (S.D.N.Y. 2009) (same) (*citing Hanig v. Yorktown Cent. Sch. Dist.*, 384 F. Supp. 2d 710, 722–23 (S.D.N.Y. 2005) ("[B]ecause plaintiff did not address defendant's motion to dismiss with regard to this claim, it is deemed abandoned and is hereby dismissed."); *Martinez v. Sanders*, 2004 WL 1234041, at *3 (S.D.N.Y. 2004) ("Because Plaintiff did not address Defendant's motion to dismiss with regard to these claims, they are deemed abandoned."); *Anti–Monopoly, Inc. v. Hasbro, Inc.*, 958 F. Supp. 895, 907 n.11 (S.D.N.Y. 1997) ("[T]he failure to provide argument on a point at issue constitutes abandonment of the issue…which provides an independent basis for dismissal."), *aff'd*, 130 F.3d 1101 (2d Cir. 1997).

## II.   The Court Should Respectfully Decline to Consider the New Facts and Documents Improperly Submitted for the First Time in Opposition to this Motion

In deciding a motion to dismiss under Rule 12(b)(6), the Court is limited to the factual allegations in the complaint and the documents attached thereto or referenced therein. *See, e.g., DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010); *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (courts "normally required to look only at the allegations on the face of the complaint"). "[N]ew facts and allegations, first raised in a [p]laintiff's opposition papers, may

not be considered" in deciding a motion to dismiss. *Universal Trading & Inv. Co., Inc. v. Tymoshenko*, 2012 WL 6186471, at *1 (S.D.N.Y. 2012) (internal quotation omitted) (granting motion to dismiss.). Case law is legion in this Circuit that a plaintiff is prohibited from amending his complaint "merely by raising new facts and theories in [his] opposition papers." *Roberts v. Weight Watchers Intl., Inc*., 217 F. Supp. 3d 742, 753 (S.D.N.Y. 2016), *aff'd*, 2017 WL 4994471 (2d Cir. 2017) (granting motion to dismiss); *Guo v. IBM 401(k) Plus Plan*, 95 F. Supp. 3d 512, 526-27 (S.D.N.Y. 2015) (same); *Rodman v. Stryker Sales Corp*., 2014 WL 5002095, at *2 (S.D.N.Y. 2014), *aff'd*, 604 Fed. Appx. 81 (2d Cir. 2015) (same); *K.D. ex rel. Duncan v. White Plains School Dist*., 921 F. Supp. 2d 197, 209 (S.D.N.Y. 2013) (same).

### A.  Plaintiff's New Facts Should Not be Considered

Inexplicably, Plaintiff's 12-page opposition brief does not include a *single* citation to a factual allegation actually pled in the State Court Complaints. [*See generally id*.].  As set forth more fully below, Plaintiff's four (4) pages of new facts [Plaintiff's Opp. at pp. 1-4] are wholly improper and should be disregarded as a matter of law.  *See Thomas v. City of New York*, 2013 WL 3810217, at *3 (E.D.N.Y. 2013) (declining to consider assertions raises for the first time in plaintiff's memorandum).

### B.  The Silver Aff., and the Exhibits Annexed Thereto Must be Stricken for Violation of this Court's Protective Order, as Plaintiff Failed to Make the Necessary Application

Further aggravating matters, Plaintiff introduction of an attorney affirmation (the "**Silver Aff.**") attaching eleven (11) brand-new exhibits, which are not part of the State Court Complaints, constitutes a violation of the protective order entered on April 27, 2020. *Mizrahi* Aff. at ¶ 5 [Ex. C at 7:13-17; 14:9-15].

