# LEVIN-EPSTEIN & ASSOCIATES, P.C.

420 Lexington Avenue • Suite 2525 • New York, New York 10170
T: 212.792-0048 • E: Jason@levinepstein.com

June 1, 2020

*<u>Via Electronic Filing</u>*
The Honorable Magistrate Judge Steven M. Gold
U.S. District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      **Re:**    *Singh v. Lintech Electric, Inc. et al*
              **Case No.: 1:18-cv-05780-FB-SMGJO**

Dear Honorable Magistrate Judge Gold:

      This law firm represents Defendants Lintech Electric, Inc. and Linden Tudor in the above-referenced action.

      This law firm also represents Defendants Holly Tudor, Linden Tudor and Tudor Enterprise Family Limited Partnership in the removed state court actions captioned *Singh v. Holly Tudor et al* (Index No. 720551-2019) (the "**First State Court Action**") and *Singh v. Tudor Entr. Family Ltd Partnership et al* (Index No.: 526826-2019) (the "**Second State Court Action**", and together, the "**State Court Actions**").

      Pursuant to Your Honor's Individual Motion Practice Rule 1(A) and 2(A) this letter respectfully serves to respond to Plaintiff's letter motions dated May 27, 2020 [Dckt. No. 72] (the "**Discovery Motion**" and June 1, 2020 [Dckt. No. 81] (the "**Sanctions Motion**", and together with the Discovery Motion, the "**Motions**").

      As an initial matter, Plaintiff's Discovery Motion was filed in derogation of Local Civil Rule ("**LCR**") 37.3, and Your Honor's Individual Motion Practice Rule 2(A). As the Court is well aware, LCR 37.3 ("**Good-Faith Effort to Resolve**") obligates Plaintiff's counsel to "confer in good faith in person or by telephone in an effort to resolve the dispute" prior to making his application. As reflected in Plaintiff's Discovery Motion, and Plaintiff's counsel's past course of conduct[1], Plaintiff's counsel did not make a good faith effort to resolve the dispute.

      Plaintiff's failure to comply with this Court's Individual Motion Practice Rules is sufficient grounds in and of itself to deny the Discovery Motion. *See Rosen v. N. Shore Towers Apartments, Inc.*, 2011 WL 839505, at *3 (E.D.N.Y 2011).

      Notwithstanding the foregoing, the undersigned respectfully requests until June 22, 2020 to supplement Defendants' responses & objections to Plaintiff's First Set of Interrogatories.

      Second, Plaintiff's Sanctions Motion is frivolous[2], and should also be dismissed.

---

[1] This is not an isolated occurrence. *See* [Dckt. Nos. 59, 63, 65].

[2] It is impossible to know what legal standard Plaintiff's counsel urges on this Court in making its application for sanctions.

On or around April 13, 2020, pursuant to Your Honor's Minute Entry and Order of that same day [Dckt. No. 63], this office produced certain confidential bank records to Plaintiff, via Dropbox. Pursuant to Paragraph "1" of the Protective Order entered on April 27, 2020, each page of Defendants' confidential document production included the following designation in the footer – "CONFIDENTIAL INFORMATION – GOVERNED BY PROTECTIVE ORDER".

On May 14, 2020, Plaintiff's counsel served the undersigned with its opposition to Defendants' Motion to Dismiss. "Attachments 4 – 6" of the Silver Aff. refer to three (3) spreadsheets created by Plaintiff's counsel's office. According to "Attachment 3" to the Silver Aff. these spreadsheets were "prepared using information contained in records and documents provided in the [d]ropbox." *See* Dckt. Nos. 77-1, 77-2. However, there is no explanation as to exactly what information was taken from the confidential document production. Indeed, there are no references to the original bate-stamps of the 668-page production.

Plaintiff's counsel's expectation that the undersigned should sort through a **668-page** confidential discovery production, and match the information to whatever was included in Plaintiff's counsel's spreadsheets defies logic. Respectfully, Plaintiff's counsel should clarify this fact for the Court, not Defendants.

Therefore, out of an abundance of caution, and in the interests of adhering to Paragraph 10 of the Protective Order, which instructs the parties to "**minimize**" the sealing of Confidential Information, the undersigned filed "Attachments 4 – 6" in their original form. [Dckt. No. 67 at ¶ 10] (emphasis added).

Notwithstanding the foregoing, Plaintiff's Sanctions Motion is moot because the Silver Aff., and the exhibits annexed thereto, were inexplicably filed in violation of well-settled rules prohibiting the use of new facts raised for the first time in an opposition. *See Thomas v. City of New York*, 2013 WL 3810217, at *3 (E.D.N.Y. 2013) (declining to consider assertions raises for the first time in plaintiff's memorandum in opposition).

Thank you, in advance, for your time and consideration.

> Respectfully submitted,
>
> LEVIN-EPSTEIN & ASSOCIATES, P.C.
>
> By:  */s/ Jason Mizrahi*
>     Jason Mizrahi
>     420 Lexington Avenue, Suite 2525
>     New York, NY 10170
>     Tel. No.:  (212) 792-0048
>     Email: Jason@levinepstein.com
>     *Attorneys for Defendants*

VIA ECF: All Counsel