# LEVIN-EPSTEIN & ASSOCIATES, P.C.

420 Lexington Avenue • Suite 2525 • New York, New York 10170
T: 212.792-0048 • E: Jason@levinepstein.com

October 16, 2020

*Via Electronic Filing*
The Honorable Magistrate Judge Steven M. Gold
U.S. District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Singh v. Lintech Electric, Inc. et al*
             **Case No.: 1:18-cv-05780-FB-SMGJO**

Dear Honorable Magistrate Judge Gold:

      This law firm represents Defendants Lintech Electric, Inc. (the "**Company**"), and Linden J. Tudor ("**Mr. Tudor**", and together with the Company, the "**Defendants**") in the above-referenced action.

      Pursuant to Your Honor's Individual Motion Practice Rules 2(A), this letter respectfully serves to request: (i) an adjournment, *sine die*, of Plaintiff Gursewak Singh's (the "**Plaintiff**") court-ordered deposition currently scheduled for October 21, 2020 [Dckt. No. 88]; and (ii) for attorneys' fees, costs and disbursements pursuant to Fed.R.Civ.P. 37(b) and 28 U.S.C. § 1927. This request is not made lightly.

      As set forth more fully below, Plaintiff has obstructed the prosecution of this case by willfully withholding material documents in his possession, custody and control relating to Plaintiff's employment history, which necessitates the delay of Plaintiff's deposition. Plaintiff has materially lied in his previous deposition, interrogatories, and in other communications and disclosures concerning his employment with *other employers* during the same time Plaintiff claimed that he worked exclusively for the Defendants. Now, at the proverbial eleventh hour, when discovery is set to close by December 15, 2020, this law firm has finally gotten Plaintiff to acknowledge substantial work for other companies not named in this lawsuit. In one particularly galling example, Plaintiff worked for Uber, the car riding service, in 2017, earning approximately $22,000. Such belated disclosures impact the close of discovery.

      Plaintiff's discovery abuses, vexatious litigation, and material misrepresentations to this Court, warrants an award of attorneys' fees is warranted.

    **I.**    **Relevant Procedural Background for Non-Compliance with Duly Served Discovery**

On December 20, 2018 on behalf of Defendants, this office served Plaintiff with:

1.    Defendants' First Request for the Production of Documents ; and

2.    Defendants' First Set of Interrogatories to Plaintiff[1];

---

[1] Together with Defendants' First Request for the Production of Documents, "**Defendants' Discovery Requests**"

On March 4, 2019, Defendants served Plaintiff with a deficiency letter (the "**First Deficiency Letter**"), noting Plaintiff's failure to respond to Defendants' Discovery Requests pursuant to Fed.R.Civ.Pro. 34(b)(2).

Of critical importance here, Defendants' First Request for the Production of Documents propounded, *inter alia*, the following:

**DOCUMENT REQUEST NO. 14:**

Copies of Plaintiff's Federal and State Tax Returns for the years 2014 to present.

**DOCUMENT REQUEST NO. 15:**

All IRS form W-2's and/or 1099's received by Plaintiff from the years 2014 to present.

As set forth more fully below, ***Plaintiff withheld these documents for nearly two years***. A true and correct copy of the First Deficiency Letter is annexed hereto as **Exhibit "A"**.

Plaintiff responded to Defendants' Discovery Requests on March 5, 2019. Astonishingly, Plaintiff's document production consisted of **four (4) individual pages** consisting of IRS Form W-2 statements issued by Defendant Lintech Electric Inc. and Plaintiff's identification cards.

On April 12, 2019, Defendants filed a motion to compel, on the basis that: (i) Plaintiff's Responses to Defendants' First Set of Interrogatories was not verified pursuant to Fed.R.Civ.Pro. 33(b)(5); and (ii) Plaintiff was asserting general objections, and possibly withholding materially relevant information and documents in his possession, custody and control. [*See* Dckt. No. 20].

On June 27, 2019, Your Honor granted Defendants' motion to compel, and ordered Plaintiff to "confirm in writing that no document or information has been withheld" in response to Defendants' Discovery Requests. [*See* Dckt. No. 23].

