UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GURSEWAK SINGH

                              Plaintiff,

                                                    DECLARATION

                -against-

                                                    **EDNY 18 CV 5870**

LINTECH ELECTRIC, INC.;
LINDEN J. TUDOR
                              Defendants
------------------------------------------------------------------------X
              JONATHAN SILVER hereby declares under penalty of

perjury that the foregoing is true and correct:

              1. I am the attorney for the plaintiff.

              2. My communications with my client were challenged by

his limited ability to speak English and his even more limited ability

to read English. Often I would use a translator, his family member,

Harjit Singh to help communicate with him. That would occur not

only for telephone calls but also for office conferences.

              3. I advised my client of the various discovery demands

made by defendants which included his income tax records and any

records from TALICO or any other employer during the period fo

time he was working for LINTECH. This occurred not only when the

case began but also when defendants counsel told the Court that it

was actually TALICO who was plaintiff's employer. That was done even though that claim clearly contradicted the fact that W2 statements were issued by LINTECH. It also appeared irrational for defendants attorney to be denying their status as plaintiff's employer after having been provided copies of the very same W2s as part of plaintiff's Initial Disclosures.

5. After the court conference in January 2019 during which defendant's counsel made his surprising claims, this office issued to defendants a letter and a Second set of Requests for Production of Documents and Things essentially asking for anything defendants had to support that claim. As the cover letter indicated, before plaintiff would consider adding another party as defendant a good faith effort had to be made to find a basis for doing so. See Exhibit   .

6. Some 9 months later, defendants attorney produces a W2 from TALICO without explanation where it came from, when, how it was obtained, by whom, why just this one page document. Seems like the definition of a sandbagging maneuver.

7. Once that document was produced further inquiry was made with the client and he confirmed that he now understood that if he had any tax records he was to bring them to my office.

8. Those records were immediately exchanged, my client signed off on Revised discovery responses and those were exchanged. Defendant previously requested and the Court granted to them the right to take a further deposition of my client, defendants offering the excuse that defendants had just found more records from their accountant.

9. Since these newly found records could not be used to question defendants t at their first deposition, plaintiff requested and was granted the right to further depose defendants. Those further depositions are delayed as all discovery in this case was stayed pending the outcome of this motion.

10. It is the habit of the undersigned to make diligent inquiry and to do so repeatedly with clients about the relevant issues and available documents they may have concerning their cases to make sure a case can be filed in good faith and to be able to conduct quick and effective discovery. That was done in this case as well.

11. There are more details of my conversations and communications with the plaintiff that remain subject to the attorney client privilege and cannot be related.

12. Counsel makes reference to another case filed by this office for Jagdev Singh and Kuldeep Singh in the case Singh v. Kaur et al 19 CV 6927 EDNY. Those persons were identified as witnesses

in this case. They claimed that they put up and took down the scaffolds that this plaintiff claims he worked on as an electrician. They claimed in their lawsuit that they had one employer, TALICO.

13. When the TALICO W2 statement was presented by defendants in this case, it was cause to talk with and conference with Jagdev Singh and Kuldeep Singh to once again make inquiry with them to find out from them what records they might which have not yet been provided to my office.

14. After that counsel received further records from those plaintiffs. Those plaintiffs had already been deposed. The clients then produced more records which this office immediately exchanged. A further deposition of both of those plaintiffs was to proceed.

15. After consultation with the clients, but for reasons subject to the attorney client privilege, the clients were advised that a motion would be made to obtain consent of the Court for this iffce to withdraw as attorney of record.

16. The clients ultimately agreed to withdraw their case retaining the right to sue TALICO in the future even though TALICO defaulted and does not appear to be active or conducting business.

17. In connection with this litigation every stage of this proceeding occurred because defendants were plaintiff's employer and even if there were other employers identified then the same discovery would have been made.

Dated: March 12, 2021

JONATHAN SILVER