**From:** juanplata@aol.com,
**To:** Jason@levinepstein.com,
**Subject:** Re: Singh v. Lintech Electric, Inc. et al (18-cv-5780) - Deficiency Letter
**Date:** Mon, Mar 4, 2019 5:32 pm
**Attachments:** singh.pdf (52K)

see attached good faith letter

-----Original Message-----
From: Jason Mizrahi <Jason@levinepstein.com>
To: juanplata@aol.com <juanplata@aol.com>
Cc: Joshua Levin-Epstein <joshua@levinepstein.com>
Sent: Mon, Mar 4, 2019 2:12 pm
Subject: Singh v. Lintech Electric, Inc. et al (18-cv-5780) - Deficiency Letter

Jonathan,

Attached below, please find a letter addressing Plaintiff's discovery deficiencies in the above-referenced action.

Thank you,

Jason

Jason Mizrahi, Esq.
Levin-Epstein & Associates, P.C.
1 Penn Plaza, Suite 2527
New York, NY 10119
Phone: (212) 792-0048
Mobile: (301) 758-7351
Facsimile: (212) 563-7108
Email: Jason@levinepstein.com

*The information contained in this transmission, including attachments, is strictly confidential and intended solely for and the use by the intended recipients. This email may be protected by the attorney-client privilege, work-product doctrine, or other applicable legal or professional protections. If you are not the intended recipient, please be notified that any retention, use, disclosure, dissemination, distribution or copying of this email is strictly prohibited. Kindly notify us of your inadvertent receipt of the email, by return email, destroy any printouts and delete any electronic copies. Any waiver of any privilege which might otherwise arise from this email being sent to, or received by, an unintended recipient is hereby expressly disclaimed. No attorney-client relationship is created by virtue of a recipients receipt of this email in error. Thank you.*

*Jonathan Silver*
*Attorney at Law*

—

*of Counsel*
*Stephen J. Fein*
*Jennifer Beinert*
*Paul C. Kerson*

*Crossroad Tower*
*80-02 Kew Gardens Road, Suite #316, Kew Gardens, NY. 11415*
*(718) 520-1010*
*Fax No. (718) 575-9842*
*juanplata@aol.com*

By reg mail and by email to Jason@levinepstein.com

March 4, 2019

Levin Epstein & Associates, P.C.
One Penn Plaza, Suite 2527
New York, New York 10119
Attn: Joshua Levin-Epstein, Esq.

        Re:    <u>Gursewak Singh v Lintech Electric, Inc. et al</u>
              Case No.: 1:18-cv-05780

Dear Mr. Levin-Epstein:

    I received your discovery responses.

    I received one pay stub and it was for the week of August 27, 2018.

    Your client issued to my client 3 W2 statements for the years 2015-17 totaling around $94,000.00.

    Are you actually telling me the only evidence your client has as to any payment to my client is one check in August 2018?

    I requested NYS-45 and Federal 941 documents and your response was the request was too vague and ambiguous. You then stated you do not have any such documents.

    Are you actually telling me your client did not abide by the filing requirements for reporting of income by my client among others?

    You sent me

        3 Payroll Reports for Lintech at Breukelen Houses for 2/14/16; 3/12/17 and 7/15/18 for my client totaling 5.5 hours;

    2 Payroll Reports for Lintech at Smith Houses for 8/18/18 and 8/25/18 totaling 26 hours;

    3 Payroll Reports for Lintech at Shelton Houses for 3/6/16; 7/3/16 and 7/17/16 for my client totaling 16 hours;

    3 Payroll Reports for Lintech at Atlantic Terminal for 1/10/16; 3/13/16; 3/20/16; 3/27/16 for my client totaling 27 hours;

    2 Payroll Reports for Lintech at Bland Houses for 3/20/16; 3/27/16 and 4/3/16 for my client totaling 18 hours;

    Are you actually telling me your client has no other records or documents concerning plaintiffs work days, hours, etc. or evidencing any payment to him by you or anyone else of wages other than the one pay stub your provided as described above?

    Your clients provided one Affidavit, Certificate and REP Hiring Summary Statement signed by Mr. Lintech all dated in September 2018.

    You have not provided any other documents whatsoever concerning the NYCHA work, your client's activities with respect to Talico Contracting Inc, Neelam construction Corp or Skyworx Contracting Inc. even though each is identified variously as a subcontractor, contractor or general contractor.

    Your client told you my client had another employer and your client provides not one single document or communication from any party to evidence or document or explain this arrangement with the other companies or why your client issued W2s for the sums indicated.

    If I do not get a further response indicating when you will be compliant with these demands (in addition, the Interrogatories are to be signed and verified by your clients) by Thursday I will seek the assistance of the Magistrate. I await your response.

    Very truly yours,

    JONATHAN SILVER

js/mm