*Jonathan Silver*

*Attorney at Law*

---

*of Counsel*
*Stephen J. Fein*
*Jennifer Beinert*
*Paul C. Kerson*

*Crossroad Tower*
*80-02 Kew Gardens Road, Suite #316, Kew Gardens, N.Y. 11415*
*(718) 520-1010*
*Fax No. (718) 575-9842*
*juanplata@aol.com*

March 15, 2019

Magistrate Judge Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   **Re: Gursewak Singh v Lntech Electric Inc., et al**
     United States District Court EDNY Index No: 18-5780

Dear Magistrate Gold:

  A conference was held by the January 30, 2019.

  Counsel for the defendants advised the Court that the defendants were not the plaintiff's employer; that this was done because plaintiff's "real employer" was a subcontractor who was not authorized to perform NYCHA work; that the defendants only worked on 4 NYCHA projects.

  Defendants were to provide information about who defendants claimed were the actual employer.

  Responses to plaintiff's discovery demands were received from defendants and the lack of information and documents and details is disturbing. An entire set of the documents provided that relate to the plaintiff are attached.

  Despite the fact that the defendant corporation issued W2s to my client for the period 2017-17 totaling more than $94,000.00, the defendants did not provide copies of any payments issued to the plaintiff.

Magistrate Judge Steven M. Gold
March 15, 2019
Page 2

   NYS-45 and Federal 941 documents were requested but none provided.

   In total, defendants produced 5 payroll reports for 2018 and 9 for 2016 referring to my client. The total number of hours listed on these reports was 92.5 hours of work. Some list the defendant corporation as contractor and some as subcontractor.

   Defendants provided one Affidavit, one Certificate and one REP Hiring Summary Statement signed by defendants all dated in September 2018.

   Defendants have not provided any other documents whatsoever concerning the NYCHA work they performed, no documents concerning defendants activities or relationship with Talico Contracting Inc, Neelam Construction Corp or Skyworx Contracting Inc. even though each is identified variously as a subcontractor, contractor or general contractor in the few documents provided.

   Despite the fact that defendant claim that plaintiff had another employer, defendant provides not one single document or communication with any other party to evidence or document or explain this arrangement with these other companies or why defendant issued W2s for the sums indicated.

   Frankly, it is presently a guessing game to figure out who other than defendant was the "real employer" and certainly there are no records that defendants have produced to demonstrate any other "real employer" or to spell out the alleged arrangement made that

Magistrate Judge Steven M. Gold
March 15, 2019
Page 3

lead defendants to falsely issue W2s or to mislead others that defendants were plaintiff's employer.

This office was to advise by March 22 how plaintiff intended to proceed to file an amended complaint assuming there was another "real employer."

I do not see that plaintiff has as of yet sufficient information to add defendants alleging them to be plaintiff's employers.

I have advised counsel by March 4 letter that the discovery responses received to date are inadequate and asked for a further response but it has not been provided.

I am requesting that the Court schedule a telephone conference to discuss these issues.

My thought is that I will also need to depose Mr. Lintech so that more information can be obtained from him about the "real employer" and defendants "arrangement."

That deposition can be conducted shortly and perhaps then there will be a more definitive answer to who, if anyone, should be added as additional defendant.

Respectfully submitted,

JONATHAN SILVER

JS/eb
attachments

Minute Entry 15: Telephone Conference held on 3/26/2019 before Magistrate Judge Steven M. Gold. Silver for plaintiff, Mizrahi for defendants. Counsel will confer with respect to their discovery dispute and submit a letter by March 28 identifying those areas of dispute they have been unable to resolve. THE COURT WILL HOLD A TELEPHONE CONFERENCE TO ADDRESS THE DISPUTE AT 12 NOON ON MARCH 29, 2019. Counsel for plaintiff will arrange the conference call. (FTR Log #2:33-2:35.) (Gillespie, Saudia) (Entered: 03/26/2019)