UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
GURSEWAK SINGH,

                Plaintiff,

   -against-

LINTECH ELECTRIC, INC., LINDEN J
TUDOR,

               Defendants.

------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 18-cv-05780-FB-LB

*Appearances:*
*For the Plaintiff*:
JONATHAN SILVER
80-02 Kew Gardens Road
Kew Gardens, NY 11415

*For the Defendant*:
JOSHUA LEVIN-EPSTEIN
JASON MIZRAHI
Levin-Epstein & Associates, P.C.
420 Lexington Avenue, Suite 2525
New York, NY 10170

**BLOCK, Senior District Judge:**

     Plaintiff Gursewak Singh filed a claim on October 16, 2018 seeking payments for alleged unpaid wages and other monies owed under the Fair Labor Standards Act ("FLSA") and New York Labor Law § 190. Singh subsequently filed two state court complaints on December 9, 2019 and December 10, 2019 alleging the defendants had fraudulently conveyed properties in their ownership. The two actions allege that the defendants engaged in a series of property transfers that "were either without consideration or without fair consideration." *See* ECF No. 68 at 3; ECF No. 69 at 3. The first property, a residence located at 109-70 133rd Street South Ozone Park, NY

1

was allegedly conveyed fraudulently on March 26, 2003. The second property, a commercial property located at "1609 Nostrand Avenue/3006 Tilden Avenue in Brooklyn," was allegedly conveyed fraudulently first on March 6, 1998 and later on September 24, 2007. ECF No. 68 at 2; ECF No. 69 at 2.

Having removed the state court cases to federal court, the defendants move under Federal Rule of Civil Procedure Rule 12(b)(6) to dismiss the fraudulent conveyance actions and ask the Court to cancel the *lis pendens*, or notices of pendency, filed against defendants' residential and commercial properties. Defendants also move for attorney's fees and costs pursuant to C.P.L.R. § 6514(c) and sanctions pursuant to 28 U.S.C. § 1927. For the reasons below, defendants' motions to dismiss the fraudulent conveyance actions and to cancel the *lis pendens* in Brooklyn and Queens are granted. Defendants' motions for attorney's fees, costs, and sanctions are denied.

## I.

The defendants argue that both fraudulent conveyance actions are barred by the statute of limitations. *See* C.P.L.R. § 213(8) ("the time within which the action must be commenced shall be the greater of six years from the date the cause of action accrued or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it."); *see also In re Bernard L. Madoff Inv. Sec. LLC*, 773 F.3d 411, 416

(2d Cir. 2014) ("New York's fraudulent conveyance law has a six-year statute of limitations").

A statute of limitations defense "may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Connecticut Gen. Life Ins. Co. v. BioHealth Lab'ys, Inc.*, 988 F.3d 127, 131-32 (2d Cir. 2021) (internal citations and quotations omitted).[1] Such is the case here.

Since the first fraudulent conveyance allegedly occurred on March 26, 2003, the defendants contend legal action should have commenced on or before March 26, 2009. Similarly, since the second allegedly false conveyances occurred on March 6, 1998 and September 24, 2007, the defendants contend legal action should have commenced on or before March 6, 2004 and September 24, 2013, respectively.

Plaintiff contends fraudulent conveyances are "difficult to prove" and the transfers in question should be subject to heightened scrutiny because they display "badges" of fraud. ECF No. 76 at 6. Plaintiff also contends there was no reason to inquire about the allegedly fraudulent conveyances before he stopped working for defendants in the fall of 2018.

---

[1] Defendants also move to dismiss based on various pleading defects. Since plaintiff's claims are clearly barred by the relevant statute of limitations, the Court need not assess the pleading defects.

Plaintiff's arguments are unavailing. Public documents with indicia of fraud – like those cited by plaintiff – are sufficient to put one on notice of potential fraud. *See Sejin Precision Indus. Co. v. Citibank, N.A.*, 726 F. App'x 27, 30 (2d Cir. 2018).  Plaintiff cannot establish a direct, personal connection to the allegedly fraudulent transfers, and the defendants persuasively note the conveyances were made over a decade before plaintiff even started working for defendants. Nor does plaintiff make any cognizable arguments that an exception to the six-year statute of limitations applies.

