UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
GURSEWAK SINGH,

                    Plaintiff,                     **REPORT AND RECOMMENDATION**
                                                      **18 CV 5780 (FB)(LB)**

   -against-

LINTECH ELECTRIC, INC. and
LINDEN J. TUDOR,

                   Defendants.
--------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      Plaintiff brings this action alleging that defendants, among other things, failed to pay him

minimum wage, overtime wages, and failed to provide him wage notices and statements in

violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et. seq., and the New York

Labor Law ("NYLL"), N.Y. LAB. LAW § 190 et. seq., while he was employed as an electrician.

Compl, ¶¶ 1, 8, ECF No. 1. Defendants now seek sanctions against plaintiff and plaintiff's counsel,

including dismissal of the complaint, pursuant to Federal Rules of Civil Procedure 26(g)(3), 37(b),

and 37(c), 28 U.S.C. § 1927 and the Court's inherent powers. Defendants principle argument in

support of sanctions is plaintiff's failure to timely produce communications and records regarding

plaintiff's other employment.[1] ECF No. 89; Def. Mem. of Law 1, ECF No. 98. Defendants' motion

was referred to me by the Honorable Fredric Block for a Report and Recommendation in

accordance with 28 U.S.C. § 636(b).[2] For the reasons set forth below, it is respectfully

recommended that defendants' motion should be granted in part and denied in part.

---

[1] Although the electronic order accompanying Judge Block's Memorandum and Order dismissing plaintiff's
removed state court actions originally stated that the instant motion for sanctions was denied, see ECF 104;
Electronic Order dated May 6, 2021, the Memorandum and Order dismissing the state court actions only addressed
defendants' motion for sanctions related to the motion to dismiss, not the instant request for discovery sanctions. See
Electronic Order dated May 6, 2021.
[2] Judge Block also referred motions filed at ECF Nos. 70, 89, and 90. See Electronic Order dated Jan. 11, 2021.
However, Judge Gold previously found the motion to compel filed at ECF No. 70 to be moot "in light of the

## BACKGROUND

Plaintiff alleges that defendants employed him as an electrician at construction sites in New York City "from approximately late October/early November 2014 until middle of September 2018." Compl. ¶ 8. Defendant Lintech Electric, Inc., which is owned by defendant Linden Tudor, performs construction work at various sites in New York City. Id. ¶¶ 9-11. Plaintiff claims that defendants employed him Monday through Friday at properties managed by the New York City Housing Authority ("NYCHA"). Id. ¶ 8. Plaintiff also worked at NYCHA properties two Saturdays each month; on other Saturdays and Sundays he worked at non-NYCHA properties. Id. During his employment with defendants, plaintiff alleges he started work at 8:00 a.m. and worked "until sometimes 6 PM and sometimes 7 PM." Id. Plaintiff was paid $700-$800 each month. Id.

Plaintiff claims that defendants committed several violations throughout the course of his employment. He alleges that defendants "promoted a scheme to fraudulently report" his hours, the nature of his work, and his wages to NYCHA. Id. ¶ 13. Further, plaintiff did not receive minimum wage or overtime wages when he worked over 40 hours a week. Id. ¶¶ 15-17. Defendants allegedly failed to provide plaintiff with proper wage notices and statements documenting the dates and hours he worked. Id. ¶ 20. Plaintiff also alleges that defendants filed false tax information with the Internal Revenue Service on his behalf. Id. ¶ 38.

---

completed briefing of the pending motion to dismiss." See Electronic Order dated June 29, 2020. The documents filed at ECF Nos. 89 and 90 are the opening salvos of the instant motion to dismiss. At a conference held after the filing of these letter motions, Judge Gold set a formal briefing schedule. See Oct. 29, 2020 Minute Entry, ECF No. 92. To the extent plaintiff's letter motion, ECF No. 90, seeks to compel discovery and sanctions against plaintiff's counsel, that motion was rendered moot by the stay of discovery ordered by Judge Gold at the October 29, 2020 conference. See Oct. 29, 2020 Minute Entry.

## PROCEDURAL HISTORY

The record in this case reflects the increasingly complicated and acrimonious conduct of this litigation including both parties' failures to produce discovery, motions to compel, and the removal and later dismissal of two state court actions. Defendants' instant motion also implicates another action filed by plaintiff's counsel against a company called Talico Contracting Inc., and that case's ultimate dismissal. The relevant procedural history is summarized below.

### A. The Instant FLSA and NYLL Federal Court Action

Plaintiff filed the complaint commencing this action on October 16, 2018. ECF No. 1. Defendants answered on December 20, 2018. ECF No. 9. After answering the complaint, defendants served interrogatories and document demands on plaintiff, including requests for: documents related to plaintiff's employment by Talico Contracting, Inc. ("Talico"); plaintiff's tax documents, including tax returns and W-2s from 2014 through the present; and documents related to any positions of employment held by plaintiff. Mizrahi Aff., Ex. K, ECF No. 99-11.

An initial conference was held before Magistrate Judge Gold, to whom this matter was assigned, on January 30, 2019. ECF No. 12. At the initial conference, the parties ignited a discovery dispute that has burned throughout this litigation. Following the conference, Judge Gold ordered the defendants to "produce information about the entity they contend was plaintiff's actual employer" along with corroborating documents. ECF No. 12.

On March 4, 2019, defendants' counsel emailed plaintiff's counsel Jonathan Silver, and stated, as he had at the initial conference, that plaintiff's actual employer was Talico Contracting, Inc. Mizrahi Aff., Ex. M, ECF 99-13. Defendants also served plaintiff with a deficiency letter, stating that plaintiff had failed to respond to defendants' December 20, 2018 document demands. ECF No. 89-1. On March 5, 2019, plaintiff served a reply to defendants' request for documents,

which stated that plaintiff did not possess: any documents related to employment by Talico

Contracting Inc.; his tax returns from 2014 through the present; or any documents related to

employment prior to his last day of work for the defendants in 2018. Mizrahi Aff., Ex. O, ECF

No. 99-15. Plaintiff's reply to defendants' interrogatories stated that he did not know of any

agreement to work for Talico and that he had preserved all documents and evidence in his

possession. Id. The response was not verified as required by Federal Rule of Civil Procedure

33(b).

