UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
GURSEWAK SINGH,

                Plaintiff,

  -against-

LINTECH ELECTRIC, INC. and
LINDEN J. TUDOR,

                Defendants.
-------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:18-cv-05780-FB-LB

**BLOCK, Senior District Judge:**

    On July 20, 2021, Magistrate Judge Lois Bloom issued a Report and Recommendation ("R&R") recommending that defendants' motion for sanctions under Federal Rules of Civil Procedure 26(g)(3), 37(b), 37(c), 28 U.S.C. § 1927 and the Court's inherent powers be granted in part and denied in part.

    Specifically, Magistrate Judge Bloom concluded that sanctions should be imposed "against plaintiff's counsel under Rule 26(g)(3) for his failure to conduct a reasonable inquiry regarding his certified responses to defendants' discovery requests. Defendants should be awarded reasonable attorney's fees and costs associated with their efforts to obtain plaintiff's compliance with their discovery demands." ECF No. 109 at 26. "Defendants should be given the opportunity to file a fee application supported by billing records." *Id*. Magistrate Judge Bloom further

1

concluded that the motion for sanctions under Rule 37(c), 28 U.S.C. § 1927 and the Court's inherent powers as well as the motion for dismissal under Rule 37(b) should be denied. *Id.*

Magistrate Judge Bloom's R&R stated that failure to object within fourteen days of the date of the R&R waives the right to appeal. No objections were filed.

If clear notice has been given of the consequences of failing to object and there are no objections, the Court may adopt the R&R without de novo review. *See Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) ("Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.") (internal citations omitted). The Court will excuse the failure to object and conduct de novo review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000). No such error appears here.

Accordingly, the Court adopts the R&R without de novo review and directs the Clerk to enter judgment in accordance with the R&R.

**SO ORDERED.**

                                          /S/ Frederic Block
                                          FREDERIC BLOCK
                                          Senior United States District Judge

Brooklyn, New York
September 1, 2021