*Jonathan Silver*
*Attorney at Law*

of Counsel
*Stephen T. Fein*
*Jennifer Beinert*
*Paul C. Kerson*

*Crossroad Tower*
*80-02 Kew Gardens Road, Suite #316, Kew Gardens, N.Y. 11415*
*(718) 520-1010*
*Fax No. (718) 575-9842*
*juanplata@aol.com*

September 17, 2021

Magistrate Judge Lois Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: **Gursewak Singh v Lintech Electric Inc., et al**
         United States District Court EDNY 18 CV5780

Dear Magistrate Judge Bloom:

    I write this status letter to supplement the ex-parte letter submitted by the defendant's attorney.

    Although counsel was contacted by email starting last week to prepare a joint status letter, I was not provided any substantive response until Wednesday morning. I had already informed counsel that I would not be available after 1 PM to finalize any letter as I was leaving work early to observe the pending Holiday.

### DEFENDANTS DEPOSITION

    The Court has not yet decided the plaintiff's Second Motion for the discovery dated October 20, 2020 (Docket 90) to compel defendant to appear as previously Ordered, to seek sanctions and other relief.

    Magistrate Judge Gold has previously on September 22, 2020 Ordered (Docket 88) that discovery was to proceed as follows:

9/22/2020

> 88 Minute Entry: Telephone Conference held on 9/22/2020 before Magistrate Judge Steven M. Gold. Silver for plaintiff, Mizrahi for defendants. Plaintiff will respond to defendants' discovery demands by October 5, 2020. **Defendant will be deposed on October 12, 2020, and plaintiff will be deposed on October 21, 2020. Non-party Talico will be deposed by December 1, 2020, and discovery will close by December 15, 2020.** THE PARTIES WILL SUBMIT A JOINT LETTER TO THE COURT BY DECEMBER 22, 2020, reporting on whether there is any additional discovery to complete, whether either party anticipates moving for summary judgment, and whether a referral to court-annexed mediation might be productive. If not, counsel shall propose a schedule for preparing a joint pretrial order. (FTR Log #12:15-12:46.) (Gillespie, Saudia) (Entered: 09/22/2020)

The history leading up to that motion (set forth in Docket 90) was as follows:

On October 8, this office emailed counsel and asked counsel to advise if defendants will be proceeding with the deposition on Oct 12 as directed by the Court. Counsel responded that his client could not "accommodate" December 12, 2020. Counsel proposed dates and we agreed to October 20.

On October 19, an attempt to confirm that the deposition was proceeding the next day was responded to by defendant's counsel serving Defendants' Responses & Objection to Plaintiff's Notice of Deposition. A copy is attached.

Counsel also indicated that he did not believe it is appropriate to move forward with tomorrow's deposition and that he was willing to "accommodate" Tuesday, October 27, 2020.

Counsel objected to the plaintiff's Notice for Deposition stating:

> 1) plaintiff failed to provide "reasonable written notice"
> 2) that plaintiff wanted to conduct in person deposition( as was agreed to by counsel);
>
> 3) it was not restricted one day for 7 hours;
>
> 4) that in view of the motion for sanctions counsel had just made (filed on October 16) that the notice is a nullity)

Now that the stay has been lifted, plaintiff seeks a determination of his second motion for discovery. As previously stated, defendants efforts to thwart their deposition from proceeding was both frivolous, in bad faith and intentionally designed to interfere with the deposition from proceeding. Such behavior should be sanctioned

In addition, defendants should be compelled to appear on a date certain for deposition else plaintiff will likely face further efforts at obstruction. Issues of timing and length must also be clarified by the Court to prevent further disputes. In any event, plaintiff is now ready to proceed with that deposition.

Plaintiff would also reserve the right to follow up with post deposition further document requests, interrogatories and requests for admissions.

Assuming the depositions proceed without delay all fact discovery should be completed by the end of December 2021.

Respectfully submitted,

JONATHAN SILVER

JS/sa