UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GURSEWAK SINGH,

                                                                           **ORDER**
                                                                  **18 CV 5780(FB)(LB)**

    -against-

LINTECH ELECTRIC, INC. and LINDEN
TUDOR,

               Defendant.
----------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

        The Court held a telephone conference in plaintiff's Fair Labor Standards Act ("FLSA") case on September 23, 2021. This case was filed on October 16, 2018, almost three years ago. The complaint asserts claims against defendants under the FLSA and the New York Labor Law ("NYLL"). Compl. ¶ 1. At the time of filing, plaintiff represented that defendants failed to pay him minimum and overtime wages. Id. ¶ 23. In October 2020, defendants informed Judge Gold, who was originally overseeing this matter, that they had learned through discovery that plaintiff worked for approximately seventeen other employers during the time he allegedly worked for defendant. Oct. 29, 2020 Tr. 2:7-19. As Judge Gold noted at the time, this revelation casts doubt on the viability of plaintiff's claims. Oct. 29, 2020 Tr. 3:17-19 ("He made a claim that's completely belied by these documents…"). Nonetheless, plaintiff proceeded in this action.

        During today's conference, plaintiff's counsel informed the Court that defendants issued 33 checks on January 20, 2017 made payable to plaintiff as payment for services rendered over the course of the prior year.[1] Plaintiff's counsel stated on the record that although plaintiff never received these checks, he believes these checks may form the basis for a new claim for late

---

[1] Copies of these checks were provided with plaintiff's response to defendants' motion for sanctions. See ECF 102-21.

1

payment of wages. Counsel stated that plaintiff may raise this claim in addition to and "in the alternative" to plaintiff's prior claim that he was not paid at all. There was no explanation regarding why defendants issued 33 checks on January 20, 2017 made payable to plaintiff.

The Court is troubled by the conduct of this litigation, including the parties' inability to explain the irregularities highlighted above. The parties are reminded of their duty to act in good faith when making representations to the Court. FED. R. CIV. P. 11(b). Plaintiff and defendants are both put on notice that these issues are disturbing and implicate both sides of this litigation. The Court urges the parties to grapple with these issues as there has already been an award of sanctions in this action. Neither side seems to have clean hands.

Plaintiff shall file any motion to amend the pleadings or join new parties by October 8, 2021.[2] FED. R. CIV. P. 16(b)(3)(A). Defendants shall file their application for attorney's fees, supported by billing records, by October 8, 2021. The Court shall hold a telephone conference on October 13, 2021 at 12:00 p.m. The parties shall call the Chambers telephone conference line at (888) 363-4734 and use the access code 4444221 promptly at 12:00 p.m. on October 13, 2021. Parties are advised that they must contact each other before making any request for an adjournment to the Court. Any request for an adjournment must be electronically filed with the Court at least seventy-two (72) hours before the scheduled conference.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: September 23, 2021
       Brooklyn, New York

---

[2] Plaintiff must attach any proposed amended complaint as well as an affirmation and memo of law.