UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
GURSEWAK SINGH

                                Plaintiffs,

                                                                                **AMENDED**
   -against-                                                               **COMPLAINT**

LINTECH ELECTRIC, INC.;
LINDEN J. TUDOR

                                Defendants
-----------------------------------------------------------------------X

Plaintiff as and for his **amended** complaint as against the defendants alleges as follows:

## NATURE OF THE ACTION

1. This action is brought to recover unpaid wages, unpaid minimum wages, unpaid overtime wages, unpaid prevailing wages, unpaid supplemental benefits, **untimely paid wages** and other monies due plaintiff from defendants pursuant to the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the New York Labor Law § 190, et seq. ("NYLL") and applicable contracts and agreements, plaintiff having work at construction sites at various locations within New York City.

2. In addition, defendants failed to provide to the plaintiff proper wage notices and wage statements as required by applicable law and regulations and is liable for

damages under NYLL Section 195.

3. In addition, plaintiff brings claim under 26 US Code Section 7434 for fraudulent filing of information returns on behalf of the plaintiff who received incorrect Form W2s and/or other false tax documents from the defendants.

## JURISDICTION

4. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 and 1337 and 1343 and has supplemental jurisdiction over plaintiffs' claims under the New York State Labor Law and contract and agreement pursuant to 28 U.S.C. § 1367.

## VENUE

6. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, as plaintiff resides in Queens within the Eastern District of New York.

## THE PARTIES

**Plaintiff**

7. Plaintiff resides in Queens and was employed at construction sites within New York City by the defendants, their respective agents, servants, employees and assigns.

8. Plaintiff was defendants' employee within the meaning of the FLSA and the NYLL and the defendants were subject to the provisions of the NYLL and the FLSA and applicable contracts and agreements. Specifically, the plaintiff was employed by the defendants from approximately late October/early November 2014 until middle of

September 2018. He worked as an electrician. His locations of work varied during that period of time. During the weekdays, Monday through Friday, plaintiff worked at locations consisting of properties owned, managed, operated by the NEW YORK CITY HOUSING AUTHORITY (NYCHA). He worked on Saturdays at NYCHA properties twice each month and on the other Saturdays and on Sundays at various other locations that he believes are not NYCHA properties. He generally worked starting at 8 AM and worked until sometimes 6 PM and sometimes 7 PM. He was paid in cash on a monthly basis in the sum of $700-$800.

**Defendants**

9. Defendant LINTECH ELECTRIC, INC. is a New York corporation that is engaged in construction work and during the period of plaintiff's employment performed certain construction activities at sites around the City of New York.

10. Defendant LINTECH ELECTRIC, INC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. It has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

11. Defendant LINDEN J. TUDOR is a natural person engaged in business in the City and State of New York and was engaged in construction work and performed certain construction activities at sites within New York City; he is believed to be the sole owner, stockholder, principal, officer, managing agent, agent of the defendant

corporation; that he exercised sufficient control over the operation of the defendant corporation to be considered plaintiff's employer under the FLSA and NYLL and applicable law and regulation, agreements and contracts and at all times material herein established and implemented the pay practices at the defendant corporation.

## THE LAW REGARDING "PREVAILING WAGES"

12. The plaintiff performed construction work at various NYCHA locations within the City of New York and under law and regulation he was to be paid at the prevailing wage rate and also paid supplemental benefits applicable to such work and such prevailing wages and supplemental benefits were due him in accordance with agreements and contracts made by the defendants with third parties including but not limited to the NYCHA.

13. It is also believed that the defendants promoted a scheme to fraudulently report to others including the NYCHA who was working at the various locations, the hours such persons worked, the nature and manner of work being performed by the persons such as the plaintiff, the wages paid to plaintiff, the rates at which those wages were paid and other information so as to garner for their own personal benefit or for the benefit of each other additional sums that were rightly due the plaintiff but pocketed by the defendants.

14. Such actions and representations were in violation of law and regulation and agreement and contract of which the plaintiff was a third party beneficiary.

