UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GURSEWAK SINGH

                              Plaintiff,

                                                    DECLARATION
            -against-                               IN REPLY

                                                    **EDNY 18 CV 5780**

LINTECH ELECTRIC, INC.;
LINDEN J. TUDOR

                              Defendants
------------------------------------------------------------------------X

            JONATHAN SILVER hereby declares under penalty of perjury

that the foregoing is true and correct:

            1. I am the attorney for the plaintiff.

            2. I submit this Declaration and supporting papers to reply

to the opposition papers received concerning plaintiff's pending motion

to amend.

            3. This action, filed in October 2018, was based on the

plaintiff's claim, among other things, that he had not been paid any

check at all from defendants. He was paid cash.

            4. At the first conference with Magistrate Judge Gold on

1/30/2019, defendants stated its defense that they were not plaintiff's

real employer, that it was another party. The Court issued its Order and

directed that:

> Defendants will promptly produce information about the entity they contend was plaintiff's actual employer, together with any documents readily available that corroborate that contention.

The Court also directed that

> Plaintiff will file either an amended complaint, on consent, or submit a written status report indicating how he intends to proceed with this action, by March 22, 2019.

See Docket 12 (1/30/2019) provided as Attachment A.

5. Plaintiff filed a letter on March 15, 2019 advising the Court that defendants had ignored the Court directive. The Court was advised that defendants provided nothing to support their claim that they were not the real employer nor did they provide any information about who they claimed was the real employer. Defendants did nothing to answer that essential and basic question to assure the right parties were named as defendants. Obviously, as defendant had provided nothing, there was no good faith basis for plaintiff to amend the complaint **to add other parties**. That is why plaintiff advised the Court that there was no basis to amend the complaint. Plaintiff also complained that as of that date:

In total, defendants produced 5 payroll reports for 2018 and 9 for 2016 referring to my client. The total number of hours listed on these reports was 92.5 hours of work. Some list the defendant corporation as contractor and some as subcontractor.

Defendants provided one Affidavit, one Certificate and one REP Hiring Summary Statement signed by defendants all dated in September 2018.

Defendants have not provided any other documents whatsoever concerning the NYCHA work they performed, no documents concerning defendants activities or relationship with Talico Contracting Inc, Neelam Construction Corp or Skyworx Contracting Inc. even though each is identified variously as a subcontractor, contractor or general contractor in the few documents provided.

See the copy of the letter of March 15, 2019 (docket 15) provided as Attachment B.

6. Defendants stonewalling efforts to hinder and prevent and delay disclosure continued and upon further Court intervention Magistrate Judge Gold issued his June 27, 2019 Order directing that

> Defendants will produce all documents in their custody, possession, or control by July 10, 2019, and be precluded from relying in any way in this litigation on any documents, other than those obtained from others and promptly produced to plaintiff, not produced by that date.

See Docket 23 (June 27, 2019) provided as Attachment C.

7. By January 27, 2020, defendants finally produced checks alleged to be given to plaintiff. As a result, plaintiff needed to make letter application to obtain an extension of time to complete discovery and now to compel defendants to reappear for further deposition to question about these newly produced records. The defendants history of stonewalling was summarized by plaintiff. The Court was reminded that the only deposition conducted of defendants was held on 9/23/19 at which time defendants had produced not a single wage check. That letter related the history as follows:

> On October 7, 2019 this office received an email from defendant's counsel with more documents from defendants but not a single wage check

I wrote to defendant's counsel as his disclosure was made after the deadline imposed by the Court and to confirm that still not a single check was provided. A follow up letter (was written-sic) on October 31, 2019 to confirmed no checks have been provided.

Counsel next appeared in Court on November 5, 2019 and defendants now wanted to again depose plaintiff based on the additional records defendant had "newly located" and exchanged and the Court granted that request.

As defendants had still not produced a single check, there was then no need to conduct a further deposition of Mr. Tudor as my client when questioned denied that he had signed any of the time sheets or received any of the wage stubs produced by defendants.

