# ATTACHMENT D

*Jonathan Silver*

*Attorney at Law*

———

*of Counsel*
*Stephen J. Fein*
*Jennifer Beinert*
*Paul C. Kerson*

*Crossroad Tower*
*80-02 Kew Gardens Road, Suite #316, Kew Gardens, N.Y. 11415*
*(718)520-1010*
*Fax No. (718)575-9842*
*juanplata@aol.com*

January 27, 2020

Magistrate Judge Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  **Gursewak Singh v Lintech Electric Inc., et al**
United States District Court EDNY 18 CV5780

Dear Magistrate Gold:

The plaintiff is submitting this letter to make application to extend the time of discovery and other relief.

A little history first. The parties had a conference before Your Honor on June 27, 2019 and defendants were directed to "...produce all documents in their custody, possession, or control by July 10, 2019, and be precluded from relying in any way in this litigation on any documents, other than those obtained from others and promptly produced to plaintiff, not produced by that date."

The defendant produced documents but that did not include any wage check alleged to have been issued to the plaintiff.

Defendant Tudor was deposed on September 23, 2019. As of that date, defendants had still not produced any wage check.

On October 7, 2019 I received an email from defendant's counsel with more documents from defendants. 175 wage stubs were for the first time being provided and a 3 page summary from defendants accountant titled "employee detail for LINTECH ELECTRIC INC." listing various payments to plaintiff during 2016-2017. Attachment 1

I wrote to defendant's counsel as his disclosure was made after the deadline imposed by the Court and to confirm that still not a

single check was provided. A follow up letter on October 31, 2019 to confirmed no checks have been provided. Attachments 2 and 3

Counsel next appeared in Court on November 5, 2019 and defendants now wanted to again depose plaintiff based on the additional records defendant had "newly located" and exchanged and the Court granted that request.

As defendants had still not produced a single check, there was then no need to conduct a further deposition of Mr. Tudor as my client when questioned denied that he had signed any of the time sheets or received any of the wage stubs produced by defendants.

Later, another email was received from defendant's counsel on December 23, 2019. with a Dropbox link containing "Defendants' supplemented document production." Attachment 4.

A screen shot was taken which is Attachment 5. You can see 7 images of categories of documents. There were no checks among the documents provided even though one category is defined as "Cashed checks." All that was contained was the accountant's summary.

A telephone conference was held on January 15, 2020. The Court was advised that I had still had not received any checks although counsel for defendant said that he had produced them by his email of December 23, 2019.

Later that day, I received an email from defendant's counsel, again with a Dropbox link and I reviewed what had been provided. This time the screen shot taken shows 8 images. Attachment 6.

Now, among the documents produced were copies of checks, both sides, with dates in 2016-2017, in the name of the plaintiff with the initials "G. S." on the reverse side. Only one of those checks had any markings indicating that it had been deposited or cashed or what bank that had occurred. See Attachment 7 with

examples. A single check provided that was payable to plaintiff was signed and deposited by "Gurpreet Singh." Attachment 8

My client was presented by this office with the checks written to his name and denies he received or initialed the checks on the reverse side.

Assuming arguendo that the checks were not actually given to my client and not endorsed by him, it is now essential to learn what the banking records of the defendants show as to how and when those checks were actually drawn, when they were actually cashed, by whom and what the bank records of the defendants show to reflect if those checks were actually paid and when. There is an essential conflict between what the plaintiff and defendants claim and obtaining the bank records will help uncover the actual facts. Counsel for plaintiff was asked to consent to have his client produce the complete bank records and for Mr. Tudor to appear for further deposition but has refused to give consent.

Plaintiff seeks an extension of time to complete discovery and to compel discovery as follows:

1) An Order that defendants produce all banking record including account statements and other records for the period of employment alleged including the period that the checks produced are alleged to have been being written, endorsed or cashed;

2) that if any of those records are not provided that plaintiff be given time to subpoena the bank records directly;

3) that defendant then be subject to further deposition at defendants' cost.

