```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GURSEWAK SINGH,
                                                                            ORDER
                                                                      18 CV 5780(FB)(LB)
        -against-

LINTECH ELECTRIC, INC. and LINDEN
TUDOR,

                        Defendant.
----------------------------------------------------------------X
```

**BLOOM, United States Magistrate Judge:**

This Court previously ordered plaintiff's counsel, Jonathan Silver, to pay defendants $15,591.67 in attorney's fees and $36 in costs as a sanction for counsel's discovery violations. ECF No. 131. This order was part of the Court's Report and Recommendation regarding plaintiff's motion to amend the complaint. See id. at 16. However, as the Court stated, "[t]he determination of the proper fee to be awarded as a sanction for prior discovery violations is a non-dispositive issue which is properly decided by a Magistrate Judge. Id. (citing Capricorn Mgmt. Sys., Inc. v. Gov't Emps. Ins. Co., No. 12-CV-2926(DRH)(SIL), 2020 WL 1242616, at *4 (E.D.N.Y. Mar. 16, 2020)). Plaintiff objected to my Report and Recommendation, challenging both my recommendation regarding his motion to amend and my non-dispositive sanction order that his counsel pay defendant's attorney's fees and costs. Pl.'s Obj. 13, ECF No. 132. The Court's instruction that "[p]laintiff's counsel shall pay defendants this amount within thirty days…and file proof of payment on the docket" was not a suggestion but an order of this Court.

Counsel has failed to pay defendants as ordered and defendants now move to compel plaintiff's counsel's compliance. ECF No. 137. Plaintiff opposes the motion to compel, arguing that because he objects to my order, I should grant his motion under Federal Rule of Civil Procedure 60. ECF No. 138-139. Plaintiff's counsel suggests that I should "correct" my order to

permit payment of attorney's fees and costs after Judge Block rules on his objection. ECF No. 139. Defendants oppose plaintiff's requests. ECF No. 140.

Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 363(b)(1)(A) govern objections to a Magistrate Judge's non-dispositive Order and such objections "are in the nature of an appeal." Lazo v. Queens Health Food Emporium, Inc., No. 11-CV-5848(NGG)(RER), 2012 WL 2357564, at *2 (E.D.N.Y. June 20, 2012). It is "a basic proposition that all orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply with the order pending appeal." Maness v. Meyers, 419 U.S. 449, 458 (1975). This principle applies with equal weight to this Court's orders. See Thai Lao Lignite (Thailand) Co. Ltd. v. Gov't of the Lao Peoples Democratic Republic, No. 10 Civ. 5256(KMW), 2011 WL 4111504, at *9 (S.D.N.Y. Sept. 13, 2011) (citing Lytton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc., 124 F.R.D. 75, 78-79 (S.D.N.Y. 1989)) ("Absent a stay of a magistrate judge's order, merely filing an objection to that order does not excuse a party from complying with it.").

Federal Rule of Civil Procedure 60 permits a party to seek relief from a judgment or order. Rule 60(a) provides for the correction of "clerical mistakes" and Rule 60(b) permits the Court to provide relief for several other reasons, including legal error, the discovery of new evidence, fraud, and "any other reason that justifies relief." See FED. R. CIV. P. 60(b); United Airlines, Inc. v. Brien, 588 F.3d 158, 175 (2d Cir. 2009). "Rule 60(b) affords 'extraordinary judicial relief' [and] it may be invoked only upon a showing of 'exceptional circumstances.'" See Goldstein v. Hulihan, No. 09 Civ. 6824 (CS)(PED), 2012 WL 1438259, at *6 (S.D.N.Y. Apr. 6, 2012) (quoting Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008)). The rationale of Rule 60(b) is to permit the Court

to correct an error in its judgment and avoid the need for an appeal. Freschi v. Grand Coal Venture, 103 F.R.D. 606, 608 (S.D.N.Y. 1984) (citation omitted).

Rule 60 is the wrong device to employ in these circumstances. Plaintiff does not seek relief from my Order but rather to stay the award of attorney's fees pending a further determination by Judge Block.

If the Court construes plaintiff's request as one for stay of my prior Order, it must question why counsel waited until after the deadline for payment to seek this relief. Plaintiff's counsel's failure to comply with my order is unacceptable and his "private determination of the law" is no excuse. See Maness, 419 U.S. at 458-59 (citing Howat v. Kansas, 258 U.S. 181, 189-90 (1922)) ("Persons who make private determinations of the law and refuse to obey an order generally risk contempt even if the order is ultimately ruled incorrect."). This latest dispute is yet another satellite issue created by counsel's behavior. As a result, this case has malingered for four years. Moreover, counsel cites no law to support his position. He continues to raise unreasonable conditions for compliance with the Court's Orders.

Nevertheless, although plaintiff lacks a legal leg to stand on, the Court stays plaintiff's payment of the attorney's fees as a sanction prior to Judge Block's determination of this matter. SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: May 24, 2022
       Brooklyn, New York