UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
GURSEWAK SINGH,

               Plaintiff,

  -against-

LINTECH ELECTRIC, INC. and
LINDEN J. TUDOR,

               Defendants.
-------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:18-cv-05780-FB-LB

*Appearances:*
*For the Plaintiff*:
JONATHAN SILVER
80-02 Kew Gardens Road
Kew Gardens, NY 11415

*For Defendants Linden J. Tudor and Lintech Electric, Inc.*
EUNON J. MIZRAHI
JASON MIZRAHI
JOSHUA LEVIN-EPSTEIN
Levin-Epstein & Associates. P.C.
1 Penn Plaza, Suite 2527
New York, NY 10019

**BLOCK, Senior District Judge:**

      On March 3, 2022, Magistrate Judge Lois Bloom issued a Report and Recommendation ("R&R"), which recommends denying Plaintiff's motion to amend its complaint and awarding Defendants $15,591.67 in attorney's fees and $36 in costs, as a sanction for Plaintiff's counsel's discovery violations.

      Magistrate Judge Bloom's R&R stated that failure to object within fourteen days of the date of the R&R waives the right to appeal. Plaintiff timely objected to

1

the R&R's recommendations. These objections trigger the Court's *de novo* review. *See* 28 U.S.C. § 636(b)(1). For the following reasons, the Court overrules Plaintiff's objections and adopts the R&R.

## I.

This Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A judge of the court shall make a de novo determination of those portions of the report . . . to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). With respect to discovery and other non-dispositive matters, magistrate judges have "broad discretion," *Com-Tech Assocs. v. Computer Assocs. Int'l*, 753 F. Supp. 1078, 1099 (E.D.N.Y. 1990), and a party seeking to overturn a magistrate judge's ruling bears a "heavy burden." *McGrath v. Nassau County Health Care Corp.*, 204 F.R.D. 240, 242 (E.D.N.Y. 2001).

Because neither Plaintiff nor Defendants challenge the Magistrate Judge's recitation of the facts, and the Court finds no clear error in that recitation, the Court incorporates the "Background and Procedural History" section of the Magistrate Judge's R&R into this Order. *See* ECF No. 131 at 2-6; *see also J.E. ex. rel. Edwards v. Ctr. Moriches Union Free Sch. Dist.*, 898 F. Supp. 2d 516, 525 (E.D.N.Y. 2012)

(the Court "may. . . review for clear error. . . those portions of a report and recommendation to which no specific objections are addressed").

## II.

For the following reasons, the Court overrules Plaintiff's objections and adopts Magistrate Judge Bloom's recommendations.

### a. Plaintiff's Objections

Plaintiff wishes to amend his complaint to include a new claim based on Defendants' production of payroll checks and financial records in January and July 2020. Section 191 of New York Labor Law requires that manual laborers be paid within 7 days after the end of the work week. Plaintiff asserts that the availability of this claim was unknown to him until a 2019 New York appeals court case and after the financial documents were produced. Plaintiff argues there was not an inordinate delay in filing the motion because the motion to amend was filed on October 8, 2021, and discovery was stayed from October 29, 2020 to September 15, 2021. Plaintiff believes there will be no significant delay in discovery and Defendants will not be prejudiced.

Plaintiff also seeks to have the sanctions further reduced. In support, Plaintiff argues that Defendants have not established their entitlement to the award because they have not produced reliable timekeeping records. On that basis, Plaintiff believes

3

long periods of time spent on a task or entries lacking explanations should be completely rejected or, at least, reduced by more than one-third.

### b. Defendants' Arguments

Defendants argue that Plaintiff's objections are frivolous and procedurally improper. Plaintiff simply rehashed old arguments and failed to object to specific portions of the R&R; and the objections to the R&R did not comply with Local Rules. Defendants also argue that Plaintiff's arguments fail on the merits.

### III.

### a. Plaintiff's Motion to Amend is Denied

Rule 15(a)(2) requires the Court to "freely give leave when justice so requires." Leave may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing part." Ordinarily, delay alone is not a sufficient reason to deny a motion to amend. *Kalyna v. City of New York*, No. 16-CV-273(AMD)(CLP), 2018 WL 1342488, at *7 (E.D.N.Y. Feb. 28, 2018). However, a district court has discretion to deny a motion to amend "made after an inordinate delay, [when] no satisfactory explanation is offered for the delay, and the amendment would prejudice other parties, or where the belated motion would unduly delay the course of proceeding by, for example, introducing new issues for discovery." *Id.*

In his objections, Plaintiff has simply restated the facts presented in his motion to amend and has offered no new legal arguments to persuade this Court to reject Magistrate Judge Bloom's recommendations.

After reviewing the fully-briefed motion to amend, the Court agrees with Magistrate Judge Bloom's factual and legal analysis. Given the circumstances of this case, the motion to amend is yet another delay prolonging this matter yet again. Plaintiff alleges that he had no idea of the availability and viability of the new claim until 2020, but that is not persuasive. First, that argument contradicts Plaintiff's motion to amend which cites to a case from 1945, regarding a similar provision in the federal Fair Labor Standards Act. ECF 119-2 at 7-8. Second, the statute on its face provides for such a claim. *See* New York Labor Law §§ 191(1), 198(1-a) (which provides remedies for "any action instituted in the courts upon a wage claim by an employee" as well as by the commissioner). Further, the record, including the July 2021 R&R, which Plaintiff does not dispute, shows that Plaintiff's counsel has acted to delay this matter on several occasions.

This Court defers to the Magistrate Judge's judgment of Plaintiff's counsel's conduct throughout the litigation. And there is no reason to believe that granting this motion to amend would not require further discovery or depositions by the parties. Therefore, the Court adopts the R&R as it relates to the motion to amend.

### b. Plaintiff's Motion to Reduce Sanctions Is Denied

The Court has broad discretion to fashion an appropriate discovery sanction. *Fossil Indus., Inc. v. Onyx Specialty Papers, Inc.*, 302 F.R.D. 288, 293 (E.D.N.Y. 2014) (citing *Creative Resources Group of New Jersey v. Creative Resources Group, Inc.*, 212 F.R.D. 94, 102 (E.D.N.Y. 2002)). Magistrate Judge Bloom awarded "the fees charged by Defendants' counsel in their effort to obtain the requested discovery, including the preparation and service of deficiency letters, attending discovery related conferences, and the filing of the [sanctions] motion." ECF No. 109 (citing *Juanjun Chen v. 2425 Broadway Chao Rest., LLC*, 331 F.R.D. 568, 574-75 (S.D.N.Y. 2019)).

In its objections, Plaintiff repeated arguments from its initial motion to reduce attorney's fees, which the Magistrate Judge considered in her reduction of the fee award. Based on those arguments, she reduced the Defendants' award by one-third.

The Court sees no reason to adjust this calculation. Fees were awarded because of Plaintiff's counsel's conduct. The Magistrate Judge may determine the appropriate reduction both to adjust for the inflation of hours and to make effective the sanctions imposed upon Plaintiff's counsel. Reducing the fees any further would not serve that purpose.

Therefore, the Court adopts the Magistrate Judge's recommendation for Plaintiff's counsel to pay $15,591.67 for its discovery violation.

## CONCLUSION

Plaintiff's objections to the Magistrate Judge's Report and Recommendation are **OVERRRULED**, and the Report and Recommendation is **ADOPTED.** Plaintiff's counsel shall pay Defendants within 30 days of this Order and file proof of payment on the docket.

**SO ORDERED.**

                                                     /S/ Frederic Block
                                                     FREDERIC BLOCK
                                                     Senior United States District Judge

Brooklyn, New York
June 15, 2022