By way of background, on March 31, 2020, the undersigned filed a letter motion for a protective order in anticipation of disclosing certain banks statements related to the instant federal

wage-and-hour action. *Mizrahi* Aff. at ¶ 3 [Ex. A]. The basis of the protective order was to ensure that any financial records disclosed as part of the instant federal court action are not improperly used in an attempt to remedy the defects in State Court Complaints, which are made entirely upon "information and belief." [Motion at p. 9]. On April 7, 2020, Plaintiff filed a letter, wherein he objected to the scope of the protective order on the grounds that he be permitted to rely upon the bank statements in briefing his opposition. *Mizrahi* Aff. at ¶ 4 [Ex. B]. During a telephonic conference before the Honorable Steven M. Gold held on April 13, 2020, the following colloquy took place:

> **The Court**: The defendants' contention that it's a Rule 12 motion and the question should be whether the pleadings are adequate may well be correct, but that goes to whether the plaintiff's reliance on the bank records in opposition to the motion **has any merit or persuasive force or relevance**…

> *Id* at ¶ 5. [Ex. C at 7:13-17] (emphasis added).

> **Mr. Mizrahi**: I'm confused…I don't know what impact the production of the banking records would have on the briefing schedule and the motion to dismiss.

> **The Court**: **I don't either**, but I am going to allow plaintiff to **make an application that explains why** if he needs to.

> *Id*. [Ex. C at 14:9-15] (emphasis added).

Thus, the Court permitted Plaintiff to rely upon the banking records, under the precondition that such use is accompanied by "**an application**" explaining  its "**merit…persuasive force or relevance**". *Id*. [Ex. C at 7:13-17; 14:9-15] (emphasis added). Here, Plaintiff never made any application whatsoever. He made no attempt to explain what "merit…persuasive force or relevance" the bank records or any of the eleven (11) new documentary exhibits have on the State Court Complaints. *Id.* These new exhibits were simply attached as part of the Silver Aff., without a single citation to the allegations of the State Court Complaints, let alone to the Court-Ordered application. [*See* Plaintiff's Opp.].

**C.  The Improperly Filed Proposed Amended Complaints Must be Stricken**

In blatant violation of the law that prohibits plaintiffs from untethering a notice of pendency from a complaint, Plaintiff inexplicably filed two new proposed amended complaints. *Bunnell v. Haghighi*, 183 F. Supp. 3d 364, 368 (E.D.N.Y. 2016) ("Claims affecting real property must be asserted at the time the lis pendens is commenced, **and subsequent submissions cannot cure defects present at the time of filing**.") (*citing 5303 Realty Corp. v. O & Y Equity Corp.*, 64 N.Y.2d 313, 319–20 (1984)) (emphasis added). [Motion at pp. 11-17].

By way of background, on April 24, 2020, Defendants duly served the Motion on Plaintiff. *Mizrahi* Aff. at ¶ 6 [Ex. D]. On May 13, 2020, Plaintiff filed the Proposed Amended Complaints in response to Defendants' Motion. One day later, Plaintiff served the Plaintiff's Opp. on Defendants. Plaintiff's Proposed Amended Complaints are in violation of controlling New York State law, which prohibits amendments to complaints that have been filed together with a *lis pendens*, and this Court's Order that required an actual response[2] in its April 13, 2020 So-Ordered briefing schedule[3].

The Proposed Amended Complaints are improper because the controlling law does not permit the amendment of a complaint where, as here, the complainant has also filed a *lis pendens* in connection with the underlying action. *5303 Realty Corp.*, 64 N.Y.2d at 320 ("The court's scope of review is circumscribed. In conjunction with this concept, **the complaint filed with the notice of pendency must be adequate unto itself; a subsequent, amended complaint cannot be used to justify an earlier notice of pendency**.") (emphasis added); *see also Ostad v. Nehmadi*, 31 Misc.

---

[2] Paradoxically, the Plaintiff's Opp. contends that no additional facts need be pled; yet, the Plaintiff's Opp. also requests discovery. [Plaintiff's Opp. at pp. 7-8, 11-12].

[3] The April 13, 2020 Minute Entry and Order states, in pertinent part: "[t]he schedule proposed by defendants in Dkt. 57, calling for the motion to be served by April 24, for **plaintiff to serve opposition** by May 15, and for defendants reply to be served by May 29, 2020, is adopted." Mizrahi Aff. at ¶ 7 [Ex. E] (emphasis added).