On July 17, 2019, Plaintiff's counsel produced a letter to the undersigned, affirmatively representing that "Plaintiff confirms that no document or information has been withheld based upon the general objections and privilege assertions made in response to [D]efendants' document demands and interrogatories." A true and correct copy of Plaintiff's counsel's July 17, 2019 letter is annexed hereto as **Exhibit "B"**.

Plaintiff's deposition was held on September 24, 2019. A continued deposition was subsequently held on October 4, 2019. Plaintiff's deposition lasted a combined total of approximately seven (7) hours.

On September 21, 2020, Defendants served Plaintiff with a deficiency letter (the "**Second Deficiency Letter**"), noting Plaintiff's evasive responses to Defendants' Discovery Requests, in violation of Fed.R.Civ.Pro. 26(g) and 34(b)(2). Specifically, the Second Deficiency Letter noted that: (i) Plaintiff was improperly asserting boiler-plate general objections in violation of this Court's June 27, 2019 Order; (ii) Plaintiff was unjustifiably withholding information and documents in his possession, custody and control, relating to his employment with other parties, *to wit*: Talico Contracting Inc.; and (iii) Plaintiff was making materially misleading statements to the Court regarding his employment history with other parties during the relevant period. A true and correct copy of the Second Deficiency Letter is annexed hereto as **Exhibit "C"**.

On October 7, 2020, Plaintiff supplemented his responses & objections to Defendants' Discovery Requests. For the first time in the action, nearly *two years* after the filing of Plaintiff's Complaint, Plaintiff produced an IRS Form W-2 statement for 2018 from Talico Contracting Inc. issued to Plaintiff.

On October 8, 2020, Defendants served Plaintiff with a deficiency letter (the "**Third Deficiency Letter**"), noting that (i) Plaintiff was improperly asserting boiler-plate general objections in violation of this Court's June 27, 2019 Order; and (ii) Plaintiff's Supplemental Responses to Defendants' First Set of Interrogatories was not verified pursuant to Fed.R.Civ.Pro. 33(b)(5). A true and correct copy of the Third Deficiency Letter is annexed hereto as **Exhibit "D"**.

On October 13, 2020, Plaintiff supplemented his responses & objections to Defendants' Discovery Requests. Astonishingly, Plaintiff's supplemental document production consisted of **one hundred and fifteen (115) individual pages**, consisting of, *inter alia*:

1. IRS Form W-2 Statements for 2014 from "Sharan Builders Inc." issued to Plaintiff;

2. IRS Form W-2 Statements for 2014 from "Talico Contracting Inc." issued to Plaintiff;

3. IRS Form W-2 Statements for 2015 from "Neelam Construction Corporation." issued to Plaintiff;

4. IRS Form W-2 Statements for 2015 from "Talico Contracting Inc." issued to Plaintiff;

5. IRS Form W-2 Statements for 2015 from "RSN Construction Co. Inc." issued to Plaintiff;

6. IRS Form W-2 Statements for 2016 from "Talico Contracting Inc." issued to Plaintiff;

7. IRS Form W-2 Statements for 2016 from "Lakhi General Contractor Inc." issued to Plaintiff;

8. IRS Form 1099-MISC Statements for 2016 from "Unter, LLC" issued to Plaintiff;

9. IRS Form 1099-MISC Statements for 2016 from "Uber Technologies, Inc." issued to Plaintiff;

10. Plaintiff's Personal IRS Tax Returns for 2016, containing representations that Plaintiff's "principal business or profession" was a "Taxi Limo Service."

11. IRS Form 1099-MISC Statements for 2017 from "Uber Technologies, Inc." issued to Plaintiff;

12. IRS Form W-2 Statements for 2017 from "S & N Builders, Inc." issued to Plaintiff;

13. IRS Form W-2 Statements for 2017 from "Talico Contracting Inc." issued to Plaintiff;

14. Plaintiff's Personal IRS Tax Returns for 2017, containing representations that Plaintiff's "principal business or profession" was a "Taxi Limo Service."