Accordingly, relief is barred by the applicable six-year statute of limitations. Both complaints, listed at ECF Nos. 68 and 69, must be dismissed. *See Connecticut Gen. Life Ins.*, 988 F.3d at 131-32.

## II.

The defendants move for cancellation of *lis pendens* pursuant to C.P.L.R. § 6514(a) and (b).

A plaintiff bringing a lawsuit claiming interest in real property may file *a lis pendens* against the property. *See* C.P.L.R. §§ 6501-6516. The *lis pendens* notify future interest holders of a prior claim to that property. "Whether to cancel a notice of pendency … is a matter entirely within the discretion of the Court." *Done v. Wells Fargo, N.A.*, No. 12-CV-04296 JFB ETB, 2013 WL 3785627, at *7 (E.D.N.Y. July 18, 2013). The Second Circuit has explained that "[a]lthough a

4

court must uphold a notice of pendency if the underlying complaint sets forth a claim within the scope of C.P.L.R. § 6501, the court may evaluate the claim's legal sufficiency and, if [the claim is] facially insufficient, the court should cancel the notice." *Diaz v. Paterson*, 547 F.3d 88, 91 (2d Cir. 2008) (citing *Gallagher Removal Serv., Inc. v. Duchnowski,* 179 A.D.2d 622, 623 (2d Dept. 1992)).

The defendants argue that C.P.L.R. § 6514(a) demands dismissal of the notices of pendency because dismissal of the fraudulent conveyance actions negates any basis for the notice of pendency. The statute provides, in relevant part, that "[t]he court … shall direct any county clerk to cancel a notice of pendency, if … the action has been settled, discontinued or abated." C.P.L.R. § 6514(a). In the alternative, defendants argue the Court should rely on the discretionary cancellation provisions of § 6514(b) because "the plaintiff has not commenced or prosecuted the action in good faith."  Plaintiff did not respond to these arguments.

Dismissal is appropriate pursuant to C.P.L.R. § 6514(a). While the term "abatement" is not defined in C.P.L.R. § 6514(a), New York courts have held that dismissal of the underlying action on which the *lis pendens* is based qualifies as abatement. *See Nastasi v. Nastasi*, 26 A.D.3d 32, 40 (2d Dept. 2005) (discussing use of the term abatement in the C.P.L.R.). As a practical matter, the statute contemplates dismissal following termination of the relevant action. Since a notice of pendency cannot be maintained in the absence of a valid claim, and the statute

of limitations has run on the fraudulent conveyance actions, the *lis pendens* must be cancelled. *See, e.g., Guberman v. Rudder*, 85 A.D.3d 683 (1st Dept. 2011) ("notice of pendency could not be maintained in the absence of a valid claim").

## IV.

Defendants move for attorney's fees and costs pursuant to C.P.L.R. § 6514(c) along with sanctions pursuant to 28 U.S.C. § 1927. Although the defendant's requests offer a tempting option to the Court, the Court declines to impose fees, costs, and sanctions at this time. Plaintiff's counsel is now on notice that litigation tactics designed to harass or undertaken in bad faith will not be tolerated.

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss and for cancellation of both *lis pendens* are hereby **GRANTED**. The Clerk of the Court, County of Kings is directed to cancel the notice of pendency filed by plaintiff concerning the property located at 1609 Nostrand Avenue/3006 Tilden Avenue in Brooklyn. The Clerk of the Court, County of Queens is directed to cancel the notice of pendency filed by plaintiff concerning the property located at 109-70 133rd Street South Ozone Park, NY. Defendants' motions for attorneys' fees, costs, and sanctions are hereby **DENIED**. Plaintiff's FLSA and New York Labor Law § 190 claims are unaffected by this decision.

**SO ORDERED.**

           _/S/ Frederic Block_____
           FREDERIC BLOCK
           Senior United States District Judge

Brooklyn, New York
March 19, 2021