The parties subsequently filed cross motions to compel discovery. ECF Nos. 18, 20.

Defendants reiterated that plaintiff had actually been employed by Talico Contracting Inc. which

also performed work along with Lintech at certain non-NYCHA projects. ECF No. 20. On June

27, 2019, Judge Gold granted the parties' motions for discovery in part and denied them in part,

ordering defendants to produce all documents in their control and ordering plaintiff to "confirm

in writing that no documents or information has been withheld based upon the general objections

and privilege assertion made in response to defendants' document demands." June 27, 2019

Minute Order, ECF No. 23. On July 17, 2019, plaintiff's counsel denied that any additional

responsive documents existed, stating "no document or information has been withheld." Mizrahi

Aff., Ex. G, ECF No. 99-7.

Plaintiff was deposed on September 24, 2019 and October 4, 2019. Id., Exs. S-T, ECF

Nos. 99-19, 99-20. Prior to the deposition, plaintiff's counsel informed defendants' counsel that

plaintiff required a Punjabi interpreter. Id., Ex. R, ECF No. 99-18. Defendants' counsel inquired

about how plaintiff's counsel had previously been communicating with plaintiff but did not

receive a response. Id. Throughout his deposition, plaintiff and plaintiff's counsel reiterated that

he did not know how to read or speak English. Pl. Sept. 24, 2019 Dep. Tr. 23:11-18, 24:8-13, 25:17-26:7; Pl. Oct. 4, 2019 Dep. Tr. 62:8-10, 62:15-18, 76:15.

On September 15, 2020, defendants' counsel emailed plaintiff's counsel supplemental document production, including a W-2 issued to plaintiff by Talico. Mizrahi Aff. ¶ 26, Ex. V., ECF No. 99-22. Then, on September 21, 2020, defendants' counsel sent plaintiff's counsel a deficiency letter renewing defendants' request for documents and noting deficiencies in plaintiff's interrogatory responses in light of the W-2 from Talico. Id. Ex. W, ECF No. 99-23.

On September 22, 2020, Magistrate Judge Gold held a conference. ECF No. 88. Plaintiff was ordered to respond to defendants' discovery demands by October 5, 2020 and plaintiff's second deposition was scheduled for October 21, 2020. Id.

Following the Court conference, plaintiff produced supplemental documents and interrogatory responses which made reference to the Talico W-2 provided by defendants. Mizrahi Aff. ¶ 28, Ex. X, ECF No. 99-24. Defendants responded to plaintiff's supplemental production with an additional deficiency letter. Id. ¶ 29, Ex. Y, ECF No 99-25. On October 13, 2020, plaintiff supplemented his responses to defendants' discovery requests by providing 115 pages of documents related to his employment by at least nine other employers. Id. ¶ 30, Ex. Z; Def. Mem. of Law 20-21. Plaintiff's supplemental production included tax forms from these other employers: Sharan Builders Inc.; Talico; Neelam Construction Corporation; RSN Construction Co., Inc.; Lakhi General Contractor Inc.; Unter, LLC; Uber Technologies, Inc.; S & N Builders; and Metropolitan Construction Corp. Def. Mem. of Law 20-21. The production also included plaintiff's 2016 and 2017 tax returns which stated that "Plaintiff's 'principal business or profession' was a 'Taxi Limo Service.'" Id. Defendants moved to adjourn plaintiff's scheduled second deposition and sought sanctions. ECF No. 89. Plaintiff's counsel responded by filing a

motion to compel discovery from defendant. ECF No. 90. Judge Gold scheduled a telephone conference for October 29, 2020 in response to the parties' dueling submissions. See Electronic Order dated Oct. 20, 2020.

At the conference on October 29, 2020, Judge Gold expressed surprise at plaintiff's failure to provide the requested discovery for almost two years, stating "I'm really having a hard time understanding this." Oct. 29, 2020 Conf. Tr. 2:7-19, ECF No. 94. Plaintiff's counsel claimed that after receiving the Talico W-2 he "demanded" that plaintiff come in and talk to him and produce all of his records. Id. 3:2-16. According to plaintiff's counsel, this led to plaintiff's production of the supplemental discovery. Id. The Court expressed its opinion that plaintiff's counsel's response was "remarkably inadequate" and that the claims in the complaint were "belied by the documents." Id. 3:17-19. Judge Gold highlighted that plaintiff claimed to be working overtime for defendants yet also reported thousands of dollars in income from driving a cab and stated that plaintiff "couldn't possibly have" worked overtime for defendants when he had multiple other employers. Id. 4:11-13, 8-25. Ultimately, Judge Gold stayed discovery and set a briefing schedule for the instant motion for sanctions. Id. 11:10-12:4.

**B. Removed State Court Actions**

Two removed state court actions are also relevant to the current motion. On December 16, 2019, defendants removed a declaratory judgment action filed by plaintiff in state court to the Eastern District of New York, requesting that the Court exercise supplemental jurisdiction over the action because it was related to plaintiff's FLSA and NYLL claims. ECF No. 32. The declaratory judgment action related to what plaintiff alleged to be a fraudulent conveyance of property designed to hinder the enforcement of any judgment in this action. ECF No. 32-1. After

they removed the case, defendants moved to dismiss the action and requested sanctions. ECF Nos. 34, 48.

On January 15, 2020, defendants removed a second state court action, also requesting that the Court exercise supplemental jurisdiction because it was related to the FLSA and NYLL claims in this matter. ECF No. 39. This second state court action also related to what plaintiff alleged to be a fraudulent conveyance of property designed to hinder the enforcement of any judgment in this action. ECF No. 39-1. Defendants also moved to dismiss this action and requested sanctions. ECF No. 48.

On March 19, 2021, after briefing of the current sanctions motion was underway, Judge Block granted defendants' motion to dismiss the two removed state court actions, holding that both actions were barred by the applicable statute of limitations. Mem. & Order 4, ECF No. 104. Judge Block denied defendants' request for sanctions, stating that plaintiff was "now on notice that litigation tactics designed to annoy and harass would not be tolerated." Id. at 7.