### FAILURE TO PAY MINIMUM WAGES AND OVERTIME PREMIUM WAGES AND FOR ACTUAL HOURS WORKED

15. The FLSA and NYLL require that employers pay all employees at a rate no less than the applicable minimum wage rate and an overtime premium rate of one and one half (1½) times their regular rate of pay for all hours worked in excess of forty (40) during any workweek, unless they are exempt from coverage.

16. The plaintiff performed work for a period in excess of 40 hours per week but was not paid at the minimum wage rate as well as the premium rate applicable to the overtime hours he worked

17. Defendants did not pay plaintiff any overtime premium for hours worked in excess of forty (40) in a given week.

18. Defendants did not regularly record the actual hours worked by the plaintiffs.

### PLAINTIFF WAS PAID BY CASH AND WAS NOT PROVIDED THE OTHER INFORMATION HE WAS TO RECEIVE UNDER APPLICABLE LAW AND REGULATION

19. Plaintiff was paid by cash.

20. When defendants did make payments to the plaintiffs, they failed to provide plaintiff with an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether he was being paid by the hour, shift, day, week, salary, piece, commission, or otherwise; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of

overtime hours worked; gross wages; deductions; allowances, if any, claimed and net wages.

## FIRST CLAIM
### (Fair Labor Standards Act-Unpaid Overtime)

21. Plaintiff repeats and realleges paragraphs 1 through 20 as if fully set forth herein.

22. Defendants were required to pay plaintiff no less than at the minimum wage rate and no less than one and one-half (1½) times the regular rate for all hours he worked in excess of forty (40) hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

23. Defendants failed to pay plaintiff at the minimum wage rate and failed to pay him the overtime premium wages he was entitled to receive for his work.

24. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay plaintiff the wages he was due as described above.

25. Due to defendants' violations of the FLSA, plaintiff is entitled to recover his unpaid minimum wages, unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post- judgment interest.

## SECOND CLAIM
### (New York Labor Law-Unpaid Overtime)

26. Plaintiff repeats and realleges paragraphs 1 through 25 as fully set forth herein.

27. Under the NYLL and supporting regulations, defendants were required to

pay plaintiff at no less than the minimum wage rate and at one and one half (1½) times his regular rate for all hours he worked in excess of forty (40) hours during a work week.

28. Defendants failed to pay plaintiff at the minimum wage rate and at the overtime premium wage rate he was entitled to receive under the NYLL.

29. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff the correct amount due as minimum wages and overtime wages.

30. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover his unpaid minimum wages and unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

## THIRD CLAIM
**(Plaintiff was to be paid prevailing wages and fringe benefits for his work)**

31. Plaintiff repeats and realleges paragraphs 1 through 30 as if fully set forth herein.

32. The defendants through agreement and contracts with the NYCHA and other third parties and under applicable law and regulation were obligated to pay plaintiff for his work at NYCHA locations and perhaps other locations as well at the prevailing wage rate plus pay supplemental benefits.

33. The plaintiff was and is a third party beneficiary of and to such laws and regulations and contracts or agreements.

34. Defendants are in breach of such contracts and agreements and in violation of applicable laws and regulations and in having failed to make such payments to the

plaintiff as is due to him.

35. The named defendants are believed to have mislead and misrepresented to others that plaintiff was paid at the prevailing wage rate together with supplemental benefits for the work he performed as defendants' employee at NYCHA locations and perhaps other locations as well; or mislead and misrepresented to others that plaintiff was not entitled to payment of prevailing wages and supplemental benefits; or that plaintiff did not perform such work at NYCHA locations and perhaps other locations as well; that in furtherance of such scheme and conspiracy the defendants caused to be prepared, executed and filed certain written documents making false reports and false claims as to the facts and details concerning the employment of the plaintiff including but not limited to the his identity, the nature and manner of his work, the hours and dates of his work, the rates of the wages and benefits actually paid to him and otherwise.

36. The individually named defendant based on the facts including his position, authority and status is personally liable for unpaid wages and sums that was and remain due the plaintiff for the work, labor and services he performed.