Later, another email was received from defendant's counsel on December 23, 2019. with a Dropbox link

containing "Defendants' supplemented document production." Attachment 4.

A screen shot was taken which is Attachment 5. You can see 7 images of categories of documents. There were no checks among the documents provided even though one category is defined as "Cashed checks." All that was contained was the accountant's summary.

A telephone conference was held on January 15, 2020. The Court was advised that I had still had not received any checks although counsel for defendant said that he had produced them by his email of December 23, 2019.

Later that day, I received an email from defendant's counsel, again with a Dropbox link and I reviewed what had been provided. This time the screen shot taken shows 8 images. Attachment 6.

Now, among the documents produced were copies of checks, both sides, with dates in 2016-2017, in the

name of the plaintiff with the initials "G. S." on the reverse side. Only one of those checks had any markings indicating that it had been deposited or cashed or what bank that had occurred. See Attachment 7 with examples. A single check provided that was payable to plaintiff was signed and deposited by "Gurpreet Singh." Attachment 8

That January 27, 2020 letter and all attachments referenced are provided as Attachment D.

8. In other words, now some 15 months after this lawsuit began, the defendants finally produced wage checks claimed to be issued to plaintiff by defendants. These checks, of doubtful and questionable origin, include the 33 checks issued on 1/20/17.

9. Even in opposition to this motion the defendants offer no explanation for why it took them 15 months to produce those checks nor have they offered any reason why so many checks were allegedly issued on the same day for wages for work periods going back as far a year prior nor why they were all issued untimely.

10. On March 2, 2020, the plaintiff filed a proposed case management schedule while defendants submitted their own (counsel attempted to limit discovery but the Court noted that such a request was inconsistent with the direction given at the February 6 conference)

The Court adopted plaintiff's request and rejected defendant's request. In accordance with plaintiff's schedule:

> Defendants within 10 days will provide plaintiff all banking statements for the period of plaintiff's alleged employment for any account defendant issued checks payable to the plaintiff.

See Dockets 51 and 52 provided as Attachment E.

11. Obtaining those banking records was obviously necessary to discover whether or not defendants actually had bank statements to support issuing those wage checks ( and others) or whether those checks were simply redeposited into the same bank account or another bank account of the defendants. Again, the checks on their face included the 33 checks of 1/20/17 with initials "G.S" endorsed on their back. Plaintiff shown those checks denied they were received or endorsed by him. A motion to amend would be made after those bank records were produced.

12. Those banking records were not timely produced within 10 days as directed. Plaintiff filed a letter on 3/31/2020 to obtain court intervention concerning defendants failure to produce.

13. Defendants response was to seek a protective order but they waited to do so until after receiving plaintiff's March 31, 2020 letter.

See Docket 56.

14. It might be pointed out that on the prior day, defendant's counsel had emailed me to indicate:

> We are working on supplementing the bank statements.
>
> I'm waiting on my client to provide a response.

That can only seen as a disingenuous reply with no mention of the defendants real intention to further delay discovery while seeking a protective order.

See Docket 55 consisting in the letter of March 31, 2020 together with a copy of the email of prior day from counsel all provided as Attachment F.

15. After the Court intervened, language of a protective order on April 27, 2020 was approved.

See Docket 67 and Order issued on that date.

16. Also of relevance to the issue of whether or not defendants actually had records about these alleged payments by check was plaintiff's long outstanding request for defendant to produce NYS-45 and Federal 941 wage reporting documents which had been objected to by defendants as "vague and ambiguous." Plaintiff file a letter dated May 27, 2020 seeking court intervention to force defendants to produce thse documents as well as the identity of defendants accountant.

See copy letter of May 27, 2020 (Docket 72) provided as Attachment G.

17. Magistrate Judge Gold on June 29, 2020 directed as follows:

> Defendants will supplement their discovery responses by July 10, 2020. The supplemental disclosures will include the name and address of defendants' bookkeeper, as well as all NYS 45 forms and Federal IRS 941 forms from October 2014 through September 2018.