Respectfully submitted,

JONATHAN SILVER

JS/eb

Attachment 1

**From:** Jason Mizrahi <Jason@levinepstein.com>
**To:** juanplata@aol.com <juanplata@aol.com>
**Cc:** Joshua Levin-Epstein <Joshua@levinepstein.com>
**Subject:** Singh v. Lintech Electric, Inc. et al (18-cv-5780)
**Date:** Mon, Oct 7, 2019 12:24 pm

Jonathan,

Below, please find a courtesy link to the Dropbox folder, containing Defendants' supplemented bate-stamped document production.

https://www.dropbox.com/sh/463gdcbb1of8bza/AADt08WhdTzAL2eZB6_v14kZa?dl=0

Thank you

Jason

Jason Mizrahi, Esq.
Levin-Epstein & Associates, P.C.
1 Penn Plaza, Suite 2527

New York, NY 10119
Phone: (212) 792-0048
Mobile: (301) 758-7351
Facsimile: (212) 563-7108
Email: Jason@levinepstein.com

*The information contained in this transmission, including attachments, is strictly confidential and intended solely for and the use by the intended recipients. This email may be protected by the attorney-client privilege, work-product doctrine, or other applicable legal or professional protections. If you are not the intended recipient, please be notified that any retention, use, disclosure, dissemination, distribution or copying of this email is strictly prohibited, kindly notify us of your inadvertent receipt of the email, by return email, destroy any printouts and delete any electronic copies. Any waiver of any privilege which might otherwise arise from this email being sent to, or received by, an unintended recipient is hereby expressly disclaimed. No attorney-client relationship is created by virtue of a recipients receipt of this email in error. Thank you.*

# Attachment 2

By reg mail and by email to Jason@levinepstein.com

October 7, 2019

Levin Epstein & Associates, P.C.
One Penn Plaza, Suite 2527
New York, New York 10119
Attn: Joshua Levin-Epstein, Esq.

                Re:    Gursewak Singh v Lintech Electric, Inc. et al
                         Case No.: 1:18-cv-05780

Dear Mr. Levin-Epstein:

I received today an email from your office dumping on me documents totaling about 1000 pages.

I do not know if these are all new documents or just some of them are new. Can I be advised what is new among what you just sent me.

I do note that there is a 3 page "EMPLOYEE DETAIL for LINTECH ELECTRIC INC." It reportedly covers the period 2016 and 2017. That document appears to be issued by JOSEPH TAX & CONSULTING SERVICE. That was the accountant your client identified during his Sept 24, 2019 deposition.

I also note there are close to 175 payroll check stubs with my client's name on it. But, there is not one single check with my client's name on it nor is there any check allegedly to have been endorsed by my client. Does your client have such checks?

Most importantly, this disclosure comes only after the deposition of your client was held on September 24, 2019. Your client had testified that he had not even searched his records to see what documents he had concerning my client and admitted that he had not even contacted his accountant for the same purpose.

As I will be leaving on vacation and will be away October 12, 2019-
October 26, 2019 and the deadline for completion of discovery is October 25, 2019 I am
requesting your consent to extend the discovery deadline so that your client can complete
his search for records and upon that completion I continue your client's deposition.

In view of the limited time we have before my vacation starts, I will give
you until tomorrow morning to indicate your consent to the extension and your indication
when the other searches will be completed and documents prodeuced.

I await your response.

Very truly yours,

JONATHAN SILVER

js/mm

Attachment 3

By email to Jason@levinepstein.com

October 31, 2019

Levin Epstein & Associates, P.C.
One Penn Plaza, Suite 2527
New York, New York 10119
Attn: Joshua Levin-Epstein, Esq.

            Re:    <u>Gursewak Singh v Lintech Electric, Inc. et al</u>
                      Case No.: 1:18-cv-05780

Dear Mr. Levin-Epstein:

As you will recall, on October 7, 2019 I received from your office an email dumping on me documents totaling about 1000 pages.

The Court had previously issued an Order under Docket Number 23 directing, in relevant part, as follows:

**Minute Order: Motion Hearing held on 6/27/2019 before Magistrate Judge Steven M. Gold. Silver for plaintiff, Mizrahi for defendants. The parties' discovery motions 20 are granted in part and denied in part for the reasons stated on the record. Defendants will produce all documents in their custody, possession, or control by July 10, 2019, and be precluded from relying in any way in this litigation on any documents, other than those obtained from others and promptly produced to plaintiff, not produced by that date.**

The deposition of the defendants were taken on September 24, 2019, long before the October 7, 2019 date.

Among the documents dumped, were a 3 page "EMPLOYEE DETAIL for LINTECH ELECTRIC INC." prepared by your client's accountant that was never prior

exchanged as well as close to 175 payroll check stubs with my client's name on it that also were never prior exchanged.