3d 1211(A) (Sup. Ct., N.Y. Co. 2011); *Cty. of Suffolk v. Toussie*, 2007 WL 7616775, at *2 (E.D.N.Y. 2007). The law is clear.

In *5303 Realty Corp.*, for example, the plaintiff initiated an action by filing a complaint and a notice of pendency against defendant's property. *5303 Realty Corp.* 64 N.Y.2d at 317. The defendant moved to cancel the notice of pendency. *Id*. While the motion was pending, the plaintiff filed an amended complaint. *Id*. The trial court ruled on the motion to cancel the notice of pendency, without considering the effect of the amended complaint, on the ground that the original complaint was sufficient to sustain the notice of pendency. *Id*. The trial court's denial was affirmed on appeal. *Id*. The Court of Appeals ultimately reaffirmed the principal that the validity of a notice of pendency must be determined based on a review of the original complaint. *Id*. at 320-21.

### III.   Plaintiff Fails to Present Any Viable Argument to Contest Defendants' Claim that the Causes of Action Under NY DCL § 276 are Time Barred

In an attempt to salvage the NY DCL § 276 claims against the undeniable fact that the alleged conveyances each occurred ***eleven*** and ***seven years*** [Motion at pp. 3-5] before Plaintiff alleges to have started working for Lintech, Plaintiff invokes the "two-year from discovery rule" of CPLR § 213(8). Plaintiff, **for the first time** in his opposition, improperly alleges facts to justify the equitable tolling of the statute of limitations. This is improper.

Fed.R.Civ.P. 12(b)(6) applies to a motion to dismiss based on the statute of limitations. *Drake v. Lab. Corp. of Am. Holdings*, 2009 WL 2867901, at *4 (E.D.N.Y. 2009), *adhered to on denial of reconsideration*, 2010 WL 743056 (E.D.N.Y. 2010), *aff'd*, 417 Fed. Appx. 84 (2d Cir. 2011); *Voiceone Commc'ns, LLC v. Google Inc.*, 2014 WL 10936546, at *7 (S.D.N.Y. 2014) (citations omitted). Dismissal of a fraud claim based on the statute of limitations is appropriate where, as here, the pleadings fail to allege specific information to support the "two-year from discovery rule". *See e.g. Rajaratnam v. Motley Rice, LLC,* 2020 WL 1476171, at *27 (E.D.N.Y.

2020) (granting motion to dismiss where plaintiff failed to plead facts demonstrating why the statute of limitations should be tolled); *Essex Capital Corp. v. Garipalli,* 2018 WL 6618388, at *2 (S.D.N.Y. 2018) (where a plaintiff's "claims are time-barred on the face of its own complaint, [plaintiff] has the burden of pleading facts sufficient to establish that the statutes of limitations should be tolled.") (citation omitted); *Lorber v. Winston*, 962 F. Supp. 2d 419, 445 (E.D.N.Y. 2013) (dismissing fraud claim as time-barred, where plaintiff failed to plead circumstances warranting equitable tolling); *OBG Tech. Services, Inc. v. Northrop Grumman Space & Mission Sys. Corp.,* 503 F. Supp. 2d 490, 504 (D. Conn. 2007) (granting motion to dismiss where pleading's allegations were insufficient to allow plaintiff to invoke the equitable tolling of the statute of limitations).

Here, the State Court Complaints fail to explain why the alleged transfers could not have been discovered at the time they were made, let alone at some later date that would render the NY DCL § 276 claims timely. This is a fatal omission, which warrants dismissal under the statute of limitations.

### A. Plaintiff's Reliance on Caselaw Relating to the "Two-Year from Discovery Rule" is Misplaced

Plaintiff contends that the instant case is analogous to three (3) cases that stand for the proposition that material issues of fact exist, which warrant denial of the instant Motion. These cases are distinguishable because the State Court Complaints **do not plead a single fact** explaining why the statute of limitations should be tolled, and because all three cases cited by Plaintiff were decided on summary judgment, not on a motion to dismiss.