15. Plaintiff's Personal IRS Tax Returns for 2018, containing representations that Plaintiff's "principal business or profession" was a "Taxi Operator."

16. Plaintiff's Personal IRS Tax Returns for 2018, containing representations that Plaintiff was issued a W-2 by "Metropolitan Construction Corp."

17. Plaintiff's Personal IRS Tax Returns for 2018, containing representations that Plaintiff was issued a W-2 by "Talico Contracting Inc."

Plaintiff's recent 118-page supplemental production is deeply troubling for two reasons. First, the production, made nearly *two years* after the filing of Plaintiff's Complaint, proves that Plaintiff has violated Fed.R.Civ.Pro. 26(g) and 34(a), and this Court's June 27, 2019 Order [*see* Dckt. No. 23]. Second, the 118-page production reveals that Plaintiff has materially mislead the Court from the beginning of the action[2] regarding his employment history.

---

[2] *See e.g.* Dckt. No. 1 [Complaint]; Dckt. No. 12 (Order memorializing Plaintiff's counsel's affirmative representations during the January 30, 2019 Initial Case Conference that he had no information regarding Plaintiff's other employers"); Dckt. No. 13 at p.3 ¶ 3 ("I [Plaintiff's counsel] do not see that plaintiff has as of yet sufficient information to add defendants alleging them to be plaintiff's employers"); Dckt. No. 18 at p.3, ¶ 2 (affirming that "it would be guesswork at this time on the part of the Plaintiff to just add other parties having been provided with no supporting documentation not establish any basis to claim them to be plaintiff's employers"); Dckt. No. 21 at p.2 ¶ 3 ("frankly, [Plaintiff's counsel's] office cannot rely on mere representations…that Talico is a proper party.").

4

Plaintiff's counsel's gamesmanship comes at great cost to Defendants – a small business that has needlessly incurred tens of thousands of dollars in attorneys' fees, court reporter fees, and out-of-pocket costs, as a result of Plaintiff's lack of candor and failure to provide accurate and timely responses to Defendants' Discovery Requests. Defendants undoubtedly will incur thousands of dollars in additional fees and costs in having to re-depose Plaintiff, as Plaintiff's initial deposition was "essentially destroyed".[3]

### II. Legal Standard

Under Fed.R.Civ.Pro. 34(a), parties may request from their adversaries documents (including ESI) "which are in the possession, custody or control of the party upon whom the request is served." Fed.R.Civ.P. 34(a). "The concept of 'control' has been construed broadly." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 236 F.R.D. 177, 180 (S.D.N.Y.2006). Under Rule 34, "control does not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action." *In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179, 195 (S.D.N.Y. 2007), *aff'd sub nom.* (internal citations and quotations omitted). The courts have "interpreted Rule 34 to require production if the party has the **practical ability to obtain the documents from another**, irrespective of his legal entitlement to the documents." *Id*. (emphasis added).

Fed.R.Civ.P. 26(g) requires that "[e]very disclosure under Rule 26(a) (1) or (a)(3) and every discovery request, response, or objection **must be signed** by at least one attorney of record in the attorney's own name." Fed.R.Civ.P. 26(g)(1) (emphasis added). Fed.R.Civ.Pro. 33(b) requires interrogatories to "be answered…by the party to whom they are directed," Fed. R. Civ. P. 33(b)(1)(a), and "must, to the extent it is not objected to, be **answered separately and fully in writing under oath**." Fed. R. Civ. P. 33(b)(3) (emphasis added).

"By signing a response to a discovery request, an attorney certifies that to the best of her 'knowledge, information, and belief formed after a reasonable inquiry,' the response is (1) consistent with the Federal Rules of Civil Procedure and justified under existing law; (2) not interposed for any improper purpose, such as to unnecessarily delay or needlessly increase the costs of litigation; and (3) reasonable given the importance of the issue and the circumstances of the case.'" *Kiobel v. Royal Dutch Petroleum Co.*, 2009 WL 1810104, at *2 (S.D.N.Y2009) (quoting Fed.R.Civ.P. 26(g)(1)).