**C. Talico Action**

Defendants' motion also implicates an unrelated FLSA action brought by plaintiff's counsel, Jonathan Silver, against Talico. Def. Mem. of Law 22. That case, Singh v. Kaur et. al., No. 19-cv-6927(BMC) (E.D.N.Y. 2019) ("Talico Action"), was filed on December 10, 2019, approximately one year after the instant action, and alleged that defendants Mandeep Kaur, Manmohan Singh, and Talico Contracting Inc., failed to provide plaintiffs Jagdev Singh and Kuldeep Singh with minimum and overtime wages. Id. The allegations in the Talico action are almost identical to the allegations in the instant matter. Id. In that case, plaintiffs refused to appear for their depositions, Judge Cogan ordered plaintiffs to show cause why they should not be sanctioned, and Mr. Silver moved to withdraw as plaintiffs' counsel citing a post-deposition

change in plaintiffs' narrative of the allegations in the complaint. Talico Action ECF Nos. 42-44, Electronic Orders dated Nov. 9, 2020. On November 19, 2020, Judge Cogan denied Mr. Silver's motion to withdraw, stating that "[i]f a lawyer discovers that his client has given him inaccurate material information that has become part of the record of the case, the lawyer cannot simply head for the hills [but] has a duty to advise his client to correct the misinformation." Talico Action Electronic Order dated Nov. 19, 2020. Ultimately, plaintiffs voluntarily dismissed the Talico Action. Talico Action ECF No. 49-51.

      Discovery defendants produced in the instant matter reveals that plaintiff worked at the same NYCHA job sites as the plaintiffs in the Talico Action. Def. Mem of Law 23. Plaintiff's revised responses to defendants' interrogatories identify Manmohan Singh and Kuldeep Singh as witnesses with information related to this matter. Mizrahi Aff. Ex. Q, ECF No. 99-17. Defendants argue that plaintiff's counsel's conduct in the Talico Action demonstrates his history of litigation misconduct and his understanding of its consequences. Def. Mem. of Law 39; Reply 2 n.1, ECF No. 105.

      Following the briefing schedule set by Judge Gold, plaintiffs filed the instant motion for sanctions, appending email communications between the parties, discovery demands and responses, and copies of filings from the Talico Action. See ECF Nos. 97-99. Plaintiff's counsel opposes the motion and appends discovery materials, case communications and plaintiff's declaration. Pl.'s Opp'n, ECF No. 102. Defendants replied. ECF No. 105.

**DISCUSSION**

**I. Legal Standard**

**A. Sanctions Under Federal Rule of Civil Procedure 26(g)(3)**

Federal Rule of Civil Procedure 26(g)(1) requires that "every disclosure under Rule

26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by…[the]

attorney of record." In pertinent part, the Rule states that the attorney's signature "certifies that to

the best of the person's knowledge information, and belief formed after a reasonable inquiry" the

disclosures are complete and correct and each "discovery request, response, or objection" is

consistent with the Federal Rules. FED. R. CIV. P. 26(g)(1). Under Rule 26(g)(3), "[i]f a

certification violates this rule without substantial justification, the court on motion or on its own,

must impose an appropriate sanction on the signer." The sanction may include payment of

reasonable expenses, including attorney's fees. FED. R. CIV. P. 26(g)(3).

The determination of whether an attorney satisfies Rule 26(g)'s "reasonable inquiry"

requirement depends upon an analysis of "the totality of the circumstances." Markey v. Lapolla

Indus., Inc., No. 12-CV-4622(JS)(AKT), 2015 WL 5027522, at *15 (E.D.N.Y. Aug. 25, 2015)

(internal quotation marks omitted) (quoting Quinby v. WestLB AG, No. 04-CV-

7406(WHP)(HBP), 2005 WL 3453908, at *4 (S.D.N.Y. Dec. 15, 2005) Report and

Recommendation adopted by 2016 WL 324968 (E.D.N.Y. Jan. 26, 2016). A Court considering

sanctions must decide if the attorney conducted his investigation in a reasonable manner given

the circumstances of the particular case. See Jianjun Chen v. 2425 Braodway Chao Rest., LLC,

331 F.R.D. 568, 571 (S.D.N.Y. 2019) (quoting Kiobel v. Royal Dutch Petroleum Co., No. 02

Civ. 7618(KMW)(HBP), 2009 WL 1810104, at *3 (S.D.N.Y. June 25, 2009)). Rule 26(g) has

been interpreted to "charge all attorneys with a special, 'affirmative duty to engage in pretrial

9

discovery in a responsible manner that is consistent with the spirit and purposes' of liberal

discovery." Markey, 2015 WL 5027522, at *15 (internal quotation marks omitted) (quoting

Kosher Sports, Inc. v. Queens Ballpark Co., LLC, No. 10-CV-2618(JBW)(RLM), 2011 WL

3471508, at *7 (E.D.N.Y. Aug. 5, 2011)). Sanctions are mandatory when an attorney

unjustifiably violates Rule 26's disclosure and discovery requirements. Kiobel, 2009 WL

1810104, at *3. An attorney may only avoid sanctions by demonstrating "substantial

justification" for his failure to comply or that his conduct was harmless. Markey, 2015 WL

5027522, at *15 (citing Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First,

LLC, 280 F.R.D. 147, 158-159 (S.D.N.Y. 2012) [hereinafter Ritchie Risk]).

**B. Sanctions Under Federal Rule of Civil Procedure 37(b) and 37(c)**

Rule 37(b) provides for sanctions when a party does not obey a Court order to provide

discovery. FED. R. CIV. P. 37(b)(2)(A). The available sanctions include "dismissing the action or

proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(v). The Court may, "[i]nstead of or

in addition to the sanctions included under Rule 37(b)(2)(A)," order a party, the party's counsel,

"or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless

the failure was substantially justified or other circumstances make an award of expenses unjust."

FED. R. CIV. P. 37(b)(2)(C).

"'[D]ismissal is a drastic remedy that should be imposed only in extreme circumstances,

…usually after consideration of alternative, less drastic sanctions.'" Houghton v. Culver, 467

Fed. Appx. 63, 65 (2d Cir. 2012) (summary order) (internal quotation marks omitted) (quoting

John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1176 (2d Cir. 1988)).