## TAX FRAUD CLAIM

37. Plaintiff repeats and realleges paragraphs 1 through 30 as if fully set forth herein.

38. Pursuant to the provisions of 26 US Code Section 7434, defendants are liable to the plaintiff for damages based on their fraudulent filing of information returns on behalf of the plaintiff who received incorrect Form W2s and/or other false tax documents.

## FAILURE TO PROVIDE WAGE STATEMENTS

39. Plaintiff repeats and realleges paragraphs 1 through 38 as if fully set forth herein.

40. Pursuant to the provisions of NYLL Section 195(3), with each payment of wages the defendants were to provide to the plaintiff with an accurate statement of his wages and all of the information required but failed to do so on numerous occasions.

41. Defendants are liable to the plaintiff for damages accordingly to be assessed at the time of trial or otherwise.

## UNTIMELY PAYMENT OF WAGES

**39.** **Plaintiff repeats and realleges paragraphs 1 through 38 as if fully set forth herein.**

**40.** **Defendants make claim and have produced records purporting to demonstrate by checks and/or wage stubs that wage payments were made by them to the plaintiff.**

**41.** **Defendant has produced 33 checks each dated January 20, 2017 made payable to Gursewak Singh and, upon information and belief, it will be claimed by defendants that such checks were provided to the plaintiff and cashed by the plaintiff.**

**42.** **Those 33 checks are in amounts totaling $19,832.85**

**43.** **Defendant has produced numerous wage stubs with various dates and,**

upon information and belief, it will be claimed by defendants that such wage stubs represent payments made to the plaintiff.

44. Plaintiff while working for the defendants was a manual worker within the meaning of New York Labor Law Section 191.

45. The dates on numerous of the wage stubs are more than seven (7 days) after the work period indicated on the wage stub.

46. Those numerous wage stubs are in amounts totaling $57,033.60

47. There are 3 wage stubs that appear backdated in that they are dated prior to work period of time indicated on the wage stub.

48. Those wage stubs are in amounts totaling $2,047.53

49. There have been produced by defendants 7 copies of checks with check numbers that do not match the bank record check number shown on the same page.

50. Section 191 of the New York Labor Law provides that a manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned payment of wages.

51. Defendants, assuming such payments were made as reflected by their records, failed to make timely payment of those wages and are liable to the plaintiff accordingly.

52. Assuming arguendo, that the defendants actually made such payments and perhaps others to the plaintiff as reflected in the records produced and maybe to

be produced by the defendants, various of those payments were made untimely.

53. Such untimely payments as purportedly made are subject to the remedies including liquidated damages provision of Section 198 of the New York Labor Law for manual labor is to be made in a timely fashion as described therein.

54. Defendants are liable to the plaintiff for damages accordingly to be assessed at the time of trial or otherwise.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

a. finding that defendants have violated the wage provisions of the FLSA and NYLL and applicable agreement and contract by failing to pay plaintiff what he is due for work performed;

b. finding that defendants have violated the overtime provisions of the FLSA and NYLL and applicable agreement and contract;

c. finding that defendants have violated the prevailing wage and supplemental benefit requirements of applicable contract and agreement and law and regulations;

d. finding that defendants have violated the minimum wage requirements of FLSA and NYLL and applicable agreement and contract;

e. finding that the defendants failed to comply with NYLL Section 195(3);

f. finding the defendants' various violations of the applicable law and regulation and agreement and contracts to have been willful;

  g.  awarding plaintiff monetary damages in accordance with the facts;

  h.  awarding damages as a result of the defendants' failure to furnish accurate statements with each payment of wages to the plaintiff pursuant to the NYLL;

  i.  awarding plaintiff liquidated damages;

  j.  awarding plaintiff pre-judgment and post-judgment interest under the NYLL;

  k.  awarding plaintiff a sum representing reasonable attorneys' fees;

  l.  awarding the plaintiff the costs and disbursements of this action;

  m.  awarding plaintiff such other relief as the court deems just and proper.

Dated: Kew Gardens, New York

                JONATHAN SILVER ESQ.(7924)
                Attorney for Plaintiff
                80-02 Kew Gardens Road, Suite 316
                Kew Gardens, New York 11415
                (718) 520 1010