See copy of Docket entry 83 provided as Attachment H.

18. Having those records would also demonstrate whether defendants wage reporting to the IRS and to NYS accurately reflected the information contained in the checks, the W2s and the accountants records. If plaintiff was not on those wage submissions it would be unlikely those checks were legitimate.

19. Sometime thereafter those records were finally provided.

20. The Court at that time had also requested the parties to report whether they were ready for mediation ( they were not) which was done on July 10, 2020.

See Docket 85.

21. The Court then conducted a conference on September 22, 2020 to set down dates for further depositions of plaintiff and defendants which never occurred as defendants refused to appear as directed.

22. Magistrate Judge Gold issued his stay on October 29, 2020.

23. The defendants obviously knew they issued the disputed checks and it took them 15 months to provide them and even more time to provide bank records and even more time to provide NYS 45 forms and Federal IRS 941 wage reporting forms from October 2014 through September 2018 which served no purposed other than as obstructions and obstacles to discovery. That simply caused this plaintiff to seek court intervention time and again to obtain one after another Court directive to obtain compliance. That clear record establishes the manner and degree to which these defendants have acted in bad faith in attempts to hinder and interfere with timely discovery in hopes that the plaintiff would give up.

24. What delays may have occurred in plaintiff making this motion to amend has not caused any prejudice to the defendants in their defense. Any delays primarily occurred due to the defendants stonewalling the plaintiff. Assuming the motion to amend is granted, the second deposition of defendants will still need to occur to confront defendants with the records finally produced. Even if the motion to amend is for some reason denied, still that second deposition is necessary to allow plaintiff to confront the defendants concerning their newly found records deliver only after the first deposition occurred. As to

plaintiffs further deposition, that was to already occur as well due to defendants discovery of new records.

25. The merit of the new claim to be added is undisputed. In fact, the very checks finally produced demonstrate on their face that the payments claimed to have been made were untimely. The checks conclusively demonstrate they were payments for past wage periods. Until those checks were finally produced there is no reason why plaintiff would know that defendants would claim they were issued to him. Most importantly, until those checks were examined together with the bank statements the plaintiff would have no idea that he had a make an additional claim to make that being if such payments were made then, even still, they were untimely and actionable under NYLL 191.

26. Defendants make no claim (and how could they) that the original complaint concerning their failure to pay plaintiff what he was due did not provide them fair notice that the checks they would ultimately produce would establish the untimeliness of the alleged payments made by check.

27. Finally, the opposition makes a great deal of effort attempting to tie the determination of this motion to the matter already decided concerning the motion for sanctions. Plaintiff was not sanctioned by the Court. His counsel was the subject. Whatever results from that motion is addressed to counsel alone. Attempting to obtain a punishment

against plaintiff is improper. No one reviewing the acts and omissions of these defendants in this case would state they voluntarily provided full and open discovery or their full cooperation. Forcing counsel to burden the Court with repeated requests to obtain disclosure was their chosen method.

28. Counsel also makes claim that his clients income was reduced to $168,000.00 and that the individual defendant is sick and that is why plaintiff's meritorious claim for untimely payment should not be allowed to proceed. The Court should be reminded that during the period of time of plaintiff's period of employment, during which plaintiff was not properly paid by defendants, the defendants had quite substantial gross income varying between $1,200,000.00 and $1,700,000.00 for the years 2016-2018. As was admitted to by Mr. Tudor in his deposition. See relevant portions of his deposition attached as Attachment I.

29. The plaintiff's claim of untimely payment has clear and unambiguous merit. In fact, The checks alone will serve as documentary evidence and serve as the basis for a granting of summary judgment in favor of the plaintiff.

30. The motion to amend should be granted. The plaintiff's claims should be heard on the merits. Leave to amend should be freely given as justice requires.

WHEREFORE, plaintiff prays that the relief requested by the

pending motion be denied and that plaintiff be afforded such other and

further relief as is deemed just and proper.

Dated: Kew Gardens, New York
January 28, 2022

JONATHAN SILVER