But, still there is not one single check with my client's name on it nor is there any check allegedly to have been endorsed by my client.

Even more outrageous is the fact that your client testified that he had not even searched his records to see what documents he had concerning my client and that he had not even contacted his accountant for the same purpose.

I wrote you a letter on October 7, 2019 concerning these issues and you have not provided any substantive response with the exception that you rejected my request to conduct a further deposition of your client following his having conducted the searches he has yet to conduct and provided what else he may have uncovered from those searches.

These issues will be brought up before Magistrate Gold when we appear next week.

I await your response.

Very truly yours,

JONATHAN SILVER

js/mm

# Attachment 4

**From:** Jason Mizrahi
**Sent:** Monday, December 23, 2019 1:32 PM
**To:** juanplata@aol.com
**Cc:** Joshua Levin-Epstein <Joshua@levinepstein.com>
**Subject:** Singh v. Lintech Electric, Inc. et al (18-cv-5780)

Jonathan,

This office is counsel to Defendants Lintech Electric, Inc. (the "**Company**"), and Linden J. Tudor (collectively, the "**Defendants**") in the above-referenced matter.

Enclosed hereto, please find a link to the Drobox folder containing Defendants' supplemented document production.

Thank you,

Jason

https://www.dropbox.com/sh/463gdcbb1of8bza/AADt08WhdTzAL2eZB6_v14kZa?dl=0

Jason Mizrahi, Esq.
Levin-Epstein & Associates, P.C.
1 Penn Plaza, Suite 2527

New York, NY 10119
Phone: (212) 792-0048
Mobile: (301) 758-7351
Facsimile: (212) 563-7108
Email: Jason@levinepstein.com

*The information contained in this transmission, including attachments, is strictly confidential and intended solely for and the use by the intended recipients. This email may be protected by the attorney-client privilege, work-product doctrine, or other applicable legal or professional protections. If you are not the intended recipient, please be notified that any retention, use, disclosure, dissemination, distribution or copying of this email is strictly prohibited, kindly notify us of your inadvertent receipt of the email, by return email, destroy any printouts and delete any electronic copies. Any waiver of any privilege which might otherwise arise from this email being sent to, or received by, an unintended recipient is hereby expressly disclaimed. No attorney-client relationship is created by virtue of a recipients receipt of this email in error. Thank you.*

# Attachment 5



Sign in    Download ▾

# Singh v. Lintech Electric, Inc. et al (18-cv-5780)

Sorted by name



Cashed Checks.pdf     Payroll package.pdf     scan0196.pdf     scan0197.pdf





scan0198.pdf     scan0199.pdf     Singh Payroll Records [BS].pdf

# Attachment 6

Sign in     Download ▾

# Singh v. Lintech Electric, Inc. et al (18-cv-5780)

Sorted by name



Cashed Checks [Combined].pdf



Cashed Checks.pdf



Payroll package.pdf

scan0196.pdf



scan0197.pdf



scan0198.pdf



scan0199.pdf



Singh Payroll Records [BS].pdf

Attachment 7

Post date:     01/26/2017
Amount:        $ 539.10

Account:
Check Number:        2420

Post date:      01/26/2017
Amount:         $ 514.00

Account:
Check Number:      2440



LINTECH ELECTRIC INC.
3006 TILDEN AVE.
BROOKLYN, NY 11226-0168

2440

PAY TO THE ORDER OF

Memo

© 2016 JPMorgan Chase & Co.

Defendants 0530

23

# Attachment 8

Post date:    03/21/2017
Amount:    $ 387.40

Account:
Check Number:    2594



© 2016 JPMorgan Chase & Co.

Defendants 0565

2

*Jonathan Silver*

*Attorney at Law*

*— —*

*of Counsel*
*Stephen J. Fein*
*Jennifer Beinert*
*Paul C. Kerson*

*Crossroad Tower*
*80-02 Kew Gardens Road, Suite #316, Kew Gardens, NY. 11415*
*(718) 520-1010*
*Fax No. (718) 575-9842*
*juanplata@aol.com*

October 20, 2020

Magistrate Judge Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:    Gursewak Singh v Lintech Electric Inc., et al
               United States District Court EDNY 18 CV5780

Dear Magistrate Gold:

      This is the second moton by plaintiff to compel discovery.