In *Ehrler v. Cataffo*, the Court affirmed the trial court's ruling that the "two-years from discovery" rule applied to plaintiff's fraud claims. 42 A.D.3d 424, 425 (2d Dept. 2007). The Court

ruled that the plaintiff "met the burden of proving by **clear and convincing evidence**", which the defendants failed to refute. *Id.* at 426. This is not the case here.

In *Citicorp Tr. Bank, FSB v. Makkas*, the Appellate Division, Second Department reversed the trial court's dismissal of plaintiff's NY DCL § 276 claims as time-barred. 67 A.D.3d 950, 953 (2d Dept. 2009), *abrogated by Coyle v. Lefkowitz*, 89 A.D.3d 1054 (2d Dept. 2011). The Court concluded that competing factual contentions over what the plaintiff knew and when it was known precluded summary judgment on statute-of-limitations grounds. *Id.* The instant case is factually distinguishable because the operative complaint in *Citicorp* incorporated six (6) exhibits. That is not the case here.

In *Miller v. Polow*, the Appellate Division, First Department upheld the trial court's denial of a motion for summary judgment where material issues of fact existed regarding whether plaintiff had sufficient information from which they could have inferred a fraudulent transfer occurred. 14 A.D.3d 368 (1st Dept. 2005). In that case, the plaintiff based their complaint on factual information provided in responses to discovery requests in an earlier action. *Id.* The specific, factual allegations in the pleadings in *Miller* are distinguishable from the allegations of the State Court Complaints, which are merely boilerplate recitations of NY DCL § 276.

The procedural posture and factual predicates in *Ehrler, Citicorp* and *Miller* are materially distinguishable. There, the respective courts were considering the statute of limitations arguments on a Fed.R.Civ.Pro 56 motion for summary judgment; whereas here, the argument is being raised in a Fed.R.Civ.P. 12(b)(6) motion to dismiss. While those Courts were afforded the opportunity to consider evidence gleaned through discovery, this Court is limited to the factual allegations of the State Court Complaints. *See* Section I, *supra*. In the case at bar, the State Court Complaints consist

10

of only conclusory legal conclusion which is fundamentally distinguishable from the cases Plaintiff relies on.

## IV.    Plaintiff Fails to Present Any Viable Argument to Contest Defendants' Claim that the Causes of Action Under NY DCL § 276 are Insufficiently Pled

As explained in the Motion at pp. 7-11, the State Courts Complaints fail to allege any badge of fraud that would infer that the alleged transfers were made with actual intent to defraud Plaintiff. These are simply not included in the State Court Complaints. Although Plaintiff states that "[three] of…the [five]" badges exist, he never enumerates exactly which badges apply, loosely discusses intra-spousal transfers, and cites case law for boiler-plate legal propositions. [Plaintiff's Opp. at p. 8].

### A.  The State Court Complaints Fail to Plead an Inference of Fraud Based on Lack of Fair Consideration

The test for "fair consideration" is "analyzed as follows: (1)… the recipient of the debtor's property[] must either (a) convey property in exchange or (b) discharge an antecedent debt in exchange; and (2) such exchange must be a 'fair equivalent' of the property received; and (3) such exchange must be 'in good faith.' " *In re Sharp Int'l Corp*., 403 F.3d 43, 53 (2d Cir. 2005). Thus, to plead that a transfer is not supported by "fair consideration," a complaint must allege that the transfer either was not made in exchange for equivalent value, or that the transfer was not made in good faith. *See DoubleLine Capital LP v. Odebrecht Fin*., *Ltd*., 323 F. Supp. 3d 393, 466 (S.D.N.Y. 2018). To plead a lack of fair equivalent value for a transfer, a plaintiff must plead that there is a significant disparity between the value received and the obligation assumed, which gives rise to harm to independent creditors. *See In re Old Car Co LLC*, 509 Fed. Appx. 77, 78 (2d Cir. 2013); *Kim v. Ji Sung Yoo*, 311 F. Supp. 3d 598, 611 (S.D.N.Y. 2018), *aff'd sub nom. Tae H. Kim v. Ji Sung Yoo*, 776 Fed. Appx. 16 (2d Cir. 2019) (internal citations and quotations omitted). To plead