"Rule 26(g) is intended to deter and curb discovery abuses, including evasive responses, by 'explicitly encouraging the imposition of sanctions.'" *Kiobel*, at *2 (quoting Fed.R.Civ.P. 26 advisory committee's note). The certification requirement "obliges each attorney to stop and think about the legitimacy of the discovery request, a response thereto, or an objection." *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees and Rest, Employees Int'l Union*, 212 F.R.D. 178, 218-19 (S.D.N.Y. 2003) (quoting Fed.R.Civ.P. 26(g), advisory committee's note to 1983 Amendment). "[A]ll attorneys conducting discovery owe the court a heightened duty of

---

[3] *See Cameron Indus., Inc. v. Mothers Work, Inc.*, 2007 WL 1649856, at *5 (S.D.N.Y. 2007).

candor." *Kosher Sports, Inc. v. Queens Ballpark Co., LLC*, 2011 WL 3471508, at * 7 (E.D.N.Y. 2011).

"Pursuant to Rule 26(g)(3), if an attorney's certification violates Rule 26 without substantial justification, **sanctions are mandatory**." *Kiobel*, at *2 (quoting Fed.R.Civ.P. 26(g)(3)) (emphasis added). "If a court determines that sanctions are appropriate, Rule 26(g) leaves the nature of the sanction to the court's discretion." *Id.* (citing Fed.R.Civ.P. 26 advisory committee's note."). In the event that sanctions are imposed, the "sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Fed.R.Civ.P. 26(g)(3).

The Court may not award reasonable expenses, however, if the nondisclosure was "substantially justified" or "other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(5)(A)(ii),(iii) *Underdog Trucking, L.L.C.,* 273 F.R.D. at 377. Conduct is "substantially justified" if there was a "genuine dispute" or if "reasonable people could differ" as to the appropriateness of the contested action. *Id*.

### III. Plaintiff's Failure to Respond to Defendants' Discovery Requests was not "Substantially Justified"

Plaintiff's counsel cannot provide a credible explanation or justification for defying this Court's June 27, 2019 Order [Dckt. No. 23] or Fed.R.Civ.Pro. 26(g) and 34(a).

This is *not* the case where Plaintiff was not in possession, custody or control of responsive information to Defendants' Discovery Requests. Immediately after Defendants' obtained a copy of Plaintiff's IRS Form W-2 Statement from Talico Contracting Inc. from 2018, and the Third Deficiency Letter was served, Plaintiff produced 118 pages of previously undisclosed documents relating to his employment history from 2014 through 2018.

These responses serve as a *de facto* admission that Plaintiff possessed responsive documents in the first place. *See Underdog Trucking, L.L.C.,* 273 F.R.D. 378 (S.D.N.Y. 2011) (awarding sanctions, and noting that belated compliance does not insulate a party from sanctions.") The reason such plainly responsive documents were not produced until nearly *two years* after Defendants' Discovery Requests were issued remains a mystery.

Respectfully, enough is enough.

### IV. Conclusion

Plaintiff's bad-faith conduct is not an isolated occurrence. [*See* Dckt. No. 74 (Defendants' Motion to Dismiss) at § V(C).]

In light of the foregoing, it is respectfully requested that the Court (i) adjourn Plaintiff's court-ordered deposition currently scheduled for October 21, 2020 [Dckt. No. 88], *sin die*; and (ii) award Defendants' attorneys' fees, costs and disbursements in connection preparing for and taking

Plaintiff's first deposition, preparing for and taking Plaintiff's second deposition, and making the instant motion, pursuant to Fed.R.Civ.P. 37(b) and 28 U.S.C. § 1927.

  We thank the Court for its attention to this matter, and are available at the Court's convenience to answer any questions related to the foregoing.

  Thank you, in advance, for your time and consideration.

              Respectfully submitted,

              LEVIN-EPSTEIN & ASSOCIATES, P.C.

              By: */s/ Jason Mizrahi*
                 Jason Mizrahi
                 420 Lexington Avenue, Suite 2525
                 New York, NY 10170
                 Tel. No.: (212) 792-0048
                 Email: Jason@levinepstein.com
                 *Attorneys for Defendants*

VIA ECF: All Counsel