Although not an exhaustive list, the Second Circuit instructs that several factors should be

considered when considering dismissal as a sanction for noncompliance, including: "(1) the

willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." Id. (quoting Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302-03 (2d Cir. 2009).

Under Rule 37(c), when "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1); see also Markey, 2015 WL 5027522, at *16. The Court may order the offending party to pay "reasonable expenses, including attorney's fees, … and may impose other appropriate sanctions, including" those contemplated by Rule 37(b)(2)(A). FED. R. CIV. P. 37(c)(1)(A)-(C). When the alleged sanctionable conduct is a party's failure to provide documents, "district courts have broad discretion in fashioning an appropriate sanction." Fossil Indus., Inc. v. Onyx Specialty Papers, Inc., 302 F.R.D. 288, 293 (E.D.N.Y. 2014) (citing Creative Res. Grp. of N.J. v. Creative Res. Grp., 212 F.R.D. 94, 102 (E.D.N.Y. 2012)). Sanctions pursuant to Rule 37(c) are only available against a party and not its counsel. See Apex Oil Co. v. Belcher Co. of New York, Inc., 855 F.2d 1009, 1013-14 (2d Cir. 1988) ("By its express terms, Rule 37(c) applies only to a party.").

The party seeking discovery sanctions is required to demonstrate: "(1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had a 'culpable state of mind;' and (3) that the missing evidence is relevant to the party's claim or defense such that a reasonable trier of fact could find it would support that claim or defense." JMC Rest. Holding, LLC v. Pevida, No. 14 Civ. 6157(WFK)(VMS), 2016 WL 3351007, at *6 (E.D.N.Y. June 14, 2016) (quoting In re Sept. 11th

Liab. Ins. Coverage Cases, 243 F.R.D. 114, 125 (S.D.N.Y. 2007)). A party has an obligation to produce evidence when such production is required by Rule 26 or the Court's order. Markey, 2015 WL 5027522, at *16 (quoting In re Sept. 11th Liab. Ins. Coverage Cases, 243 F.R.D. at 125)). A party acts with a "culpable state of mind" when the discovery violation results from "bad faith or gross negligence [or] ordinary negligence." Id. (internal quotation marks omitted) (quoting In re Sept. 11th Liab. Ins. Coverage Cases, 243 F.R.D. at 125)). A party acts negligently in failing to produce discovery when he fails "to conform to the standard of what a party must do to meet its obligation to participate meaningfully and fairly in the discovery phase of a judicial proceeding." Id. at *17 (internal quotation marks omitted) (quoting In re Pfizer Secs. Litig., 288 F.R.D. 297, 314 (S.D.N.Y. 2013)). When a party's failure to produce discovery results from its negligence, the evidence in question is considered relevant when "a reasonable trier of fact could find that it would support… [the party's] claim or defense. Id. (quoting In re Sept. 11th Liab. Ins. Coverage Cases, 243 F.R.D. at 125). Sanctions should only be imposed when the failure to produce evidence actually causes injury. Id. (quoting In re Sept. 11th Liab. Ins. Coverage Cases, 243 F.R.D. at 125.

## C. Sanctions Under 28 U.S.C. § 1927 and the Court's Inherent Authority

The Court has both inherent and statutory powers to sanction attorneys and parties whose behavior unreasonably threatens the orderly management and resolution of a case. Revson v. Cinque & Cinque, P.C., 221 F.3d 71, 78 (2d Cir. 2000). The Court's statutory power is derived from 28 U.S.C. § 1927 which provides that "[a]ny attorney…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." The Court's inherent powers emanate from "the practical necessity that courts be able to 'manage

their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Revson, 222 F.3d at 78 (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)).

Sanctions are properly awarded under 28 U.S.C. § 1927 when an "attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Id. at 79 (internal quotation marks omitted) (quoting Oliveri v. Thompson, 803 F.2d 1265, 1273 (2d Cir 1986)). Similarly, sanctions are proper under the Court's inherent power, which can be levied against both attorneys and parties, where the Court finds that "(1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, i.e., motivated by improper purposes such as harassment or delay." Enmon v. Prospect Cap. Corp., 675 F.3d 138, 143 (2d Cir. 2012) (internal quotation marks omitted) (quoting Schaifer Nance & Co., Inc., v. Estate of Warhol, 194 F.3d 323, 336 (2d Cir. 1999)). The required finding of bad faith can only be inferred from a party's actions when the actions are "so completely without merit" that the Court must conclude that they were taken for an improper purpose. Id. (internal quotation marks omitted) (quoting Schaifer Nance, 194 F.3d at 336).

## II. Analysis

Defendants' motion points to several of plaintiff's alleged failures, however, the crux of defendants' argument that sanctions should be imposed is that plaintiff failed to produce documents and failed to truthfully respond to interrogatories regarding his other employment. Def. Mem. of Law 1. Defendants also seek sanctions for plaintiff's counsel's alleged failure to abide by multiple Court orders. Def Mem. of Law 35. These alleged violations include: failing to file an amended complaint; failing to produce plaintiff at a settlement conference with the Court; misrepresenting the existence of the documents sought in discovery in counsel's July 17, 2019

letter to the Court; and withholding discovery in violation of the Court's September 22, 2020 Order. Id. at 35-36.

### A. Plaintiff's Counsel Should be Sanctioned Under Federal Rules of Civil Procedure 26(g)(3)

The record is clear that plaintiff's responses to defendant's document demands and interrogatories were deficient. On October 13, 2020, after this matter had been pending for almost two years, plaintiff produced 115-pages of supplemental discovery, including tax and employment records, which demonstrate his employment by Talico and multiple other employers. Mizrahi Aff. ¶ 30, Ex. Z; Def. Mem. of Law 20-21. This revelation directly undermines plaintiff's prior responses to defendants' interrogatories and other discovery demands.