      The parties last conducted a telephone conference with the Court on September 22, 2020.

      The parties agreed and the Court directed the following: that the deposition of the parties would be conducted in person; that defendant would be deposed on October 12, 2020; plaintiff deposed on October 21, 2020; plaintiff would provide further discovery responses by October 5, 2020.

      On October 8, this office emailed counsel and asked:

            please advise if you will be proceeding with the deposition of the defendant on Oct 12 as directed by the Court as I need to book it without delay

                      Jonathan

      I received an email from counsel who stated:

            Jonathan,

            My client cannot accommodate Monday, December 12, 2020.

However, he can accommodate Thursday, December 15, 2020.

Jason

I responded:

I am not available that day    suggestions?

Jonathan,

Counsel advised:

I can coordinate for a virtual deposition to be held on Tuesday (10/13) or Friday (10/16)

Or we can schedule it for Tuesday (10/20).

Jason

I reminded counsel

we have agreed to an in person

is that what you are proposing for 10/20?

I heard back from counsel who said

Correct.

I'd ask that we schedule it around a telephonic court appearance i have that day at 10:00 am. But otherwise I can accommodate.

Jason

Having now agreed to the October 20 date for the defendants in-person deposition, a request was made for plaintiff to have until October 13 to provide further discovery responses and counsel agreed. The responses were provided.

On October 19, an attempt to confirm that the deposition was proceeding the next day,

The response was counsel served Defendants' Responses & Objection to Plaintiff's Notice of Deposition. A copy is attached.

Counsel also indicated that: we don't believe it is appropriate to move forward with tomorrow's deposition and that we are willing to accommodate Tuesday, October 27, 2020.

Counsel raised an issue of plaintiff's failure to provide "reasonable written notice" and that the deposition was being conducted without restriction as to one day for 7 hours smacks of a intentional effort, in bad faith, to hinder and delay the conduct of defendants deposition.

It is requested that counsel be sanctioned; that defendant be directed to appear on a date certain for deposition on November 2,4,9,10 or 11 and that failing that any testimony and/or evidence by the defendants be precluded for all purposes and/or their answer stricken.

The Court is respectfully advised that I am on my way upstate to be present for my daughter's surgery and I have not yet responded to defendants pending motion.

I ask leave to have until Monday to do so.

Respectfully submitted,

JONATHAN SILVER

JS/eb

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

GURSEWAK SINGH                                          Case No.: 1:18-cv-05780
                          Plaintiff,

        -against-                                       **DEFENDANTS'**
                                                        **RESPONSES &**
                                                        **OBJECTION STO**
LINTECH ELECTRIC, INC., LINDEN J. TUDOR                 **PLAINTIFF'S NOTICE**
                                                        **OF DEPOSITION**
                          Defendants.
-------------------------------------------------------X

         PLEASE TAKE NOTICE THAT, Pursuant to Fed. R. Civ. P. 30, and the applicable Rules

of the United States District Court for the Eastern District of New York, that Defendants Lintech

Electric, Inc., and Linden J. Tudor, (together, the **"Defendants"**), by and through their attorneys,

Levin-Epstein & Associates, P.C., hereby respond and object to Plaintiff's notice to take the

deposition of Linden J. Tudor on October 20, 2020, on the grounds that: (i) Plaintiff's notice of

deposition fails to provide Defendants with "reasonable written notice" pursuant to Rule 30(b)(1)

of the Federal Rules of Civil Procedure; (ii) Plaintiff seeks to take the deposition in-person and

without being restricted to the one day of seven hour time limitation; (iii) Plaintiff's notice of

deposition is a nullity in light of the pending Motion for Sanctions [Dckt. No. 89] filed on October

16, 2020.

Dated: October 19, 2020
       New York, New York


                                            By:   /s/Jason Mizrahi
                                                  Jason Mizrahi, Esq.
                                                  420 Lexington Avenue, Suite 2525
                                                  New York, New York 10170
                                                  Telephone: (212) 792-0046
                                                  Facsimile: (212) 563-7108
                                                  Email: Jason@levinepstein.com
                                                  *Attorneys for Defendants*

To:

Jonathan Silver, Esq.
8002 Kew Gardens Road
Kew Gardens, NY 11415
Email: juanplata@aol.com
*Attorneys for Plaintiff*