a lack of good faith, one of the following factors must be alleged to be lacking: "'(1) an honest belief in the propriety of the activities in question; (2) no intent to take unconscionable advantage of others; and (3) no intent to, or knowledge of fact that the activities in question will hinder, delay, or defraud others.'" *Amusement Indus., Inc. v. Midland Ave. Assocs*., 820 F. Supp. 2d 510, 527 (S.D.N.Y. 2011) (*quoting Southern Indus. v. Jeremias*, 66 A.D.2d 178, 183 (2d Dept. 1978)). As noted, these allegations must go beyond threadbare and formulaic recitation of these statutory elements. *Waite v. Schoenbach*, 2010 WL 4456955, *6-7 (S.D.N.Y. 2010).

### i.   The State Court Complaints Fail to Plead the Transfers Were Not for Fair Equivalent Value

In paragraphs 4 and 5 of the State Court Complaints, Plaintiff makes a conclusory allegation that the subject transfers were not made for reasonably equivalent value. This is not enough.  To sustain a cause of action premised on inadequate consideration, the claim must have some detail. *See In re Old CarCo LLC*, 509 Fed. Appx. at 78 (affirming dismissal where complaint did not allege facts to plausibly establish a lack of equivalent value); *Safety-Kleen Systems, Inc. v. Silogram Lubricants Corp*., 2013 WL 6795963, * 8-9 (E.D.N.Y. 2013) (dismissing fraudulent conveyance claim where the complaint did not allege "the basis upon which the plaintiff believes the transfers were made without consideration"); *In re Vivaro Corp.*, 524 B.R. 536, 556 (Bankr. S.D.N.Y. 2015) (lack of allegations as to what transferee received in return makes it impossible to infer that the transfer was for less than equivalent value); *see also Bleru Realty Corp. v. 158 East 23rd Street Rest. Corp*., 200 A.D.2d 547 (1st Dept. 1994).

Where, as here, there is no supporting detail, and there is no inference of wrongful conduct, the plaintiff cannot sustain a cause of action. *RTN Networks, LLC v. Telco Grp., Inc*., 126 A.D.3d 477, 478 (1st Dept. 2015) (Plaintiff's "mere belief" that defendant transferred its assets without fair consideration is insufficient) (citation omitted); *Jaliman v. D.H. Blair & Co., Inc*., 105 A.D.3d

646, 647 (1st Dept. 2013) ("plaintiffs' mere belief that defendant transferred assets…without fair consideration does not suffice" to state a fraudulent conveyance claim).

Directly on point is *Innovative Custom Brands, Inc. v. Minor*, in which a § 276 claim was dismissed for failing to "plead with specificity…in what amounts the allegedly fraudulent conveyances took place." 2016 WL 308805, at *2 (S.D.N.Y. 2016). There, the Court dismissed the complaint because the plaintiff simply alleged the amounts transferred were substantial. *Id*.

Accordingly, the allegations in paragraphs 4 and 5 of the State Court Complaints are formulaic statements of legal conclusions masquerading as factual conclusions that are insufficient to defeat a motion to dismiss. *Youssef v. Halcrow, Inc*., 504 Fed. Appx. 5, 6 (2d Cir. 2012) (internal citation and quotations omitted). Based on such lack of particularity, the dismissal of the § 276 claims should be granted.

### ii.     The State Court Complaints Fail to Plead a Lack of Good Faith for the Transfers

As set forth above, to defeat a motion to dismiss, a plaintiff also may establish a "lack of fair consideration" by pleading a lack of good faith on the part of the transferee. *See In re Vivaro*, 525 B.R. at 550. Here, Plaintiff makes no argument as to any lack of good faith by Mr. Tudor or the transferees. As such, a lack of good faith for the alleged transfers presents no grounds for denying the Motion.