Plaintiff's response to defendants' discovery demands dated March 5, 2019, signed by plaintiff's counsel, states he: did not have any documents related to communications with or employment by Talico; did not possess federal and state tax returns for the years 2014 through the present; and did not have documents related to employment by any employer other than defendants. See Mizrahi Aff. ¶ 18, Ex. O. In response to defendants' interrogatories, plaintiff provided the following responses:

Interrogatory No. 12: Identify any agreement, representation, or understanding between You and Tailco (sic) Contracting Inc., a New York corporation, relating to the subject of any of the allegations in the complaint.

Answer to Interrogatory No. 12: None known to the plaintiff

Interrogatory No. 18: Identify any positions of employment that You held from 2014 to present and set forth the job title You held in connection with each instance of employment, the compensation You received, including any tips and bonuses, and the nature of Your duties and/or responsibilities in connection with same.

<u>Answer to Interrogatory No. 18</u>: Plaintiff held no title and just worked as an electrician as described.

<u>Id.</u>

Plaintiff's May 7, 2019 supplemental response to defendants' interrogatories signed by plaintiff's counsel and verified by plaintiff, states:

<u>Interrogatory No. 12</u>: Identify any agreement, representation, or understanding between You and Talico Contracting Inc., a New York corporation, relating to the subject of any of the allegations in the complaint.

<u>Answer to Interrogatory No. 12</u>: None known to the plaintiff

<u>Interrogatory No. 18</u>: Identify any positions of employment that You held from 2014 to present and set forth the job title You held in connection with each instance of employment, the compensation You received, including any tips and bonuses, and the nature of Your duties and/or responsibilities in connection with same.

<u>Answer to Interrogatory No. 18</u>: Plaintiff held no title and just worked as an electrician as described.

Mizrahi Aff. ¶ 20, Ex. Q.

On September 15, 2020, defendants provided plaintiff with a copy of his W-2 from Talico and one week later served a letter demanding that plaintiff cure the deficiencies in his discovery responses. <u>Id.</u> ¶ 27, Ex. W. On October 7, 2020, plaintiff produced a supplemental document and interrogatory response which referenced the W-2 provided by defendants.[3] <u>Id.</u> ¶ 28, Ex. X.

Under Federal Rule of Civil Procedure 26(g)(3), an attorney signing a response to a discovery request is certifying that, after a reasonable inquiry, the information contained in the response is complete and correct. A certification in violation of the Rule requires the Court to sanction the attorney signing the certification, the party making the disclosure, or both the

---

[3] Plaintiff's supplemental interrogatory response which references the Talico W-2 is dated March 5, 2019. <u>See</u> Mizrahi Aff., Ex. X. This is an error. Defendants did not provide the Talico W-2 to plaintiff until September 2020.

signing attorney and the party. FED. R. CIV. P. RULE 26(g)(3). Plaintiff's belated production of
the requested discovery proves that his prior disclosures were in fact incomplete and incorrect.
The Court must examine whether plaintiff's counsel's "inquiry, including [his] investigation
and…resulting conclusions, was objectively reasonable under the circumstances," thereby
satisfying his duty to perform the "reasonable inquiry" contemplated by Rule 26(g)(3). Kiobel,
2009 WL 1810104, at *3.

Plaintiff's counsel claims that he inquired about the records at issue when he was first
retained by plaintiff. Pl.'s Mem. of Law 11, ECF No. 102-24.[4] Counsel also notes that the
plaintiff does not speak English and that a family member was used to translate. Id. Counsel
claims that only when defendants provided the Talico W-2 was counsel able to discuss the matter
with plaintiff and then counsel made it clear that plaintiff must produce additional tax and
employment records. Id. at 12.

Plaintiff's counsel's excuses are unavailing. The Court can only conclude that counsel
failed to conduct the reasonable inquiry demanded by the Federal Rules of Civil Procedure.
Defendants' interrogatories and request for documents regarding plaintiff's employment by
Talico and others were clear and unambiguous. Counsel fails to satisfactorily explain how receipt
of the Talico W-2 resulted in the production of additional tax and employment documents when
these documents were requested from the onset of this litigation. Plaintiff's own declaration
undermines his counsel's claims, stating that he does not remember being asked for his tax and
employment records prior to being shown the Talico W-2. Pl.'s Decl. ¶ 11, ECF No. 102-1.
Plaintiff's counsel's attempt to attribute his failure to adequately communicate with plaintiff to a
language barrier is also unavailing. Counsel should have obtained the services of a professional

---

[4] As plaintiff's Memorandum of Law lacks page numbers, the Court refers to the ECF pagination.

interpreter to ensure clear communication with his client. See SEC v. Shaohua Yin, No. 17-CV-972(JPO), 2020 WL 6801915, at *6 (S.D.N.Y. Nov. 19, 2020) (discussing the need to use professional translators and interpreters to protect the "truth-seeking process" and guard litigants rights).

Plaintiff's counsel was made aware of his client's employment by Talico as early as the January 2019 initial conference. ECF No. 12. He failed to adequately investigate the matter and failed to obtain documents in his client's possession. Although counsel need not be involved in every facet of document production, counsel is responsible for coordinating his client's production efforts and ensuring that discovery is appropriately produced. See Markey, 2015 WL 5027522, at *20 (quoting Greene v. Netsmart Tech., Inc., No. 08-CV-4971, 2011 WL 2225004, at *8 (E.D.N.Y. Feb. 28, 2011) Report and Recommendation adopted by 2011 WL 2193399 (E.D.N.Y. June 2, 2011)). Counsel's representation of the plaintiffs in the Talico Action, where Manmohan Singh and Talico Contracting Inc. were named as codefendants, is also relevant given that Manmohan Singh was identified by plaintiff in the instant matter as his supervisor. Mizrahi Aff, Ex. Q. In the Talico Action, Manmohan Singh was alleged to be an "owner, stockholder, principal, officer, managing agent, [and] agent" of Talico Contracting Inc. Complaint, ECF No. 1 in Singh v. Kaur, 19cv6927(BMC) (E.D.N.Y. 2019). This overlap between cases should have further informed counsel's judgment and his responsibility to scrupulously investigate this matter.