### B. The State Court Complaints Fail to Plead an Inference of Fraud Based on a Close Relationship

As a threshold matter, the Second State Court Complaint fails to allege any facts supporting a close relationship between either of the individual defendants and the Tudor Enterprise Family Limited Partnership. This pleading defect is fatal to Plaintiff's argument that the conveyance of the commercial property was made between close associates.

In assessing the possible existence of "badges of fraud", the only badge which Plaintiff explicitly alleges is the marital relationship between Mr. Tudor and Ms. Tudor. [*see* State Court Complaints at ¶¶ 5, 6]. Mr. and Ms. Tudor's alleged marital relationship does nothing to bolster Plaintiff's claims.

The intra-family nature of a transaction is insufficient, on its own, to establish fraudulent intent. *See United States v. McCombs,* 30 F.3d 310, 328 (2d Cir. 1994) (transfer to daughters insufficient to justify NY DCL § 276 claim). "Depending on the context, badges of fraud will vary in significance, though the presence of multiple indicia will increase the strength of the inference. *Kim*, 311 F. Supp. 3d at 613, *aff'd*, 776 Fed. Appx. 16 (internal citations and quotations omitted). "Because they are only evidence of the likelihood of fraud, badges of fraud are not given equal weight; and sometimes the circumstances indicate they should be given no weight at all." *In re Chin*, 492 B.R. 117, 131 (Bankr. E.D.N.Y. 2013) (internal citations and quotations omitted).

As explained in Section IV, *supra* and *infra*, there are no specific factual allegations to support ***any*** of the remaining badges of fraud.

### i.   Plaintiff's Reliance on Caselaw Relating to Intra-Family Transfers is Misplaced

Plaintiff cites to five (5) cases for the proposition that "intra-spousal transfers are not immune to the reach of" NY DCL. [Plaintiff's Opp. at pp. 6-7]. Each of the cases cited by Plaintiff are factually inapposite. The Court in *Hohenrath v. Wallach* held that a conveyance from judgment debtor to wife - who had knowledge of the judgment - was void as a fraudulent conveyance. 37 A.D.2d 248 (2d Dept. 1971). First, *Hohenrath* was decided on a NY DCL § 273 claim, outside the context of a motion to dismiss. *Id.* Second, there was overwhelming evidence suggesting the requisite indicia of fraudulent intent, *to wit*, the husband conveyed his interest three days after the Court entered a judgment against him. *Id* at 248.

*Geltzer v. Borriello (In re Borriello)* concerns a NY DCL § 275 claim commenced by a Chapter 7 Trustee, decided after trial. 329 B.R. 367 (Bankr. E.D.N.Y. 2005). The Court invalidated the transfer because there was overwhelming evidence that the transfer lacked fair consideration, *id.* at 374 – 377, and the debtor was insolvent at the time of the transfer, *id.* at 377.

*United States v. Carlin*, a case decided on a Rule 56 motion for summary judgment, set aside an intrafamily conveyance where the transfers "had all the indicia of fraudulent intent," which the debtors did not challenge. 948 F. Supp. 271, 278 (S.D.N.Y. 1996).

*William J. Jenack Estate Appraisers and Auctioneers, Inc. v. Rabizadeh*, and *5706 Fifth Ave., LLC v. Louzieh*, both considered summary judgment orders. *Rabizadeh*, 131 A.D.3d 960 (2d Dept. 2015); *Louzieh*, 108 A.D.3d 589 (2d Dept. 2013). Both Courts held, in part, that the plaintiffs were entitled to summary judgment on their NY DCL claims. *Id.* In each case, the record contained multiple indicia of fraudulent intent, *to wit*: a lack of fair consideration and an unsatisfied judgment had been entered against the debtor at the time of the transfer. *Id.* The decisions reflect that the intrafamily relationship was not a primary guiding factor in the Courts' ultimate determination. *Id*

## C. The State Court Complaints Fail to Plead an Inference of Fraud Based on the Retained Possession, Benefit or Use of the Properties in Question

The Second State Court Complaint fails to allege any facts supporting the retention of possession, benefit or use of the commercial property, by Mr. Tudor following its alleged transfer. This pleading defect is fatal to Plaintiff's argument that this badge of fraud applies to the Second State Court Complaint.