Counsel failed to make a reasonable inquiry and failed to exercise due diligence before certifying plaintiff's responses to defendant's discovery requests. See Markey, 2015 WL 5027522, at *21 (citing Quinby, 2005 WL 3453908, at *4). Likewise, plaintiff's counsel fails to demonstrate any substantial justification for his delinquent disclosures or that the failure to

disclose was harmless. See id. at 23. On the contrary, defendants were required to make multiple demands for the missing discovery and forced to depose plaintiff without the benefit of the belatedly disclosed records. Def. Mem. of Law. 12-21. Defendants incurred unnecessary expense trying to obtain discovery which plaintiff was required to provide and defendants were forced to proceed in discovery without the benefit of complete records. See Ritchie Risk, 28 F.R.D. at 161-62 ("Defendants suffered substantial prejudice from proceeding through all of fact discovery without a full understanding of Plaintiff's damages claim…."). Under the facts and circumstances of this case, the Court should impose sanctions against plaintiff's counsel under Rule 26(g).

Although sanctions are appropriate against plaintiff's counsel, the record does not support sanctions against plaintiff personally. As previously discussed, plaintiff's declaration states that he does not remember previously being asked for his employment and tax records. Pl.'s Decl. ¶ 11. Plaintiff claims that he "never intended to hide those records or keep them secret." Id. ¶ 12. Defendants' own motion papers acknowledge that "[t]here are serious questions regarding Attorney Silver's efforts to communicate with his client." Def. Mem. of Law. 31. The Court is concerned that plaintiff's language barrier may have impeded plaintiff's understanding of his obligation in this lawsuit and his ability to comply with defendants' discovery demands. See Pl.'s Decl. ¶ 7 ("I do not read English well enough to understand this document."); Pl. Sept. 24, 2019 Dep. Tr. 23:11-18, 24:8-13, 25:17-26:7; Pl. Oct. 4, 2019 Dep. Tr. 62:8-10, 62:15-18, 76:15. If plaintiff lacks evidence to support his claims, as defendants assert, he will surely be held to account on a motion for summary judgment. Am. Hotel Intern. Grp., Inc. v. CGU Ins. Co., No. 01-CV-654(RCC), 2002 WL 1974052, at *3 (S.D.N.Y. Aug. 27, 2002).

Defendants argue in their reply brief that the Court should "disregard" plaintiff's language barrier. Reply 11. The cases cited by defendants are inapposite. <u>Sarder v. United States</u> was a criminal case in which the petitioner asserted that his language barrier invalidated his guilty plea. No. 11 Civ 7873(NRB), 2012 WL 1314159, at *8 (S.D.N.Y. Apr. 17, 2012). In <u>Abbas v. Goord</u>, the *pro se* plaintiff moved for the appointment of counsel and an interpreter and, after reviewing the record the Court found that plaintiff failed to show his language skills prevented him from prosecuting his case. No. 06-CV-648(NAM)(GJD), 2007 WL 2891631, at *5 (N.D.N.Y. Sept. 28, 2007). In <u>Saleh v. Barr</u>, after a non-English speaking plaintiff's lawyer withdrew from the case, the Court informed plaintiff that he had an obligation to communicate in English with the Court or have an interpreter present. No. 18-CV-1347(EAW), 2020 WL 5544440, at *1 (W.D.N.Y. Sept. 16, 2020). These cases are inapposite to the facts presented here. The Court's consideration of a litigant's ability to prosecute his case due to limited language skills is far different from whether the Court should impose sanctions on a litigant who does not speak English under these circumstances.

Accordingly, I recommend that defendants' motion for sanctions under Federal Rules of Civil Procedure 26(g)(3) should be granted as to plaintiff's counsel and denied as to plaintiff.

## B. Sanctions Are Not Available Against Counsel Under Rule 37(c)

Although defendant seeks sanctions against plaintiff and plaintiff's counsel under Federal Rule of Civil Procedure 37(c), Def. Mem. of Law 33-35, such sanctions are only available against a party, not its counsel.[5] <u>See</u> <u>Apex Oil Co.</u>, 855 F.2d 1013-14. For the reasons stated

---

[5] Although other Courts have awarded sanctions against counsel under Rule 37(c), <u>see</u> <u>Markey</u>, 2015 WL 5027522, at *24-25; <u>Ritchie Risk</u>, 280 F.R.D. at 157 (citing <u>Phoenix Four, Inc. v. Strategic Res. Corp.</u>, No. 05 Civ. 4837(HB), 2006 WL 1409413, at *9 (S.D.N.Y. May 23, 2006), the Second Circuit explicitly rejected this practice in <u>Apex Oil Co.</u> 855 F.2d 1013-14 ("[W]e must infer from the other subsections of Rule 37 expressly providing for the imposition of sanctions against a party's attorney that the drafters intended to omit attorneys from the coverage of subsection (c).").

above, the record does not support the imposition of sanctions against plaintiff. See supra section

II.A.

Accordingly, defendants' motion for sanctions pursuant to Federal Rule of Civil

Procedure 37(c) should be denied.

**C. The Sanction of Dismissal Under Rule 37(b) is Inappropriate**

Federal Rule of Civil Procedure 37(b)(2)(A)(v) permits the Court to "dismiss[] … [an]

action or proceeding in whole or in part" for disobeying a Court order to provide discovery. The

imposition of sanctions under Rule 37(b) requires (1) that discovery has been ordered by the

Court and (2) a failure to comply with that Order. Joint Stock Co. Channel One Russia

Worldwide v. Infomir LLC, No. 16-CV-1318(GBD)(BCM), 2019 WL 4727537, at *18

(S.D.N.Y. Sept. 26, 2019). In contemplating dismissal, the Court must consider "(1) the

willfullness of the non-compliant party or the reason for non-compliance; (2) the efficacy of

lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-

compliant party had been warned of the consequences of noncompliance." S. New England Tel.

Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010) (quoting Agiwal, 555 F.3d at 203).

These factors are not exhaustive and the appropriate sanction for a party's violation of a

discovery order is within the District Court's discretion. Id. (citing Daval Steel Prods., a Div. of

Francosteel Corp. v. M/V Fakredine, 952 F.2d 1357, 1366 (2d Cir. 1991)). Dismissal is a "drastic

remedy," to be employed only after consideration of lesser alternatives but is appropriate when a

violation of discovery orders is due to "'willfullness, bad faith, or any fault' of the party

sanctioned". Id. (first quoting John B. Hull, Inc., 845 F.2d at 1176; and then quoting Salahuddin

v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986)).