Notwithstanding this fatal pleading defect, the circumstances surrounding each of the other badges of fraud militate against an inference of fraudulent intent. There are no details supporting the lack or inadequacy of consideration; there are no details supporting that the transfers were made in secrecy; there are no details supporting a presumption of insolvency; there are no details

supporting that the transfers were made in the pendency of Plaintiff's federal court action. There are simply no details, whatsoever, to support an inference of fraudulent intent.

### D. The State Court Complaints Fail to Plead an Inference of Fraud Based on Defendants' Financial Condition

Paragraphs 9 of the State Court Complaints allege that "upon information and belief", the conveyances "resulted in that defendant having no or insufficient assets to make payment" on Plaintiff's prospective money judgment.

First, Plaintiff cannot rely on a presumption of insolvency based on alleging lack of fair consideration where, as here, the State Court Complaints do not validly plead lack of fair consideration.

Second, the sole paragraph in each of the State Court Complaints consists of a formulaic and blanket statement that have been found to be legally insufficient. *DoubleLine Capital, L.P.*, 323 F. Supp. 3d at 466 (conclusory allegations of insolvency are insufficient). There are no allegations about Mr. Tudor's assets, liquidity or balance sheet, or any comparison between his assets and liabilities. *In re Vivaro*, 524 B.R. at 551. The State Court Complaints do not contain allegations that Mr. Tudor was insolvent throughout that time period or on any of the dates coinciding with the alleged Transfers. *Kim*, 311 F. Supp. 3d at 616-18, *aff'd*, 776 Fed. Appx. 16 (operative point for insolvency is when the transfers occurred).

### E. The State Court Complaints Fail to Plead an Inference of Fraud Based on Any Course of Conduct

The course of conduct badge of fraud is based on a "cumulative effect or pattern or series of transaction or course of conduct after the incurring of debt, onset of financial difficulties, or pendency of threats or suits by creditors." *In re Tribune Co.,* 2017 WL 82391, at *13 (S.D.N.Y. 2017) (internal citation and quotations omitted). Courts recognize a course of conduct when the

transferor engages in actions that would be consistent with evading creditors, and does so proximate to the time of the transfers. *See In re Saba Enterprises, Inc.,* 421 B.R. 626, 644 (Bankr. S.D.N.Y. 2009) (judgments entered against transferor several days before the transfers); *Rosa v. TCC Communications, Inc.,* 2017 WL 980338 (S.D.N.Y. 2017) (transferor evaded questions for payment while assuring plaintiff that payment would be made).

Paragraphs 9 of the State Court Complaints allege that "upon information and belief", the conveyances were made to prevent Plaintiff from "collecting and enforcing" a prospective money judgment. These claims are also devoid of detail, and thus deficient under Rule 9(b). *See Cargo Partner AG v. Albatrans Inc.,* 207 F. Supp. 2d 86, 116 (S.D.N.Y. 2002), *aff'd,* 352 F.3d 41 (2d Cir. 2003) (conclusory allegations of scienter, if not supported by facts giving rise to fraudulent intent, fail to plead a § 276 claim). These claims are also logically flawed because the alleged transfers took place *eleven years* and *seven years,* respectively, before Plaintiff alleged to have started working for Lintech, and *fifteen years* and *eleven years,* respectively, before Plaintiff filed the instant federal court action.

## **CONCLUSION**

For the reasons stated above, Defendants' Motion should be granted in its entirety, and an award of attorneys' fees, costs, and sanctions in an amount to be determined by the Court should be entered against Plaintiff's attorney.

Dated: New York, New York
      May 29, 2020

Respectfully Submitted,

LEVIN EPSTEIN & ASSOCIATES, P.C.

*/s Jason Mizrahi*
Jason Mizrahi, Esq.
Joshua Levin-Epstein, Esq.
420 Lexington Avenue, Suite 2525
New York, New York 10170
*Attorneys for Defendants*

17