The Court has reviewed the record and is unable to locate an explicit prior Order of the Court directing plaintiff to provide the tax and employment documents which were belatedly disclosed. Although the subject of plaintiff's other employment has certainly been raised in this case from the very beginning, no explicit order regarding the tax and employment documents was entered. <u>See</u> Minute Entry, Jan. 30, 2019, ECF No. 12 ("Defendants will promptly produce information about the entity they contend was plaintiff's actual employer…."). On June 27, 2019, in deciding the parties' cross-motions to compel discovery, Judge Gold ordered plaintiff to "confirm in writing that no document or information has been withheld based upon the general objections and privilege assertions made in response to defendants' document demands and interrogatories." June 27, 2019 Minute Order. Defendants served plaintiff with a deficiency letter on September 21, 2020 citing deficiencies in his responses, Mizrahi Aff. ¶ 27, Ex. W, and the next day, on September 22, 2020, Judge Gold ordered plaintiff to respond to defendants' discovery demands by October 5, 2020, Sept. 22, 2020 Minute Entry, ECF No. 88. Plaintiff did not produce responsive documents and supplemental interrogatory responses until October 13, 2020. Mizrahi Aff. ¶ 30, Ex. Z. The last time the parties appeared before Judge Gold, he stated "I can remember Mr. Mizrahi from the very first time we conferenced the case…pressing the point that the plaintiff was in no way a full time employee of the defendant." Oct. 29, 2020 Conf. Tr. 5:6-10. Although there can be no dispute that plaintiff's counsel understood the Court's directive to produce all responsive documents, <u>Joint Stock Co. Channel One Russia Worldwide</u>, 2019 WL 4727537, at *18 (finding that even though a Court Order may not include specific words, the context of the litigation makes the Court's directive clear), a sanction under Rule 37(b) is inappropriate where "the Court's…Order did not include a clear list of the documents…required to [be] produce[d]." <u>JMC Rest. Holding, LLC</u>, 2016 WL 3351007, at *8.

Furthermore, although this case is marred by plaintiff's counsel's conduct, the Court is guided by the overarching principle that the sanctions imposed must be just. Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 140 (2d Cir. 2007) ("Rule 37 permits the imposition of 'just' sanctions; the severity of sanction must be commensurate with the non-compliance."); Daval Steel Prods., 952 F.2d at 1366 (citing Ins. Corp. of Ireland v. Compagnie des Bauxites, 456 U.S. 694, 707 (1982)). The Court is mindful that it must consider "alternative less, drastic sanctions." Patino v. Avalon Bay Cmtys. No. 14-CV-2376(LDW)(AYS), 2016 WL 8677284, at *4 (E.D.N.Y. Jan. 8, 2016) (quoting La Barbera v. ASTC Laboratories, Inc., No. 06-CV-5306(DLI)(MDG), 2007 WL 1423233, at *1-*2 (E.D.N.Y. May 10, 2007)). Plaintiff's failure to produce the supplemental responses for almost two years should not be forgiven, however it was plaintiff's counsel who received defendants' demands and made representations to the Court about the non-existence of documents.[6] The Court has already stated its concerns about imposing the ultimate sanction of dismissal on plaintiff given his language barrier. It would be unfair to dismiss plaintiff's case when the discovery violations are attributable to his counsel. See Simon Grumes v. Pathmark Stores, Inc., No. 06 Civ. 13722(SAS), 2007 WL 2489654, at *1 (S.D.N.Y. Aug. 31, 2007) (declining to dismiss a case against a *pro se* plaintiff who was represented by counsel at the time of discovery violations).

---

[6] Defendants cite Ravenell v. Avis Budget Grp., Inc, No. 08-CV-2113(SLT)(SMG), 2012 WL 1150449, at *1 (E.D.N.Y. Jan. 27, 2012) Report and Recommendation adopted by 2012 WL 1150448 (E.D.N.Y. Apr. 5, 2012), as an example of FLSA case in which plaintiff's complaint was dismissed under Rule 37(b)(2). Def. Mem. of Law. 38. However, defendants neglect to mention several key distinctions. Ravenell was a collective action FLSA case with at least 20 individual plaintiffs and Rule 37(b) sanctions were sought against an opt-in plaintiff who did not oppose dismissal. Ravenell, 2012 WL 1150449, at *1. The opt-in plaintiff did not participate in any discovery whatsoever for a period of approximately one year, ultimately leading to his dismissal from the case without prejudice to refile. Id. Ravenell is therefore markedly different from the instant matter where plaintiff did participate in discovery, including attending his deposition, but allegedly withheld requested documents and provided incorrect interrogatory responses.

Accordingly, I recommend that defendant's motion seeking to dismiss plaintiff's case as a sanction pursuant to Rule 37(b)(2) should be denied.

## D. The Motion for Sanctions Under 28 U.S.C. § 1927 and the Court's Inherent Power Should Be Denied

In support of their request for sanctions under 28 U.S.C. § 1927 and the Court's inherent power, defendants allege that the instant action lacks "a colorable basis," and that plaintiff's belated disclosure of documents and counsel's alleged misrepresentations to the Court are evidence of bad faith. Def. Mem. of Law. 40-41. Defendants also claim that the removal of the now dismissed state court actions and the prosecution of the Talico Action further support their request for sanctions. Reply 16.

The imposition of sanctions under 28 U.S.C. § 1927 or the Court's inherent power requires a "clear showing of bad faith." Rafter v. Bank of America, No. 04 Civ. 3341(JSR)(KNF), 2011 WL 2897331, at *6 (S.D.N.Y. June 28, 2011) (citing Oliveri, 803 F.2d at 1273). An attorney acts in bad faith as contemplated by 28 U.S.C. § 1927 when his actions are so devoid of merit that the Court can only conclude they were taken for an improper purpose. Id. (citing Oliveri, 803 F.2d at 1273). Similarly, under the Court's inherent power, sanctions against an attorney or a party are appropriate when "(1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, i.e., motivated by improper purposes such as harassment or delay." Enmon, 675 F.3d at 143 (internal quotation marks omitted) (quoting Schaifer Nance, 194 F.3d at 336).

In this Circuit, it is very difficult to make the requisite showing. See Markey, 2015 WL 5027522, at *28 (quoting McCune v. Rugged Ent., LLC, No. 08-CV-2677(KAM), 2010 WL 1189390, at *4 (E.D.N.Y. Mar. 29, 2010)). "Even if the motives of a party or attorney are questionable, a court may nevertheless decline to find bad faith." Id. (internal quotation marks

omitted) (quoting <u>Gelicity UK Ltd. v. Jell-E-Bath, Inc.</u>, No. 10-CV-5677(ILG)(RLM), 2014 WL 1330938, a *6 (E.D.N.Y. Apr. 1, 2014)). Further, the "threshold for colorability is low" and a claim is considered "'colorable' when, viewed in the light of the reasonable beliefs of the party making the claim, the claim has some amount of factual and legal support." <u>McCune</u>, 2010 WL 1189390, at *4 (quoting <u>Revson</u>, 222 F.3d at 78-29).

The record here does not support an award of sanctions under 28 U.S.C. § 1927 or the Court's inherent powers. Defendants allege that plaintiff's complaint contains demonstrably false claims regarding the hours he worked each week and his entitlement to overtime wages. Def. Mem. of Law 40. Defendants invite the Court to infer that if defendant had at least nine other employers during the time he claims to have worked for defendants, it would be impossible for him to have worked the alleged number of hours. Rely 2. This argument and the documents provided in plaintiff's supplemental disclosure certainly cast doubt on plaintiff's claims. However, the ultimate merits of the plaintiff's case aside, the Court cannot say with certainty that the compliant is "utterly devoid of [a] legal or factual basis." <u>Gelicity UK Ltd.</u>, 2014 WL 1330938, at *4 (quoting <u>Mahoney v. Yamaha Motor Corp. USA</u>, 290 F.R.D. 363, 367 (E.D.N.Y. 2013)). In addition, the complaint contains multiple other allegations related to failure to provide minimum wage and wage notices and statements, compl. ¶¶ 1, 8, which are not necessarily undermined by defendants' assertions. Likewise, the record does not support a finding that plaintiff's counsel's actions were so meritless that they must have been taken for an improper purpose. <u>See</u> <u>McCune</u>, 2010 WL 1189390, at *5. The Second Circuit has held that simply filing a meritless claim is not enough to support a finding of bad faith. <u>See</u> <u>Markey</u>, 2015 WL 5027522, at *29 (quoting <u>Mahoney</u>, 290 F.R.D. at 370). Finally, to the extent that defendants seek sanctions in connection with the removal and subsequent dismissal of the state court fraudulent

conveyance actions, their application for sanctions was previously denied by Judge Block. Mem. & Order 6, ECF No. 104.

Accordingly, I recommend that defendant's motion for sanctions under 28 U.S.C. § 1927 and the Court's inherent powers should be denied.

### E. Sanctions to Be Imposed

Having found that sanctions are appropriate under Federal Rule of Civil Procedure 26(g)(3), the Court must decide the type of sanctions to impose. Sanctions under Rule 26(g)(3) "may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Ultimately, the Court has broad discretion to fashion an appropriate sanction. Fossil Indus., Inc., 302 F.R.D. at 293 (citing Creative Res. Grp. of N.J., 212 F.R.D. at 102).

On the instant record, it is appropriate to order plaintiff's counsel to pay the reasonable expenses and fees incurred by defendants as a result of plaintiff's failure to timely produce discovery. See Markey, 2015 WL 5027522, at *31. The sanctions award should encompass the fees charged by defendants' counsel in their effort to obtain the requested discovery, including the preparation and service of deficiency letters, attending discovery related conferences, and the filing of the instant motion. See Jianjun Chen, 331 F.R.D. at 574-575 (S.D.N.Y. 2019) (awarding attorney's fees and costs associated with attendance at discovery conferences and the filing of the sanctions motion). Counsel should also be required to pay the future costs for plaintiff's second deposition. Schindler Elevator Corp., 2014 WL 1259559, at *3 (awarding the costs associated with a second deposition which would have been unnecessary absent discovery violations). The final amount of monetary sanctions should be deferred and defendants should be given an opportunity to file a fee application, including contemporaneous billing records, documenting defendants' counsel's fees and expenses resulting from plaintiff's counsel's misconduct. Markey,

2015 WL 5027522, at *31. If necessary, the Court may hold an inquest to determine the appropriate award.[7]

## CONCLUSION

Accordingly, it is respectfully recommended that defendants' motion for sanctions under Federal Rules of Civil Procedure 26(g)(3), 37(b), 37(c), 28 U.S.C. § 1927, and the Court's inherent powers should be granted in part and denied in part. The Court recommends that the motion should be granted imposing sanctions against plaintiff's counsel under Rule 26(g)(3) for his failure to conduct a reasonable inquiry regarding his certified responses to defendants' discovery requests. Defendants should be awarded reasonable attorney's fees and costs associated with their efforts to obtain plaintiff's compliance with their discovery demands, including the filing of the instant motion, and plaintiff's second deposition. The motion for dismissal under Rule 37(b) and for sanctions under Rule 37(c), 28 U.S.C. § 1927 and the Court's inherent powers should be denied. Defendants' should be given the opportunity to file a fee application supported by billing records. The motion for sanctions against plaintiff personally should be denied.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any

---

[7] Plaintiff's counsel shall be responsible for these fees and expenses. The Court urges counsel for both sides to attempt to resolve this matter without using further Court resources.

further judicial review. <u>Marcella v. Capital Dist. Physician's Health Plan, Inc.</u>, 293 F.3d 42 (2d Cir. 2002); <u>Small v. Sec'y of Health & Human Servs.</u>, 892 F.2d 15 (2d Cir. 1989); <u>see</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

SO ORDERED.

_____/S/_____<br>
LOIS BLOOM<br>
United States Magistrate Judge

Dated: July 20, 2021
       Brooklyn, New York